No. 23-6775

# In the

# United States Court of Appeals

## for the Fourth Circuit

Eric Rich
*Plaintiff–Appellant*,

v.

Daniel Hersl
*Defendant–Appellee.*

On Appeal from the United States District Court
for the District of Maryland
Baltimore Division

# Joint Appendix
## (Volume 1 of 2)

Christopher S. Edwards
Ward and Smith, P.A.
P.O. Box 7068
Wilmington, NC 28406-7068
910-794-4800
csedwards@wardandsmith.com

James A. H. Corley
Michael P. Redmond
Baltimore City Law Department
100 N. Holliday Street, Suite 101
Baltimore, MD 21212
410-396-3297
jim.corley@baltimorecity.gov.
michael.redmond@baltimorecity.gov

*Counsel for Plaintiff–Appellant*

*Counsel for Defendant–Appellee*

# Table of Contents

**Volume One:**

District Court Docket Sheet .......................................................................................JA1

Amended Complaint (D.E. 17) ................................................................................JA11

Answer to Amended Complaint (D.E. 41)..............................................................JA48

Motion for Judgment on the Pleadings (D.E. 68) ..................................................JA71

Memorandum Opinion (D.E. 77)............................................................................JA73

Order on Motion for Judgment on the Pleadings (D.E. 78) ..................................JA89

Motion for Summary Judgment (D.E. 92) .............................................................JA90

    Exhibit 1: Memorandum in Support (D.E. 92-1) ........................................JA93

    Exhibit 2: Affidavit of Calvin Moss (D.E. 92-2) ........................................JA102

    Exhibit 3 Plaintiff's Answers to Interrogatories (D.E. 92-3)....................JA106

    Exhibit 4: Verification for Interrogatories (D.E. 92-4) ..............................JA114

Reply in Support of Motion for Summary Judgment (D.E. 101) ........................JA120

    Exhibit 1: Excerpts from Deposition of Eric Rich (D.E. 101-1) ................JA127

Memorandum Opinion (D.E. 107).......................................................................JA129

Order on Motion for Summary Judgment (D.E. 108).........................................JA142

Notice of Appeal (D.E. 110) ...............................................................................JA143

**Volume Two (Sealed):**

Response in Opposition to Motion for Summary Judgment (D.E. 96) ...............JA144

Memorandum in Support of Response in Opposition (D.E. 96-1)......................JA146

    Exhibit A: Excerpts from Deposition of Daniel Hersl (D.E. 96-2) ...........JA152

Exhibit B: Excerpts from Deposition of Eric Rich (D.E. 96-3) ...............JA157

Exhibit C: Maryland Judiciary Case Search (D.E. 96-4) .......................JA161

Exhibit D: Internal Investigation Division File 2007-1674 (D.E. 96-5) ..JA163

Exhibit E: Maryland Judiciary Case Search (D.E. 96-6) .......................JA172

# U.S. District Court
## District of Maryland (Baltimore)
## CIVIL DOCKET FOR CASE #: 1:20–cv–00488–ADC

Rich v. Hersl
Assigned to: Magistrate Judge A. David Copperthite
Demand: $9,999,000
Case in other court:  USCA, 23–06775
Cause: 42:1983 Civil Rights Act – Civil Action for Deprivation of Rights

Date Filed: 02/24/2020
Date Terminated: 07/20/2023
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Eric Rich**                                   represented by   **Eric Rich**
401 E. Madison Street
Baltimore, MD 21202
PRO SE

**Hannah M Ernstberger**
Saller, Lord, Ernstberger & Insley
12 S. Calvert St., 2nd Floor
Baltimore, MD 21202
4107837945
Fax: 4438692683
Email: hernstberger@sallerlaw.com
*TERMINATED: 07/20/2023*
*LEAD ATTORNEY*

**Joshua Leland Insley**
Saller, Lord, Ernstberger, & Insley
12 S. Calvert Street, 2nd Floor
2nd Floor
Baltimore, MD 21202
410–986–4958
Email: jinsley@sallerlaw.com
*TERMINATED: 07/20/2023*
*LEAD ATTORNEY*

V.

**Defendant**

**Officer Daniel Hersl**                        represented by   **Walter Timothy Sutton**
*Individually and as a police officer for*                       Law Office of James E. Crawford, Jr.
*Baltimore City Police Dept.*                                    999 Corporate Blvd. Ste. 100
Ste. 100
Linthicum Heights, MD 21090
443–709–9999
Email: tim@jamescrawfordlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Officer Calvin Moss**
*Individually and as a police officer for*
*Baltimore City Police Dept.*
*TERMINATED: 06/25/2020*

**Defendant**

**Baltimore Police Dept.**                      represented by   **James Arba Henry Corley**
*TERMINATED: 03/07/2022*                                          Baltimore City Department of Law
100 N Holliday St. Ste. 101

JA1

Baltimore, MD 21202
4102748614
Fax: 4103962126
Email: jim.corley@baltimorecity.gov
*ATTORNEY TO BE NOTICED*

**Kara K Lynch**
Baltimore City Law Department
100 N Holliday St Room 101
Baltimore, MD 21202
14103962496
Email: Kara.Lynch@baltimorepolice.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**Major Nathan Warfield**
*Individually and as a Major for Baltimore City Police Dept.*
*TERMINATED: 03/07/2022*

represented by **Kara K Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Comm. Frederick Bealefeld**
*Individually and Dep. Police Commissioner for Baltimore City Police Dept.*
*TERMINATED: 03/07/2022*

represented by **Kara K Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Keith Tiedemann**
*TERMINATED: 03/07/2022*

represented by **James Arba Henry Corley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nathan Warfield**
*TERMINATED: 03/07/2022*

represented by **James Arba Henry Corley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Grayling Williams**
*TERMINATED: 03/07/2022*

represented by **James Arba Henry Corley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rodney Hill**
*TERMINATED: 03/07/2022*

represented by **James Arba Henry Corley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ian Dombroski**
*TERMINATED: 03/07/2022*

represented by **James Arba Henry Corley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stephanie Lansey–Delgado**
*TERMINATED: 03/07/2022*

represented by **James Arba Henry Corley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

represented by

| | |
|---|---|
| **Leonard Hamm**<br>*TERMINATED: 03/07/2022* | **James Arba Henry Corley**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Frederick H. Bealefeld, III**<br>*TERMINATED: 03/07/2022* | represented by | **James Arba Henry Corley**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Anthony Batts**<br>*TERMINATED: 03/07/2022* | represented by | **James Arba Henry Corley**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Kevin Davis**<br>*TERMINATED: 03/07/2022* | represented by | **James Arba Henry Corley**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Darryl Desousa**<br>*TERMINATED: 03/07/2022* | represented by | **James Arba Henry Corley**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Gary Tuggle**<br>*TERMINATED: 03/07/2022* | represented by | **James Arba Henry Corley**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Michael Harrison**<br>*TERMINATED: 03/07/2022* | represented by | **James Arba Henry Corley**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/24/2020 | 1 | COMPLAINT against All Defendants ( Filing fee $ 400 receipt number 0416–8531923.), filed by Eric Rich. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Summons Bealefed, # 11 Summons BPD, # 12 Summons Hersl, # 13 Summons Moss, # 14 Summons Warfield)(Ernstberger, Hannah) (Entered: 02/24/2020) |
| 02/25/2020 | 2 | Summons Issued 21 days as to Baltimore Police Dept., Frederick Bealefeld, Daniel Hersl, Calvin Moss, Nathan Warfield. (ols, Deputy Clerk) (Entered: 02/25/2020) |
| 03/09/2020 | 3 | REQUEST FOR WAIVER of Service sent to Baltimore City Police Department on 03/09/2020 by Eric Rich. Waiver of Service due by 5/11/2020.(Ernstberger, Hannah) (Entered: 03/09/2020) |
| 03/20/2020 | 4 | SUMMONS Returned Executed by Eric Rich. Calvin Moss served on 3/9/2020, answer due 3/30/2020.(Ernstberger, Hannah) (Entered: 03/20/2020) |
| 03/20/2020 | 5 | SUMMONS Returned Executed by Eric Rich. Nathan Warfield served on 3/9/2020, answer due 3/30/2020.(Ernstberger, Hannah) (Entered: 03/20/2020) |
| 03/23/2020 | 6 | QC NOTICE re: 4 Summons Returned Executed filed by Eric Rich and 5 Summons Returned Executed filed by Eric Rich.<br>*\*\* Service date on document differs from service date entered in CM/ECF. Please re–file if necessary so that the answer deadline is set accurately.* (dass, Deputy Clerk) (Entered: 03/23/2020) |

| | | |
|---|---|---|
| 03/23/2020 | 7 | SUMMONS Returned Executed by Eric Rich. Calvin Moss served on 3/13/2020, answer due 4/3/2020.(Ernstberger, Hannah) (Entered: 03/23/2020) |
| 03/23/2020 | 8 | SUMMONS Returned Executed by Eric Rich. Nathan Warfield served on 3/14/2020, answer due 4/6/2020.(Ernstberger, Hannah) (Entered: 03/23/2020) |
| 03/24/2020 | 9 | SUMMONS Returned Executed by Eric Rich. Frederick Bealefeld served on 3/21/2020, answer due 4/13/2020.(Ernstberger, Hannah) (Entered: 03/24/2020) |
| 04/24/2020 | 10 | NOTICE of Appearance by Kara K Lynch on behalf of Baltimore Police Dept., Frederick Bealefeld, Nathan Warfield (Lynch, Kara) (Entered: 04/24/2020) |
| 06/25/2020 | 11 | NOTICE by Eric Rich *Voluntary Dismissal of Defendant Calvin Moss* (Ernstberger, Hannah) (Entered: 06/25/2020) |
| 06/25/2020 | 12 | MARGINAL ORDER approving 11 Notice of Voluntary Dismissal filed by Eric Rich. Signed by Judge Ellen L. Hollander on 6/25/2020. (krs, Deputy Clerk) (Entered: 06/25/2020) |
| 07/23/2020 | 13 | ORDER REFERRING CASE to Magistrate Judge Deborah L. Boardman for Settlement. Signed by Judge Ellen L. Hollander on 7/23/2020. (cags, Deputy Clerk) (Entered: 07/23/2020) |
| 08/14/2020 | 14 | ORDER directing the defendants to respond to the suit by 9/4/2020. Signed by Judge Ellen L. Hollander on 8/14/2020. (krs, Deputy Clerk) (Entered: 08/14/2020) |
| 08/27/2020 | 15 | Joint MOTION for Extension of Time to File Answer , MOTION for Extension of Time *to Effect Service* by Baltimore Police Dept., Frederick Bealefeld, Nathan Warfield (Attachments: # 1 Text of Proposed Order)(Lynch, Kara) (Entered: 08/27/2020) |
| 08/27/2020 | 16 | ORDER Granting 15 Motion for Extension of Time to Answer re 1 Complaint. Baltimore Police Dept., Frederick Bealefeld, and Nathan Warfield's answers extended up to and including 11/2/2020; Granting 15 Motion for Extension of Time to Effect Service. Signed by Judge Ellen L. Hollander on 8/27/2020. (hmls, Deputy Clerk) (Entered: 08/27/2020) |
| 09/08/2020 | | Virtual Settlement Conference with parties held on 9/8/2020 before Magistrate Judge Deborah L. Boardman. (krs, Deputy Clerk) (Entered: 09/09/2020) |
| 09/29/2020 | 17 | AMENDED COMPLAINT against Baltimore Police Dept., Frederick Bealefeld, Daniel Hersl, Nathan Warfield, Keith Tiedemann, Nathan Warfield, Grayling Williams, Rodney Hill, Ian Dombroski, Stephanie Lansey–Delgado, Leonard Hamm, Frederick H. Bealefeld, III, Anthony Batts, Kevin Davis, Darryl Desousa, Gary Tuggle, Michael Harrison, filed by Eric Rich. (Attachments: # 1 Attachment Redlined Copy, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Summons Defendant Harrison, # 20 Summons Defendant Tuggle, # 21 Summons Defendant Desousa, # 22 Summons Defendant Davis, # 23 Summons Defendant Batts, # 24 Summons Defendant Hamm, # 25 Summons Defendant Delgado, # 26 Summons Defendant Dombroski, # 27 Summons Defendant Williams, # 28 Summons Defendant Tiederman)(Ernstberger, Hannah) (Entered: 09/29/2020) |
| 10/01/2020 | 18 | NOTICE of Appearance by James Arba Henry Corley on behalf of Baltimore Police Dept., Frederick H. Bealefeld, III, Nathan Warfield (Corley, James) (Entered: 10/01/2020) |
| 10/01/2020 | 19 | Joint MOTION to Seal *Certain Exhibits from Plaintiff's Amended Complaint* by Baltimore Police Dept. (Attachments: # 1 Text of Proposed Order)(Corley, James) (Entered: 10/01/2020) |
| 10/01/2020 | 21 | ORDER granting 19 Motion to Seal Certain Exhibits to Plaintiff's Amended Complaint. Signed by Judge Ellen L. Hollander on 10/1/2020. (krs, Deputy Clerk) (Entered: 10/02/2020) |
| 10/02/2020 | 20 | QC NOTICE: 19 Motion to Seal filed by Baltimore Police Dept. was filed incorrectly. *\*\*Proposed sealed documents need to be filed using the event "Notice of Filing* |

| | | |
|---|---|---|
| | | *Exhibit or Attachment under seal." Upload the first exhibit as the main document and additional exhibits as multiple attachments..* (krs, Deputy Clerk) (Entered: 10/02/2020) |
| 10/20/2020 | 22 | Consent MOTION for Extension of Time to File Response/Reply as to 17 Amended Complaint,,,, by Baltimore Police Dept., Frederick H. Bealefeld, III, Nathan Warfield (Attachments: # 1 Text of Proposed Order)(Corley, James) (Entered: 10/20/2020) |
| 10/21/2020 | 23 | ORDER granting 22 Consent Motion to Extend Time. Signed by Judge Ellen L. Hollander on 10/21/2020. (krs, Deputy Clerk) (Entered: 10/21/2020) |
| 10/22/2020 | 24 | Summons Issued 21 days as to Anthony Batts, Kevin Davis, Darryl Desousa, Ian Dombroski, Leonard Hamm, Michael Harrison, Stephanie Lansey–Delgado, Keith Tiedemann, Gary Tuggle, Grayling Williams.(krs, Deputy Clerk) (Entered: 10/22/2020) |
| 11/04/2020 | 25 | MOTION to Dismiss for Failure to State a Claim by Baltimore Police Dept., Frederick H. Bealefeld, III, Nathan Warfield (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Corley, James) (Entered: 11/04/2020) |
| 11/18/2020 | 26 | RESPONSE in Opposition re 25 MOTION to Dismiss for Failure to State a Claim filed by Eric Rich. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit)(Ernstberger, Hannah) (Entered: 11/18/2020) |
| 12/02/2020 | 27 | REPLY to Response to Motion re 25 MOTION to Dismiss for Failure to State a Claim filed by Baltimore Police Dept., Frederick H. Bealefeld, III, Frederick Bealefeld, Nathan Warfield, Nathan Warfield.(Lynch, Kara) (Entered: 12/02/2020) |
| 12/04/2020 | 28 | [FILED IN ERROR] NOTICE by Eric Rich *re: Waiver of Service of Summons to Defendant Hersl* (Ernstberger, Hannah) Modified on 12/7/2020 (krs, Deputy Clerk). (Entered: 12/04/2020) |
| 12/07/2020 | 29 | QC NOTICE: 28 Notice (Other) filed by Eric Rich was filed incorrectly. ***Incorrect event used. Refile using the event "Request for Waiver of Service". It has been noted as FILED IN ERROR, and the document link has been disabled.* (krs, Deputy Clerk) (Entered: 12/07/2020) |
| 12/08/2020 | 30 | REQUEST FOR WAIVER of Service sent to W. Timothy Sutton, for Defendant Daniel Hersl on 12/01/2020 by Eric Rich. Waiver of Service due by 1/1/2021.(Ernstberger, Hannah) (Entered: 12/08/2020) |
| 12/08/2020 | 31 | SUMMONS Returned Executed by Eric Rich. Anthony Batts served on 11/25/2020, answer due 12/16/2020; Kevin Davis served on 11/25/2020, answer due 12/16/2020; Darryl Desousa served on 11/25/2020, answer due 12/16/2020; Ian Dombroski served on 11/25/2020, answer due 12/16/2020; Leonard Hamm served on 11/25/2020, answer due 12/16/2020; Michael Harrison served on 11/25/2020, answer due 12/16/2020; Stephanie Lansey–Delgado served on 11/25/2020, answer due 12/16/2020; Keith Tiedemann served on 11/25/2020, answer due 12/16/2020; Gary Tuggle served on 11/25/2020, answer due 12/16/2020; Grayling Williams served on 11/25/2020, answer due 12/16/2020.(Ernstberger, Hannah) (Entered: 12/08/2020) |
| 12/14/2020 | 32 | Consent MOTION for Extension of Time to File Response/Reply as to 17 Amended Complaint,,,, by Anthony Batts, Kevin Davis, Darryl Desousa, Ian Dombroski, Leonard Hamm, Michael Harrison, Stephanie Lansey–Delgado, Keith Tiedemann, Gary Tuggle, Grayling Williams. (Attachments: # 1 Text of Proposed Order)(Corley, James) (Entered: 12/14/2020) |
| 12/15/2020 | 33 | NOTICE by Eric Rich re 17 Amended Complaint,,,, *Summons for Defendant Rodney Hill* (Ernstberger, Hannah) (Entered: 12/15/2020) |
| 12/15/2020 | 34 | Summons Issued 21 days as to Rodney Hill.(krs, Deputy Clerk) (Entered: 12/15/2020) |
| 12/15/2020 | 35 | ORDER granting 32 Consent Motion to Extend Time. Signed by Judge Ellen L. Hollander on 12/15/2020. (krs, Deputy Clerk) (Entered: 12/16/2020) |
| 12/16/2020 | 36 | WAIVER OF SERVICE Returned Executed by Eric Rich. Rodney Hill waiver sent on 12/14/2020, answer due 2/12/2021.(Ernstberger, Hannah) (Entered: 12/16/2020) |
| 01/26/2021 | 37 | Consent MOTION for Leave to File *Motion to Dismiss Out of Time* by Anthony Batts, Kevin Davis, Darryl Desousa, Ian Dombroski, Leonard Hamm, Michael Harrison, |

| | | |
|---|---|---|
| | | Rodney Hill, Stephanie Lansey–Delgado, Keith Tiedemann, Gary Tuggle, Grayling Williams (Attachments: # 1 Text of Proposed Order, # 2 Attachment, # 3 Text of Proposed Order)(Corley, James) (Entered: 01/26/2021) |
| 01/26/2021 | 38 | ORDER granting 37 Consent Motion for Leave to File Defendants' Motion to Dismiss Out of Time. Signed by Judge Ellen L. Hollander on 1/26/2021. (krs, Deputy Clerk) (Entered: 01/26/2021) |
| 01/26/2021 | 39 | MOTION to Dismiss Plaintiff's Amended Complaint by Anthony Batts, Kevin Davis, Darryl Desousa, Ian Dombroski, Leonard Hamm, Michael Harrison, Rodney Hill, Stephanie Lansey–Delgado, Keith Tiedemann, Gary Tuggle, Grayling Williams (Attachments: # 1 Text of Proposed Order)(krs, Deputy Clerk) (Entered: 01/26/2021) |
| 01/26/2021 | 40 | RESPONSE in Opposition re 39 MOTION to Dismiss filed by Eric Rich. (Attachments: # 1 Text of Proposed Order)(Ernstberger, Hannah) (Entered: 01/26/2021) |
| 02/02/2021 | 41 | *Defendant's* ANSWER to Complaint by Daniel Hersl.(Sutton, Walter) (Entered: 02/02/2021) |
| 06/24/2021 | 42 | MEMORANDUM OPINION. Signed by Judge Ellen L. Hollander on 6/24/2021. (bmhs, Deputy Clerk) (Entered: 06/24/2021) |
| 06/24/2021 | 43 | ORDER granting in part and denying in part 25 Motion to Dismiss and 39 Supplemental Motion; and directing Defendants to answer the Amended Complaint. Signed by Judge Ellen L. Hollander on 6/24/2021. (bmhs, Deputy Clerk) (Entered: 06/24/2021) |
| 06/25/2021 | | Magistrate Judge Deborah L. Boardman no longer assigned to case. (hmls, Deputy Clerk) (Entered: 06/25/2021) |
| 07/07/2021 | 44 | MOTION to Amend/Correct by Daniel Hersl (Attachments: # 1 Exhibit Exhibit A – to Motion to Amend Answer, # 2 Exhibit Exhibit B – to Motion to Amend Answer, # 3 Exhibit Exhibit C – to Motion to Amend Answer, # 4 Exhibit Exhibit D – to Motion to Amend Answer)(Sutton, Walter) (Entered: 07/07/2021) |
| 07/16/2021 | 45 | ANSWER to 17 Amended Complaint,,,, by Baltimore Police Dept..(Corley, James) (Entered: 07/16/2021) |
| 07/16/2021 | 46 | ANSWER to 17 Amended Complaint,,,, by Anthony Batts, Frederick H. Bealefeld, III, Kevin Davis, Darryl Desousa, Ian Dombroski, Leonard Hamm, Michael Harrison, Rodney Hill, Stephanie Lansey–Delgado, Keith Tiedemann, Gary Tuggle, Nathan Warfield, Grayling Williams.(Corley, James) (Entered: 07/16/2021) |
| 07/20/2021 | 47 | RESPONSE in Opposition re 44 MOTION to Amend/Correct filed by Eric Rich. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Text of Proposed Order)(Ernstberger, Hannah) (Entered: 07/20/2021) |
| 07/21/2021 | 48 | MEMORANDUM to Counsel. Signed by Judge Ellen L. Hollander on 7/21/2021. (bas, Deputy Clerk) (Entered: 07/21/2021) |
| 08/12/2021 | | Telephone Status Conference held on 8/12/2021 before Judge Ellen L. Hollander. (dass, Deputy Clerk) (Entered: 08/13/2021) |
| 08/13/2021 | 49 | SCHEDULING ORDER: Status Report due by 2/14/2022. Signed by Judge Ellen L. Hollander on 8/13/2021. (dass, Deputy Clerk) (Entered: 08/13/2021) |
| 08/13/2021 | 50 | ORDER REFERRING CASE to Magistrate Judge A. David Copperthite for All Further Proceedings. Signed by Judge Ellen L. Hollander on 8/13/2021. (hmls, Deputy Clerk) (Entered: 08/13/2021) |
| 08/13/2021 | 51 | ORDER Directing Parties to Submit Magistrate Judge Consent Form(s) re 50 Order Referring Case to Magistrate Judge. Signed by Judge Ellen L. Hollander on 8/13/2021. (hmls, Deputy Clerk) (Entered: 08/13/2021) |
| 08/16/2021 | 52 | Consent to Magistrate Judge (Ernstberger, Hannah) (Entered: 08/16/2021) |
| 08/16/2021 | 53 | ORDER re: Due date for consent. Signed by Magistrate Judge A. David Copperthite on 8/16/2021. (Attachments: # 1 Standing Order Concerning Discovery)(kw2s, Deputy |

| | | |
|---|---|---|
| | | Clerk) (Entered: 08/16/2021) |
| 08/17/2021 | 54 | Consent to Magistrate Judge (Sutton, Walter) (Entered: 08/17/2021) |
| 08/17/2021 | 55 | Consent to Magistrate Judge (Corley, James) (Entered: 08/17/2021) |
| 08/19/2021 | 56 | ORDER denying 44 Motion to Amend Defendant Hersls Answer to the Amended Complaint. Signed by Magistrate Judge A. David Copperthite on 4/18/2021. (dass, Deputy Clerk) (Entered: 08/19/2021) |
| 01/18/2022 | 57 | STIPULATION *of CONFIDENTIALITY ORDER* by Baltimore Police Dept.(Corley, James) (Entered: 01/18/2022) |
| 01/19/2022 | 58 | CONFIDENTIALITY ORDER. Signed by Magistrate Judge A. David Copperthite on 1/19/2022. (kk5s, Deputy Clerk) (Entered: 01/19/2022) |
| 01/19/2022 | 59 | Joint MOTION Modify Scheduling Order by Baltimore Police Dept. (Attachments: # 1 Text of Proposed Order)(Corley, James) (Entered: 01/19/2022) |
| 01/19/2022 | 60 | ORDER granting 59 Parties' Joint Motion to Modify the Scheduling Order and for Referral to United States Magistrate Judge for Settlement Conference. Signed by Magistrate Judge A. David Copperthite on 1/19/2022. (kk5s, Deputy Clerk) (Entered: 01/19/2022) |
| 01/21/2022 | 61 | MOTION for Judgment on the Pleadings by Baltimore Police Dept., Anthony Batts, Frederick H. Bealefeld, III, Kevin Davis, Darryl Desousa, Ian Dombroski, Leonard Hamm, Michael Harrison, Rodney Hill, Stephanie Lansey–Delgado, Keith Tiedemann, Gary Tuggle, Nathan Warfield, Grayling Williams (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Corley, James) (Entered: 01/21/2022) |
| 01/31/2022 | 62 | Consent MOTION for Extension of Time to File Response/Reply as to 61 MOTION for Judgment on the Pleadings by Eric Rich (Attachments: # 1 Text of Proposed Order)(Ernstberger, Hannah) (Entered: 01/31/2022) |
| 02/01/2022 | 63 | ORDER granting 62 Consent Motion to Extend Time. Signed by Magistrate Judge A. David Copperthite on 2/1/2022. (kk5s, Deputy Clerk) (Entered: 02/01/2022) |
| 02/18/2022 | 64 | RESPONSE in Opposition re 61 MOTION for Judgment on the Pleadings filed by Eric Rich. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Ernstberger, Hannah) (Entered: 02/18/2022) |
| 03/04/2022 | 65 | REPLY to Response to Motion re 61 MOTION for Judgment on the Pleadings filed by Baltimore Police Dept., Anthony Batts, Frederick H. Bealefeld, III, Frederick Bealefeld, Kevin Davis, Darryl Desousa, Ian Dombroski, Leonard Hamm, Michael Harrison, Rodney Hill, Stephanie Lansey–Delgado, Keith Tiedemann, Gary Tuggle, Nathan Warfield, Grayling Williams. (Attachments: # 1 Exhibit)(Corley, James) (Entered: 03/04/2022) |
| 03/07/2022 | 66 | MEMORANDUM OPINION. Signed by Magistrate Judge A. David Copperthite on 3/7/2022. (kk5s, Deputy Clerk) (Entered: 03/07/2022) |
| 03/07/2022 | 67 | ORDER granting 61 Motion for Judgment on the Pleadings. Signed by Magistrate Judge A. David Copperthite on 3/7/2022. (kk5s, Deputy Clerk) (Entered: 03/07/2022) |
| 03/14/2022 | 68 | MOTION for Judgment on the Pleadings by Daniel Hersl (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(kk5s, Deputy Clerk) (Entered: 03/15/2022) |
| 03/24/2022 | 69 | MOTION for Extension of Time to File Response/Reply as to 68 MOTION for Judgment on the Pleadings by Eric Rich (Attachments: # 1 Text of Proposed Order)(Ernstberger, Hannah) (Entered: 03/24/2022) |
| 03/24/2022 | 70 | ORDER granting 69 Consent Motion to Extend Time. Signed by Magistrate Judge A. David Copperthite on 3/24/2022. (kk5s, Deputy Clerk) (Entered: 03/25/2022) |
| 03/28/2022 | 71 | [STRICKEN per 75 Marginal Order] Correspondence received from Eric Rich. (Attachments: # 1 Envelope)(bas, Deputy Clerk) Modified on 4/11/2022 (kk5s, Deputy Clerk). (Entered: 03/28/2022) |

| 03/28/2022 | 72 | [STRICKEN per 75 Marginal Order] Correspondence received from Eric Rich re: Request for Copy Work. (bas, Deputy Clerk) Modified on 4/11/2022 (kk5s, Deputy Clerk). (Entered: 03/28/2022) |
|---|---|---|
| 04/11/2022 | 73 | RESPONSE in Opposition re 68 MOTION for Judgment on the Pleadings filed by Eric Rich. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Ernstberger, Hannah) (Entered: 04/11/2022) |
| 04/11/2022 | 74 | Consent MOTION to Strike 72 Miscellaneous Correspondence, 71 Miscellaneous Correspondence by Eric Rich(Ernstberger, Hannah) (Entered: 04/11/2022) |
| 04/11/2022 | 75 | MARGINAL ORDER approving 74 Motion to Strike, or in the Alternative Seal, Plaintiff's Filings. Signed by Magistrate Judge A. David Copperthite on 4/11/2022. (kk5s, Deputy Clerk) (Entered: 04/11/2022) |
| 04/15/2022 | 76 | REPLY to Response to Motion re 68 MOTION for Judgment on the Pleadings filed by Daniel Hersl.(Sutton, Walter) (Entered: 04/15/2022) |
| 05/05/2022 | 77 | MEMORANDUM OPINION. Signed by Magistrate Judge A. David Copperthite on 5/5/2022. (kb3s, Deputy Clerk) (Entered: 05/05/2022) |
| 05/05/2022 | 78 | ORDER granting in part and denying in part 68 MOTION for Judgment on the Pleadings. Signed by Magistrate Judge A. David Copperthite on 5/5/2022. (kb3s, Deputy Clerk) (Entered: 05/05/2022) |
| 05/20/2022 | 79 | Status Report Submitted *(Joint)* by Eric Rich (Ernstberger, Hannah) (Entered: 05/20/2022) |
| 05/23/2022 | 80 | ORDER granting 79 Parties' joint status report and request to amend the scheduling order deadlines. Signed by Magistrate Judge A. David Copperthite on 5/23/2022. (kk5s, Deputy Clerk) (Entered: 05/23/2022) |
| 07/20/2022 | 81 | Status Report Submitted *(Joint)* by Eric Rich (Ernstberger, Hannah) (Entered: 07/20/2022) |
| 07/21/2022 | 82 | ORDER granting parties' request to amend the scheduling order deadlines. Signed by Magistrate Judge A. David Copperthite on 7/21/2022. (kk5s, Deputy Clerk) (Entered: 07/21/2022) |
| 09/20/2022 | 83 | MOTION to Take Deposition from Daniel Hersl by Eric Rich(Ernstberger, Hannah) (Entered: 09/20/2022) |
| 09/20/2022 | 84 | MARGINAL ORDER approving 83 Plaintiff's Motion for Leave to Depose Incarcerated Defendant. Signed by Magistrate Judge A. David Copperthite on 9/20/2022. (kk5s, Deputy Clerk) (Entered: 09/20/2022) |
| 10/25/2022 | 85 | MOTION to Take Deposition from Eric Rich *Motion for Leave to Depose Incarcerated Plaintiff* by Daniel Hersl(Sutton, Walter) (Entered: 10/25/2022) |
| 10/25/2022 | 86 | MARGINAL ORDER granting 85 Motion to Take Deposition from Eric Rich Motion for Leave to Depose Incarcerated Plaintiff. Signed by Magistrate Judge A. David Copperthite on 10/25/2022. (bas, Deputy Clerk) (Entered: 10/25/2022) |
| 10/25/2022 | 87 | PAPERLESS ORDER. The discovery deadline and date for submission of a status report, October 21, 2022, has passed. To date neither party has filed a status report. Motions are currently due December 9, 2022. Counsel are directed to file a joint status report and a proposed amended scheduling order, if necessary, by Friday, October 28, 2022. Signed by Magistrate Judge A. David Copperthite on 10/25/2022. (Chambers) (Entered: 10/25/2022) |
| 10/25/2022 | 88 | Status Report Submitted by Eric Rich (Attachments: # 1 Exhibit)(Ernstberger, Hannah) (Entered: 10/25/2022) |
| 10/26/2022 | 89 | ORDER re Parties' 88 Joint Status Report; granting request to amend Scheduling Order deadlines set forth. Signed by Magistrate Judge A. David Copperthite on 10/26/2022. (dass, Deputy Clerk) (Entered: 10/26/2022) |
| 10/26/2022 |  | Set/Reset Deadlines: Status Report due 12/30/22 (dass, Deputy Clerk) (Entered: 10/26/2022) |

| | | |
|---|---|---|
| 12/30/2022 | 90 | Status Report Submitted by Eric Rich (Ernstberger, Hannah) (Entered: 12/30/2022) |
| 01/03/2023 | 91 | MARGINAL ORDER Approving 90 Status Report Submitted filed by Eric Rich. Signed by Magistrate Judge A. David Copperthite on 1/3/2023. (kb3s, Deputy Clerk) (Entered: 01/03/2023) |
| 02/06/2023 | 92 | MOTION for Summary Judgment by Daniel Hersl. (Attachments: # 1 Memorandum in Support Memorandum in Support of Motion for Summary Judgment, # 2 Exhibit Affidavit of Calvin Moss, # 3 Exhibit Answers to Interrogatories of Eric Rich, # 4 Exhibit Plaintiff signature for Answers to Interrogatories)(Sutton, Walter) (Entered: 02/06/2023) |
| 02/15/2023 | 93 | Consent MOTION for Extension of Time to File Response/Reply as to 92 MOTION for Summary Judgment by Eric Rich (Attachments: # 1 Text of Proposed Order)(Ernstberger, Hannah) (Entered: 02/15/2023) |
| 02/15/2023 | 94 | ORDER granting 93 Consent Motion to Extend Time. Signed by Magistrate Judge A. David Copperthite on 2/15/2023. (kk5s, Deputy Clerk) (Entered: 02/15/2023) |
| 02/27/2023 | 95 | Interim MOTION to Seal *Plaintiff's Memorandum in Support of Opposition to Motion for Summary Judgment* by Eric Rich (Attachments: # 1 Text of Proposed Order)(Ernstberger, Hannah) (Entered: 02/27/2023) |
| 02/27/2023 | 96 | –SEALED–RESPONSE in Opposition re 92 MOTION for Summary Judgment filed by Eric Rich. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A: Defendant's Deposition, # 3 Exhibit B: Plaintiff's Deposition, # 4 Exhibit C: MJCS Printout, # 5 Exhibit D: Confidential Documents, # 6 Exhibit E: MJCS Printout, # 7 Text of Proposed Order)(Ernstberger, Hannah) (Entered: 02/27/2023) |
| 03/02/2023 | 97 | Sealed Document (Attachments: # 1 Envelope)(kb3s, Deputy Clerk) (Entered: 03/03/2023) |
| 03/10/2023 | 98 | MOTION to Withdraw as Attorney by Eric Rich (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Ernstberger, Hannah) (Entered: 03/10/2023) |
| 03/10/2023 | 99 | MOTION for Extension of Time by Daniel Hersl (Attachments: # 1 Text of Proposed Order Proposed Order)(Sutton, Walter) (Entered: 03/10/2023) |
| 03/13/2023 | 100 | ORDER granting 99 Motion for Extension of Time. Signed by Magistrate Judge A. David Copperthite on 3/13/2023. (kb3s, Deputy Clerk) (Entered: 03/13/2023) |
| 03/17/2023 | 101 | REPLY to Response to Motion re 92 MOTION for Summary Judgment *Reply in Support of Defendant's Motion for Summary Judgment* filed by Daniel Hersl. (Attachments: # 1 Exhibit Exhibit 1)(Sutton, Walter) (Entered: 03/17/2023) |
| 03/23/2023 | 102 | Correspondence received from Eric Rich. (Attachments: # 1 Envelope)(bas, Deputy Clerk) (Entered: 03/24/2023) |
| 04/05/2023 | 103 | RETURNED DOCUMENT ORDER. Signed by Magistrate Judge A. David Copperthite on 4/4/2023. (Attachments: # 1 Returned document)(kb3s, Deputy Clerk) (Entered: 04/05/2023) |
| 04/14/2023 | 104 | Correspondence received from Eric Rich re: Disputing motion to withdrawn counsel. (Attachments: # 1 Attachment, # 2 Envelope)(kb3s, Deputy Clerk) (Entered: 04/17/2023) |
| 07/20/2023 | 105 | ORDER granting 95 Motion to Seal. Signed by Magistrate Judge A. David Copperthite on 7/20/2023. (Copperthite, A.) (Entered: 07/20/2023) |
| 07/20/2023 | 106 | ORDER granting 98 Motion to Withdraw as Attorney. Attorney Hannah M Ernstberger and Joshua Leland Insley terminated. Signed by Magistrate Judge A. David Copperthite on 7/20/2023. (kb3s, Deputy Clerk) (Entered: 07/20/2023) |
| 07/20/2023 | 107 | MEMORANDUM OPINION. Signed by Magistrate Judge A. David Copperthite on 7/20/2023. (kb3s, Deputy Clerk)(c/m 7.20.23) (Entered: 07/20/2023) |
| 07/20/2023 | 108 | ORDER granting 92 Motion for Summary Judgment. Signed by Magistrate Judge A. David Copperthite on 7/20/2023. (kb3s, Deputy Clerk)(c/m 7.20.23) (Entered: 07/20/2023) |

| 07/31/2023 | 110 | NOTICE OF APPEAL as to 108 Order on Motion for Summary Judgment by Eric Rich. (Attachments: # 1 Envelope)(av4s, Deputy Clerk) (Entered: 08/02/2023) |
|---|---|---|
| 08/01/2023 | 109 | RETURN DOCUMENT ORDER. Signed by Magistrate Judge A. David Copperthite on 8/1/2023. (Attachments: # 1 returned document)(kb3s, Deputy Clerk) (Entered: 08/01/2023) |
| 08/02/2023 | 111 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 110 Notice of Appeal. IMPORTANT NOTICE: To access forms which you are required to file with the United States Court of Appeals for the Fourth Circuit please go to http://www.ca4.uscourts.gov and click on Forms & Notices.(av4s, Deputy Clerk) (Entered: 08/02/2023) |
| 08/08/2023 | 112 | USCA Case Number 23−6775 for 110 Notice of Appeal filed by Eric Rich. Case Manager − Naeemah Sims (av4s, Deputy Clerk) (Entered: 08/09/2023) |
| 08/16/2023 | 113 | Return Document ORDER. Signed by Magistrate Judge A. David Copperthite on 8/16/2023. (Attachments: # 1 First Page of Returned Document) (c/m) (hmls, Deputy Clerk) (Entered: 08/16/2023) |
| 08/16/2023 | 114 | Mail Sent to Eric Rich Returned as Undeliverable re 113 Return Document Order. (dass, Deputy Clerk) (Entered: 08/17/2023) |
| 08/17/2023 | | Assembled Electronic Record Transmitted to Fourth Circuit −− Initial(av4s, Deputy Clerk) (Entered: 08/17/2023) |
| 08/25/2023 | 115 | ORDER of USCA "GRANTING" motion to proceed for leave to proceed PLRA as to 110 Notice of Appeal filed by Eric Rich (av4s, Deputy Clerk) (Entered: 08/25/2023) |
| 01/11/2024 | 116 | ORDER of USCA Assigns Joseph Eli Begun to represent Eric Rich on appeal as to 110 Notice of Appeal filed by Eric Rich. (slss, Deputy Clerk) (Entered: 01/11/2024) |
| 02/12/2024 | | Filing fee: $ 10.65, receipt number 7577 (ar6s, Deputy Clerk) (Entered: 02/12/2024) |
| 02/14/2024 | | Filing fee: $ 26.00, receipt number 7624 (ar6s, Deputy Clerk) (Entered: 02/14/2024) |
| 05/10/2024 | 117 | ORDER of USCA GRANTING Joseph Beguns motion to withdraw from furtherrepresentation on appeal, assigning Christopher Edwards to represent Eric Rich as to 110 Notice of Appeal filed by Eric Rich (av4s, Deputy Clerk) (Entered: 05/10/2024) |

ERIC RICH                                    *        IN THE
401 E. Madison Street
Baltimore, Maryland 21202                    *        UNITED STATES

    Plaintiff                            *        DISTRICT COURT
v.
                                             *        FOR THE DISTRICT
OFFICER DANIEL HERSL
1900 W. Sunshine Street                      *        OF MARYLAND
Springfield, MO 65807
Individually and as a police officer for     *        Case No.: 1:20-cv-00488
BALTIMORE CITY POLICE DEPT.
                                             *
AND
                                             *
BALTIMORE POLICE DEPT.
S/O: Michael Harrison, Police Commissioner   *
601 E. Fayette Street
Baltimore, Maryland 21202                    *

AND                                          *

FORMER MAJOR KEITH TIEDEMANN                 *
601 E. Fayette Street
Baltimore, Maryland 21202                    *
Individually and as Former Major of Internal
Affairs for BALTIMORE CITY POLICE DEPT.

AND                                          *

FORMER MAJOR NATHAN WARFIELD                 *
601 E. Fayette Street
Baltimore, Maryland 21202                    *
Individually and as Former Major of Internal
Affairs for BALTIMORE CITY POLICE DEPT.

AND                                          *

FORMER CHIEF GRAYLING WILLIAMS               *
601 E. Fayette Street
Baltimore, Maryland 21202                    *
Individually and as Former Chief of Internal
Affairs for BALTIMORE CITY POLICE DEPT.

AND                                          *

1

JA11

FORMER CHIEF RODNEY HILL          *
601 E. Fayette Street
Baltimore, Maryland 21202          *
Individually and as Former Chief of Internal
Affairs for BALTIMORE CITY POLICE DEPT.


AND                                *


FORMER MAJOR IAN DOMBROSKI         *
601 E. Fayette Street
Baltimore, Maryland 21202          *
Individually and as Former Major of Internal
Affairs for BALTIMORE CITY POLICE DEPT.


AND                                *


MAJOR STEPHANIE LANSEY-DELGADO*
601 E. Fayette Street
Baltimore, Maryland 21202          *
Individually and as Major of Internal
Affairs for BALTIMORE CITY POLICE DEPT.


AND                                *


FORMER COMM. LEONARD D. HAMM   *
601 E. Fayette Street
Baltimore, Maryland 21202          *
Individually and Former Police Commissioner
for BALTIMORE CITY POLICE DEPT.    *


AND                                *


FORMER COMM. FREDERICK BEALEFELD
601 E. Fayette Street
Baltimore, Maryland 21202          *
Individually and Former Police Commissioner
for BALTIMORE CITY POLICE DEPT.    *


AND                                *


FORMER COMM. ANTHONY W. BATTS  *
601 E. Fayette Street
Baltimore, Maryland 21202          *
Individually and Former Police Commissioner
for BALTIMORE CITY POLICE DEPT.    *

**JA12**

AND                                              *

FORMER COMM. KEVIN DAVIS                          *
601 E. Fayette Street
Baltimore, Maryland 21202                         *
Individually and Former Police Commissioner
for BALTIMORE CITY POLICE DEPT.                   *

AND                                              *

FORMER COMM. DARRYL DESOUSA                       *
601 E. Fayette Street
Baltimore, Maryland 21202                         *
Individually and Former Police Commissioner
for BALTIMORE CITY POLICE DEPT.                   *

AND                                              *

FORMER COMM. GARY TUGGLE                          *
601 E. Fayette Street
Baltimore, Maryland 21202                         *
Individually and Former Police Commissioner
for BALTIMORE CITY POLICE DEPT.                   *

AND                                              *

COMM. MICHAEL S. HARRISON                         *
601 E. Fayette Street
Baltimore, Maryland 21202                         *
Individually and Police Commissioner for
BALTIMORE CITY POLICE DEPT.                       *

        Defendants.                              *

*     *     *     *     *     *     *     *     *     *     *     *     *

## **FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND**

**COMES NOW** Plaintiff Eric Rich (hereinafter "Mr. Rich," "Plaintiff," and "Plaintiff Rich"), by and through his attorneys Joshua L. Insley, Esquire, Hannah M. Ernstberger, Esquire, and the law office of Saller, Lord, Ernstberger & Insley, and complaining of the acts of the Defendants alleges and states as follows:

3

**JA13**

## INTRODUCTION

In this action, Plaintiff Rich seeks compensatory and punitive damages as well as other relief pursuant to 18 U.S.C. §1961, et seq., 42 U.S.C. § 1983, 42 U.S.C. §1985, 42 U.S.C. §1988, the Fourth, and the Fourteenth Amendments to the United States Constitution, for the unconstitutional and unlawful conduct of the Defendants. The actions of the Defendants as detailed herein deprived Plaintiff Rich of his civil rights and constitute egregious, excessive and objectively unreasonable violation of numerous rights under the Fourth and Fourteenth Amendments to the United States Constitution and under the protections of 18 U.S.C. §1962. Numerous Defendants participated in Plaintiff Rich being stopped, beaten and arrested for allegedly possessing a firearm, evidence that was actually fabricated by Defendant Hersl in an attempt to justify his illegal actions. The remaining Defendants were aware of the custom of violating citizens' civil rights and condoned such actions, or otherwise failed to adequately train and supervise. In this instance of carrying out the custom, Plaintiff Rich had his civil rights violated when he was illegally stopped, searched, arrested and prosecuted for crimes which he did not commit, but instead were fabricated by Defendant Hersl. Further, all Defendants participated in an enterprise – Baltimore City Police Department – through a pattern of racketeering activities, in violation of U.S.C. 1962(c), including, but not limited to, extortion, obstruction of justice, witness tampering and witness intimidation.

## PARTIES

1.     Plaintiff, Eric Rich, is a 37-year-old, African American resident and citizen of the United States.

2.     Defendant Officer Daniel Hersl (hereinafter "Officer Hersl," or "Defendant Hersl") was, at all times relevant hereto, employed by Defendant Baltimore City Police Department as an officer of the Gun Trace Task Force and acting in the course and scope of his official duties as a

**JA14**

Baltimore City Police Officer. Defendant Hersl was on duty and participated in the stop and apprehension of Plaintiff Rich. Defendant Hersl is sued in his individual and official capacity under 42 U.S.C. § 1983, 42 U.S.C. §1985, 42 U.S.C. § 1988, the Fourth, and Fourteenth Amendments to the United States Constitution, and 18 U.S.C. §1961, et seq.

3.       Defendant Baltimore City Police Department (hereinafter "BPD") is an agency of the State of Maryland. The BPD is responsible for providing police and law enforcement services for the City of Baltimore and for investigating crimes that occur within the City. The BPD has its principal offices at 242 West 29th Street, Baltimore, Maryland 21211-2908. Upon information and belief, the BPD reposed decision-making authority regarding police officer training and supervision. The BPD is a local agency for the purposes of the Local Government Tort Claims Act.

4.       Though it has long been noted by the courts that Defendant BPD is customarily a state agency rather than an agency of a county or municipality, and therefore enjoys the protection of sovereign immunity, this Court has determined that Defendant BPD is a suable entity under 42 U.S.C. § 1983. *Hector v. Weglein*, 558 F. Supp. 194, 197-99 (D. Md. 1982), s*ee also Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 547-48 (D. Md. 2003). The Court ruled Defendant BPD is "so connected with the government of Baltimore City to such an extent as to prevent the Police Department from asserting an Eleventh Amendment immunity." *Chin* at 548.

5.       Regarding Plaintiff's state claims, Defendant BPD is sued pursuant to 42 U.S. § 1983, § 1985, and § 1988, as individual Defendants were acting under color of state law and subjected Plaintiff to deprivation of his civil rights under the United States Constitution.

6.       Prior to October 2, 2007, Defendant BPD had actual or constructive knowledge that Defendant Hersl, and other police officers of Defendant BPD were engaged in conduct that posed pervasive and unreasonable risk of constitutional injury to residents and citizens within the jurisdiction of the City of Baltimore but failed to take appropriate and adequate remedial action against these

police officers to prevent the injuries suffered by the Plaintiff. Defendant BPD implemented a policy and custom of condonation or deliberate indifference toward civil rights violations by its officers, had a custom or policy of failing to train its officers adequately, and failed to adequately supervise Defendant Hersl.

7.      Defendant BPD's directives and failure to take remedial actions against the pervasive and unreasonable misconducts of these police officers was a proximate cause of Plaintiff's injuries.

8.      Defendant Major Keith Tiedemann (hereinafter "Major Tiedemann" and "Defendant Tiedemann") is an adult male and, at all times relevant hereto, was employed by Defendant BPD as a Major in Defendant BPD's Internal Affairs Division. Defendant Tiedemann is sued in his individual and professional capacity under 18 U.S.C. §1961, et seq. and 42 U.S. § 1983, § 1985, and § 1988.

9.      Defendants Major Nathan Warfield (hereinafter "Defendant Warfield"), Chief Grayling Williams (hereinafter "Defendant Williams"), Chief Rodney Hill (hereinafter "Defendant Hill"), and Major Ian Dombroski (hereinafter "Defendant Dombroski"), are an adult males and, were successors to Defendant Tiederman, employed by Defendant BPD as the leader of Defendant BPD's Internal Affairs Division. Defendants Warfield, Williams, Hill, and Dombroski are sued in their individual and professional capacity under 18 U.S.C. §1961, et seq. and 42 U.S. § 1983, § 1985, and § 1988.

10.     Defendant Major Stephanie Lansey-Delgado (hereinafter "Defendant Lansey-Delgado) is an adult female and, is presently employed by Defendant BPD as a Major in Defendant BPD's Internal Affairs Division. Defendant Lansey-Delgado is sued in her individual and professional capacity under 18 U.S.C. §1961, et seq. and 42 U.S. § 1983, § 1985, and § 1988.

11.     Defendants Tiederman, Warfield, Williams, Hill, Dombroski, and Lansey-Delgado are, hereinafter, referred to collectively as "IA Defendants."

12.      IA Defendants, through their official capacity as a Major or Chief in Defendant BPD's Internal Affairs Division, implemented a policy or custom of condonation or deliberate indifference to the use of excessive force and fabrication of evidence by Defendant BPD officers and had a custom or policy of failing to investigate and discipline Defendant BPD officers adequately.

13.      IA Defendants, in their personal and official capacity, failed to adequately investigate and discipline Defendants Hersl and other police officers of Defendant BPD.

14.      IA Defendants' supervisory acts and failures to act are attributable as Defendant BPD's direct acts and failures to act. Because IA Defendants were Majors or Chiefs in Defendant BPD's Internal Affairs Division, their acts or failures to act reflect official policy and practice for Defendant BPD or the failure to correctly implement the same.

15.      Defendant Former Police Commissioner Frederick Bealefeld (hereinafter "Defendant Bealefeld") is an adult male and, at all times relevant hereto, was employed by Defendant BPD as Police Commissioner. Defendant Bealefeld is sued in his individual and official capacity under 18 U.S.C. §1961, et seq. and 42 U.S. § 1983, § 1985, and § 1988.

16.      Defendant Former Police Commissioner Leonard Hamm (hereinafter "Defendant Hamm") is an adult male and, at all times relevant hereto, was the predecessor to Defendant Bealefeld, employed by Defendant BPD as Police Commissioner. Defendant Hamm is sued in his individual and official capacity under 18 U.S.C. §1961, et seq. and 42 U.S. § 1983, § 1985, and § 1988.

17.      Defendants Former Police Commissioner Anthony Batts (hereinafter "Defendant Batts"), Kevin Davis (hereinafter "Defendant Davis"), Darryl DeSousa (hereinafter "Defendant DeSousa"), and Gary Tuggle (hereinafter "Defendant Tuggle") are adult males and, were successors to Defendant Bealefeld, employed by Defendant BPD as Police Commissioner. Defendants Batts, Davis, DeSousa, and Tuggle are sued in his individual and official capacity under 18 U.S.C. §1961, et seq. and 42 U.S. § 1983, § 1985, and § 1988.

**JA17**

18.     Defendant Police Commissioner Michael S. Harrison (hereinafter "Defendant Harrison") is an adult male and is presently employed by Defendant BPD as Police Commissioner. Defendant Harrison is sued in his individual and official capacity under 18 U.S.C. §1961, et seq. and 42 U.S. § 1983, § 1985, and § 1988.

19.     Defendants Bealefeld, Hamm, Batts, Davis, DeSousa, Tuggle, and Harrison are, hereinafter, referred to as "Commissioner Defendants."

20.     Commissioner Defendants, through their official capacity as Police Commissioner of Defendant BPD, implemented a policy or custom of condonation or deliberate indifference toward civil rights violations by Defendant BPD officers and had a custom or policy of failing to train Defendant BPD officers adequately.

21.     Commissioner Defendants, in their personal and official capacity, failed to adequately supervise Defendants Hersl and other police officers of Defendant BPD.

22.     Commissioner Defendants' supervisory acts and failures to act were the direct acts are attributable as Defendant BPD's direct acts and failures to act. Because Commissioner Defendants were the Police Commissioners, their acts or failures to act reflected official policy and practice for Defendant BPD or the failure to correctly implement the same.

23.     At all times the actions and practices of the Defendants named herein and those acting at their direction, were performed under the color of state law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution.

<u>**JURISDICTION AND VENUE**</u>

24.     The above and all other allegations herein are incorporated by reference as if fully set forth.

25.     This case presents an actual case and controversy arising under the Fourth and Fourteenth Amendments to the United States Constitution and asserts claims for relief 42 U.S. § 1983, § 1985, and § 1988, as well as claims under 18 U.S.C. §1961, et seq.

26.     Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and § 1343, as well as 42 U.S. § 1983, § 1985, and § 1988.

27.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) inasmuch as Plaintiff's causes of action arose in the District of Maryland, and at all times relevant to this action all the Defendants were found in this District.

## **FACTUAL ALLEGATIONS**

28.     The above and all other allegations herein are incorporated by reference as if fully set forth.

29.     At all times during the course of these events, Defendant BPD, IA Defendants and Commissioner Defendants had advance notice that members of BPD engaged in illegal acts while in the course of their employment. This notice included, but was not limited to, the BPD officers planting evidence, stealing of money from citizens, and using excessive force.

30.     Defendant BPD has failed to adequately train and supervise Defendant BPD's officers in proper arrest, search and seizure, use of police powers, and use of force.

31.     Failures to investigate police misconduct and/or to discipline police found culpable for misconduct, inadequate investigations and/or inadequate discipline imposed for police misconduct, and/or a failure to investigate and/or to discipline the BPD police for alleged misconduct, all make Defendants liable for the police misconduct in this case.

32.     Each of these factual allegations are supported by the incidents detailed below and the complaint set forth herein.

**Gary Brown Incident**

33.     On June 8, 2009, at the intersection of West Lafayette Street and North Eutaw Street in Baltimore, Maryland, Officers Jamel Rayam and Jason Giordano of Defendant BPD were on patrol in plain clothes as part of the Northern District Drug Unit.

34.     The two officers see another officer they believed to be Office Michael Sylvester engaged in a traffic stop in plain clothes.  Officers Rayam and Giordano verify Officer Sylvester's identity and assist in the stop.

35.     The driver, Mr. Gary Brown, and his passenger were removed and handcuffed.

36.     In the course of the stop, over $11,000 in cash was stolen from the vehicle. The money was traced to the legitimate refinance of a house with a "cash out" of equity.

37.     On June 11, 2009, Gary Brown made a formal complaint for the theft. Mr. Brown detailed that all three officers discussed the money with him and threatened him with unlawful police actions, i.e. executing fraudulent search warrants on his house.

38.     On August 27, 2009, complainant Gary Brown took and passed a polygraph examination regarding his interaction with the officers on June 8, 2009, including the stolen money.

39.     On that same day Officer Sylvester cashed a "negotiable instrument" at M&T Bank in the amount of $10,842.00.  The same day he deposited $6,000.00, all in $100 bills, into an account at Destinations Federal Credit Union.

40.     On September 8, 2009, a copy of the case file was given to Assistant State's Attorney Doug Ludwig of Baltimore City State's Attorney's Office's Police Integrity Unit. Included were the polygraph results.

41.     Despite the fact that the investigation by Defendant BPD was still ongoing and the officers were not yet cleared of any wrongdoing, on June 14, 2010, Baltimore City State's

Attorney's Office's Doug Ludwig sent a letter to Internal Affairs stating Baltimore City State's Attorney's Office would not be pursuing charges against the officers involved in the theft.

42.     On July 14, 2010, Officers Rayam and Giordano were ordered to take a polygraph test. The test showed a greater than 99% chance that they were being deceptive about the on-duty armed robbery of Mr. Gary Brown. (Exhibit 1).

43.     Despite the polygraph failures, Officers Rayam and Giordano were permitted to continue policing the streets of Baltimore.

**Gary Clayton Case**

44.     On May 4, 2015, Baltimore City State's Attorney's Office filed an indictment in case number 115124016 against Gary Clayton.  The case was brought by the Gun Trace Task Force.

45.     On November 12, 2015, Mr. Clayton's counsel. Ms. Staci L. Pipkin, filed a Motion for Franks Hearing, challenging the veracity of the affidavit in support of a search warrant that was applied for, and subsequently issued to the Gun Trace Task Force. (Exhibit 2)

46.     The attached affidavit in support of the Motion for Franks Hearing alleged that Officer Jenkins needlessly pulled his gun and put it in Kimberly Demory's face when she asked Officer Jenkins for credentials and subsequently denied her the asthma inhaler when she began having an attack from the stress of the encounter.  In addition, Ms. Demory contended that one of the members was wearing an ATF shirt, impersonating a Federal Agent.

47.     The Franks Hearing occurred on November 12, 2015, in front of the Honorable Barry G. Williams. The Office of the State's Attorney for Baltimore City was represented by Assistant State's Attorney Kent Grasso.  Judge Williams found Officer Jemel Rayam's testimony to be not credible in relation to numerous factual allegations he made. Judge Williams granted

Ms. Pipkin's Motion and the warrant was deemed invalid based on numerous factual misrepresentations by Gun Trace Task Force member Officer Jemel Rayam.

48.     Baltimore City State's Attorney's Office entered Nolle Prosequi to the indictment on the same day.

49.     On January 12, 2016, Baltimore City State's Attorney's Office's Kent Grasso sent a memo to Stacy Ann Lewellyn, Chief of the Police Integrity Unit of Baltimore City State's Attorney's Office, Cynthia Banks, and MiaBeth Marosy detailing the troubling events of the Franks Hearing. (Exhibit 3)

50.     On January 21, 2016, StacyAnn Llewellyn sent a "Memo of Referral" to Defendant Warfield, the Head of Defendant BPD Internal Affairs Division outlining the concerns the Office had with Gun Trace Task Force member Rayam. (Exhibit 4) The memo states that Baltimore City State's Attorney's Office would be making disclosures to defendants and their counsel about Gun Trace Task Force Member Jemel Rayam in cases "where Jemel Rayam is an essential witness."

51.     Despite the concerns raised by the Baltimore City State's Attorney's Office, Officer Jenkins was permitted to continue policing the streets of Baltimore.

### Rakeem Douglas Case

52.     On November 7, 2016, Baltimore City State's Attorney's Office brought Rakeem Douglas to trial in case number 816281001. The case originated in District Court under Case number 0B02334234. All police involved were members of the Baltimore Police Department, including Jemel Rayam, Maurice Ward, and Wayne Jenkins. Baltimore City State's Attorney's Office dropped Jemel Rayam from their witness list when the case was sent from District Court to Circuit Court for a jury trial.

53. Rakeem Douglas was represented by long term member of the Baltimore City defense bar, Mr. Lawrence Rosenberg.  Mr. Rosenberg remembered the 2009 disclosure that previous State's Attorney's Administrations had disclosed.  When he asked for it in his matter with Mr. Douglas, he was informed that the State did not deem Jemel Rayam as an "essential witness" so they would not be calling him, thus the disclosure was immaterial.

54. Despite this glaring omission made by the Baltimore City State's Attorney's Office, which would have been made known to Baltimore Police Department, Defendant BPD took no corrective actions.

## Kendall English Case

55. On July 24, 2015, Kendell English was charged in the District Court under case number 6B02303755 for illegal firearms possession and related counts.  He was indicted on August 20, 2015, under case number 115230019.

56. On September 26, 2016, Mr. English, by and through counsel, Karyn Merriweather, filed a Motion to Disclose the Confidential Informant cited by the Gun Trace Task Force, in their Application for a Search and Seizure warrant in the case. (Exhibit 5)

57. On October 18, 2016, Baltimore City State's Attorney's Office filed an objection to defense's motion to disclose the CI that Jemel Rayam and the Gun Trace Task Force alleged gave them information used as the basis of the warrant. (Exhibit 6)

58. On December 9, 2016, Judge Lawrence P. Fletcher-Hill denied the defense motion. (Exhibit 7)

59. On September 26, 2016, Defense counsel Karyn Merriweather filed a motion to compel discovery in the form of a request that the Internal Affairs Division file of Gun Trace Task Force Member Jemel Rayam be disclosed. Despite this being eight months after ASA

StaciAnn Llewellyn's memo to Defendant Warfield, Baltimore City State's Attorney's Office not only had not been giving the disclosure to defendants, they were actively fighting them in court.

60.     At the hearing Defense Counsel proffered to the court that another lawyer had received a disclosure about Jemel Rayam that had bearing on his credibility. Due to the non-disclosure agreements defense attorneys are required to sign before they view police personnel records, the attorney could not provide specifics.

61.     Nevertheless, Ms. Merriweather persisted by offering the entire transcript of Jemel Rayam's testimony in the Franks Hearing from Gary Clayton's case.

62.     Baltimore City State's Attorney's Office objected to the disclosure.

63.     The Honorable Jeannie Hong of the Circuit Court for Baltimore City ruled in the State's favor. Stating specifically in her order, "There is no indication that Defendant BPD conducted an Internal Affairs of Officer Rayam concerning his testimony in the case."  Once again this was eight months after ASA StaciAnn Llewellyn sent her memo to Defendant Warfield of the Internal Affairs Division. (Exhibit 4)

64.     Again, Ms. Merriweather persisted and she filed a Motion for a Franks Hearing callenging the veracity of the Gun Trace Task Force, specifically Jemell Rayam, in the affidavit in support of the search warrant used in the case.

65.     Baltimore City State's Attorney's Office objected to the disclosure.

66.     One of the allegations in the subsequent indictment of the Gun Trace Task Force in the United States District Court is that they routinely falsified affidavits for search warrants.

### United States Department of Justice Investigation into Baltimore City Police Department

67.     On or about August 10, 2016, the United States Department of Justice announced in a 163 page report the outcome of the Department's investigation of Defendant BPD. (Exhibit 8)

68.     The Department of Justice concluded that "there is reasonable cause to believe that BPD engages in a pattern or practice of conduct that violates the Constitution or federal law. BPD engages in a pattern or practice of:

a.      Making unconstitutional stops, searches, and arrest;

b.      Using enforcement strategies that produce severe and unjustified disparities in the rates of stops, searches and arrests of African Americans'

c.      Using excessive force; and

d.      Retaliating against people engaging in constitutionally-protected expression." (Exhibit 8, pg. 3)

69.     In regard to discrimination against African Americans, the report specifically found that "racial disparities in BPD's arrests are most pronounced for highly discretionary offenses: African Americans accounted for 91 percent of the 1,800 people charged solely with "failure to obey" or "trespassing"; 89 percent of the 1,350 charges for making a false statement to an officer; and 84 percent of the 6,500 people arrested for "disorderly conduct."" (Exhibit 8, pg. 7)

70.     In regard to BPD's training of its officers, the report specifically found that "BPD's inadequate policies and training contribute to the Department's pattern or practice of constitutional violations." (Exhibit 8, pg. 129).

71. Additionally, in regard BPD's supervision of its officers, the report states "Serious deficiencies in BPD's supervision of its enforcement activities, including through data collection and analysis, contribute to the Department's failure to identify and correct unconstitutional policing." (Exhibit 7, pg. 134). Specifically, "[r]elated to BPD's failure to supervise its officers and collect data on their activities, the Department lacks an adequate early intervention system, or EIS, to identify officers based on patterns in their enforcement activities, complaints, and other criteria." (Exhibit 8, pg. 135).

72. Finally, the report made a number of findings regarding BPD's failure to hold officers accountable for misconduct, noting "BPD relies on deficient accountability systems that fail to curb unconstitutional policing." (Exhibit 8, pg. 139).

73. Specifically, the report noted that Defendant BPD "fails to engage in effective community policing," instead it is "overly focused on narcotics enforcement, gun recovery, and 'clearing corners.'" (Exhibit 8, pg. 156)

**Federal Criminal Proceedings Against the Gun Trace Task Force**

74. In March 2017, the United States' Attorney's Office located in Baltimore, Maryland announced its indictment of seven of Defendant BPD's officers, including Defendant Hersl.

75. Subsequently, a number of the officers pleaded guilty and others were found guilty at trial in front of this Court.

76. On or about July 21, 2017, Evodio Hendrix and Maurice Ward pleaded guilty to racketeering conspiracy. Both officers were subsequently sentenced to seven years in prison each.

77. On or about August 30, 2017, Sergeant Thomas Allers, former officer in charge of other indicted BPD members, was arrested on racketeering charges.

78. On or about October 9, 2017, Jemell Rayam plead guilty to a number of charges.

79.     On or about October 11, 2017 Momodu Gondo plead guilty.

80.     On or about December 6, 2017, Thomas Allers pleaded guilty to racketeering conspiracy. Thomas Allers was subsequently sentenced to 15 years in prison.

81.     On or about January 5, 2018, Wayne Jenkins pleaded guilty to racketeering conspiracy, racketeering, robbery, destruction, alteration, of falsification of records in a federal investigation, and deprivation of rights under color of law. Officer Jenkins was subsequently sentenced to 25 years in prison.

82.     On or about February 12, 2018, Marcus Taylor and Defendant Hersl were found guilty on two counts of racketeering conspiracy, racketeering aiding and abetting, racketeering and robbery. Marcus Taylor and Daniel Hersl were each subsequently sentenced to 18 years in prison.

83.     Prior to the March 2017 indictments, Plaintiff, along with the general public, was not aware of the pattern and practice of systemic rights violations being committed by the indicted officers, or their concealment thereof. Plaintiff was also unaware of Defendant BPD's ongoing concealment of such actions and Defendant BPD's continued failure to train, supervise, and discipline.

**BPD's Knowledge of Daniel Hersl's Longstanding Misconduct**

84.     Prior to 2006, Defendant Hersl was involved in a situation in which, while off-duty, he poured a beer on a woman's head and threw a bottle that struck her in the face. The subsequent internal affairs complaint was sustained. Defendant Hersl remained on the force.

85.     In April 2006, the Baltimore Sun published an article titled "Unreturned Warrants Indicate a Bigger Issue." The article discusses two letters sent to Defendant Hamm, one by a local defense attorney and one by the administrative judge of the Baltimore District Court. The

attorney's letter addressed the 29 internal affairs complaints against Defendant Hersl. Defendant Hersl remained on the force.

86.     In March 2008, the Baltimore Sun published an article regarding a dropped case against three East Baltimore men. The article, titled "Drug Case Falls Apart," details how the case was dropped after Defendant Hersl's lengthy Internal Affairs file was disclosed to the jurors. The article then notes one of the involved defense attorneys "sent a letter to police Commissioner Leonard D. Hamm, asking him to audit his officers' personnel files."

87.     In June 2015, the Baltimore Sun published an article concerning a number of lawsuits brought against Baltimore Police Department officers, including Defendant Hersl. The article, titled "Baltimore Police Officers Who were Sued," notes three separate lawsuits brought against Defendant Hersl for his wrongdoing.

     a.   In 2007, Defendant Hersl falsely arrested a woman, for selling drugs when she was, in fact, selling church raffle tickets. The woman spent two days in jail until prosecutors dropped the charges.

     b.   In 2008, Defendant Hersl broke the arm of a young woman while he searched for another individual in a carryout store.

     c.   In 2010, Defendant Hersl violently broke the jaw and nose of man and charged him with possessing drugs.

     d.   Defendant Hersl remained on the force.

**BPD's Mishandling of Internal Affairs Complaints**

88.     In July 2019, the Baltimore Sun published an article titled "76 Baltimore Police Misconduct Case Have Been Allowed to Expire Since 2016." The article details the BPD's failure to timely investigate Internal Affairs complaints. Internal emails depict "a pattern of detectives and their internal affairs supervisors failing to investigate administrative misconduct cases."

89.     BPD's mishandling of Internal Affairs was not limited to Defendant Hersl. BPD engaged in a course of conduct wherein meaningful investigations were not commenced against officers they deemed to be valuable to the Department. Alternatively, if a meaningful investigation was commenced and the allegations were sustained, the BPD failed to properly reprimand the officers, permitting them to remain on the force without appropriate punishment. Such failures include, but are not limited to, the following incidents:

   a.   In 2012, a citizen filed two separate complaints against Officer Evodio Hendrix, complaints numbers 12-0475 and 12-03411, for false arrest and harassment. Though the complainant ultimately declined to pursue the false arrest claim, she pursued the harassment claim. However, the Internal Affairs Department transferred the file to the Western District without investigating and closed the file. (Exhibit 9)

   b.   In May 2012, a citizen filed an Internal Affairs complaint against Officers Maurice Ward and Robert Mitchell, complaint number 2012-0382, for battery and false arrest. Internal Affairs deemed the complaint as "Not Sustained" despite the Civilian Review Board deeming it "Sustained," the BPD having to issue a gag order to a Lieutenant Fried for intimidating a witness, and the City of Baltimore ultimately settling with the complainant for $150,000.00. (Exhibit 10, 11).

   c.   Between February 2012 and April 2016, 19 use of force claims were filed against Officer Marcus Taylor, including two allegations of excessive force and eleven uses or attempted uses of a taser to a fleeing suspect. All claims were approved uses of force, closed, or not sustained. (Exhibit 12).

   d.   On March 26, 2014, Sergeant Wayne Jenkins and Detective Ben Frieman, ran down a citizen, striking him with a police cruiser, for allegedly pointing a gun at

the officers, later allegedly determined to be a BB gun. The complainant maintained that he did not possess a weapon or BB gun. The case, case number 14J-0008, was closed by Internal Affairs in September 2014, despite Detective Frieman contradicting his statement of probable cause in which he stated he saw the complainant with the weapon. (Exhibit 13). Five years later, Officer Keith Gladstone would plead guilty to arriving at the scene to plant the BB gun at Sergeant Jenkins' request.

e.  Also, in March 2014, Baltimore City Assistant State's Attorney Molly Webb contacted the BPD concerning the arrest of citizen. The complaint, case number 20104-0177, alleged that there was a concerning discrepancy between the CCTV of the citizen's arrest and the Statement of Probable Cause, written by Detective Frieman and approved by Sergeant Jenkins. Though the allegations would ultimately be sustained, and the disciplinary board recommended severe punishment for Sergeant Jenkins, Defendant Commissioner Batts reduced his punishment to written counseling. (Exhibit 14, 15).

f.  On August 25, 2015, a citizen filed a complaint, case number 15-02334, in which he complained that Sergeant Wayne Jenkins drove his vehicle directly at him, causing the complainant to stop abruptly and, subsequently, Sergeant Jenkins stood over him in a threatening manner. On September 25th, one month later, the complainant called to state he felt that his complaint was being ignored. Despite having not conducted any meaningful investigation, Sergeant Laverne Ellis of Internal Affairs told the complainant that Sergeant Jenkins' "actions were rectified through verbal counseling." The complainant was allegedly satisfied with this

fabricated punishment, and the case was closed without further investigation or actual discipline. (Exhibit 16).

g.  In November 2015, the Baltimore Police Department was made aware of a whistleblower who attempted to alert them to the fact that Sergeant Wayne Jenkins was robbing citizens, case number 2015-0680. The BPD failed to investigate. (Exhibit 17). Sergeant Jenkins would later plead guilty to, in fact, robbing citizens.

90.  Defendant BPD continues to conceal the nature, cause, and consequences of the ongoing criminal enterprise which included Defendant Hersl and other officers, both known and unknown.

91.  Upon information and belief, a number of individuals and parties have requested the above Internal Affairs information, or similar information, which BPD has unequivocally refused to provide. This refusal has continued to enable the criminal enterprise.

92.  Despite requests dating back to October 2019, Plaintiff's counsel was just recently provided with the cited exhibits, finally shedding light on the extent of BPD's concealment.

93.  Each of these Officers – Hendrix, Taylor, Jenkins, and Ward – were part of BPD's 'elite' Gun Trace Task Force along with Defendant Hersl. BPD touted the Task Force's successes on a number of occasions.

94.  In September 2019, the Baltimore Sun published an article titled, "No Internal Review Underway of What Went Wrong with Gun Trace Task Force, Baltimore Police Commissioner Says," noting that Defendant Harrison failed to conduct an internal review concerning how the Gun Trace Task Force corruption continued for so long.

**PLAINTIFF'S CASE**

95.  On or about October 2, 2007, Plaintiff was arrested by Defendants Hersl and Moss in the 100 block of North Bond Street, City of Baltimore, State of Maryland.

96.     Officer Defendants alleged Plaintiff was in possession of a Llama 9mm handgun serial number 730680. Plaintiff was arrested and charged with possessing an unregistered firearm under Maryland District Court Case number 3B01905396.

97.     Plaintiff remained incarcerated pending trial.

98.     On or about October 29, 2017, Plaintiff was indicted on seven separate charged including possession of a firearm with a felony conviction under Circuit Court for Baltimore City number 107302017. Due to a prior conviction, Plaintiff was prohibited from possessing a handgun. Plaintiff remained incarcerated.

99.     While awaiting trial, Plaintiff informed his counsel of his prior interaction with Defendant Hersl. Just a week prior to Plaintiff's arrest, Defendant Hersl threatened to plant a gun on Plaintiff. Subsequently, Plaintiff filed a complaint with Baltimore Police Department's Internal Affairs.

100.    As a result, Plaintiff's defense counsel requested a copy of the Internal Affairs complaint. His request was denied. This request acted as constructive notice to the Baltimore Police Department of Plaintiff's claims as required under the Local Government Tort Claims Act.

101.    On or about March 20, 2008, the United States Attorney's Office indicted Plaintiff on charges stemming from his October 2, 2007 arrest.

102.    On or about April 16, 2008, Plaintiff was detained pursuant to the arrest warrant and was ordered to remain detained pending trial.

103.    As a result, on or about April 23, 2008, the State of Maryland entered a nolle prosequi on Plaintiff's state charges.

104.    On or about June 4, 2008, Plaintiff's defense counsel filed a Motion to Compel Production of Internal Investigation Division Files in his federal case.

**JA32**

105.    On or about June 6, 2008, the Honorable Judge Bennett granted in part and denied in part the Motion to Compel.

106.    On or about June 9, 2008, after a review of the file, the United States Attorney's Office dismissed Plaintiff's Indictment with prejudice. Plaintiff was finally released from incarceration.

## COUNT I
**(Illegal Arrest in the violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, 1988– Officer Hersl, in his official and personal capacity)**

107.    The foregoing and all other paragraphs herein are incorporated by reference as if fully set forth.

108.    At all times relevant to this Complaint, Defendant Hersl was acting under the color of state law as an Officer employed by Defendant BPD and was acting within the scope of his employment.

109.    The Plaintiff, without being violent, was unlawfully detained and wrongfully arrested and searched by Defendants. Defendant Hersl did not have a warrant or probable cause to believe that the Plaintiff was involved in any criminal activity.

110.    The act of detaining Plaintiff without probable cause or a warrant amounts to illegal arrest.

111.    There was no factual basis for the allegation that Plaintiff was armed with a firearm. Nevertheless, Defendant Officers arrested Mr. Rich for illegal possession of a firearm after Defendant Officers planted one at the scene.

112.    The firearm was planted in an attempt to legitimize Defendant's illegal search and seizure of Plaintiff.

113.     The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

114.     As a result of the Defendant's conduct and actions, Mr. Rich remained incarcerated for nearly a year and suffered, and will continue to suffer, severe mental anguish and other related expenses.

WHEREFORE, the Plaintiff demands judgment against the Defendant for compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000.00) and TEN MILLION DOLLARS ($10,000,000.00) punitive damages, with interest and costs, and for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## COUNT II
**(False Imprisonment in the violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, 1988– Officer Hersl, in his official and personal capacity)**

115.     The foregoing and all other paragraphs herein are incorporated by reference as if fully set forth.

116.     At all times relevant to this Complaint, Defendant Hersl was acting under the color of state law as an Officer employed by Defendant BPD and was acting within the scope of his employment.

117.     By detaining Plaintiff and denying the Plaintiff s liberty, knowingly without legal justification, the police officers acted with ill will.  There was no proper motivation or legal justification to warrant the arrest in the first place nor the subsequent false imprisonment.

118.     The Plaintiff was detained while his person and surrounding area were searched and was subsequently placed under arrest and taken into custody after a firearm was planted at the scene.

119.     Such action caused Mr. Rich to be unlawfully deprived of his liberty.

120.     Defendant Hersl participated in detaining and arresting Plaintiff Rich.

121.     As a result of the actions of Defendant Hersl, Plaintiff suffered damage by being held against his will for an extended period of time without consent or legal justification.

122.     At all times the Defendant acted with ill will, without legal justification and improper motivation, to wit, covering up an illegal search, seizure, and arrest of an innocent citizen.

WHEREFORE, the Plaintiff demands judgment against the Defendant for compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000.00) and TEN MILLION DOLLARS ($10,000,000.00) punitive damages, with interest and costs, and for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## COUNT III
**(Malicious Prosecution in the violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. §1983, 1985 – Officer Hersl, in his official and personal capacity)**

123.     The foregoing and all other paragraphs herein are incorporated by reference as if fully set forth.

124.     At all times relevant to this Complaint, Defendant Hersl was acting under the color of state law as an Officer employed by Defendant BPD and was acting within the scope of his employment.

125.     Defendant Hersl acted intentionally and recklessly in his dealings with Plaintiff as aforesaid.

126.     Defendant Hersl, by arresting and charging Plaintiff, instituted a criminal proceeding against the Plaintiff.

127.     Criminal proceedings against Plaintiff for the alleged possession of a firearm finally terminated on June 9, 2008.

128.     By swearing a false affidavit in support of the arrest, which relied on fabricated

evidence, Defendant acted with malice and without probable cause.

129.    Defendant Hersl instituted the prosecution with malice or a purpose other than bringing the Plaintiff to justice.

130.    As a direct result Plaintiff has suffered, and continues to suffer, severe emotional distress.

WHEREFORE, the Plaintiff demands judgment against the Defendant for compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000.00) and TEN MILLION DOLLARS ($10,000,000.00) punitive damages, with interest and costs.

## <u>COUNT IV</u>
### (Violation of Maryland Declaration of Rights – Officer Hersl, in his official and personal capacity)

131.    The foregoing and all other paragraphs herein are incorporated by reference as if fully set forth.

132.    At all times relevant to this Complaint, Defendant Hersl was acting under the color of state law as an Officer employed by Defendant BPD.

133.    Plaintiff submits these claims against the Defendants under Article 24 of the Maryland Declaration of Rights.

134.    Plaintiff incorporates all allegations, including those in the aforementioned claims of excessive force, false imprisonment, false arrest, and intentional infliction of emotional distress, under this claim, and reiterated that Plaintiff has contended violations of Article 24 throughout this Complaint.

135.    Plaintiff further states that the allegations alleged were within the scope of Defendant's employment and were conducted with actual malice as to overcome any limited immunity afforded the Defendant under Article 24.

136.    Plaintiff further states that there is otherwise no immunity to be claimed by any

26

Defendant as to relief sought under Article 24 of the Maryland Declaration of Rights.

137.    This Court may exercise jurisdiction over this claim.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000.00) and TEN MILLION DOLLARS ($10,000,000.00) punitive damages, with interest and costs.

<u>**COUNT V**</u>
**(Civil Conspiracy Pursuant to 42 U.S.C. §1983, 1985 – All Defendants)**

138.    The above and all other paragraphs herein are incorporated by reference as if fully set forth.

139.    At all times pertinent to the complaint, Defendants entered in to a civil conspiracy with one another to facilitate and enable members of the Defendant BPD's force to hide the force's use of illegal arrest, robbery, drug dealing and violence on the streets of Baltimore City.

140.    These actions include, but are not limited to, making material misrepresentations of fact or omissions surrounding their illegal detention of Plaintiff, including but not limited to the fabrication of evidence.

141.    Additionally, failing to conduct meaningful Internal Affairs investigation despite being confronted with allegations that Defendant BPD's officers, including Defendant Hersl, were engaging in a pattern of illegal searches, seizures, and arrests, continuing to employ Defendant Hersl and others after findings of illegal activity were made, and failing to reprimand the officers for conducting such illegal activity while performing his duties as officers of the BPD.

142.    As a result of this civil conspiracy, Plaintiff was subject to unlawful arrest, detention and injuries two years before the first members of the conspiracy were publicly indicted.

WHEREFORE, the Plaintiff demands judgment against the Defendant for compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000.00) and TEN MILLION

**JA37**

DOLLARS ($10,000,000.00) punitive damages, with interest and costs with interest and costs, and for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## COUNT VI
### (Aider & Abettor Pursuant to 42 U.S.C. §1983, 1985 – All Defendants)

143.     The foregoing and all other paragraphs herein are incorporated by reference as if fully set forth.

144.     At all times, Defendants provided substantial assistance, aid, and encouragement to the Defendant Hersl and other officers, known and unknown, in their criminal activities.

145.     Defendants had actual knowledge of the wrongful conduct of the BPD officer and their role in furthering such conduct through failing to investigate and reprimand any of the officers involved despite actual knowledge of illegal activity.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000.00) and TEN MILLION DOLLARS ($10,000,000.00) punitive damages, with interest and costs with interest and costs, and for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## COUNT VII
### (Unconstitutional Custom or Practice of Unlawful Arrest and Improper use of Police Powers Pursuant to 42 U.S.C. §1983, 1985 – Defendant BPD and Commissioner Defendants)

146.     The foregoing and all other paragraphs herein are incorporated by reference as if fully set forth.

147.     Under the Fourth and Fourteenth Amendments to the United States Constitution, Defendant BPD and Commissioner Defendants are prohibited from allowing its officers to engage in a pattern, practice, policy or custom of violating citizens' constitutional rights and is obligated to train and supervise its law enforcement officers in the proper use of force, arrest procedures and use of police powers.

148.     As alleged herein, Defendants Hersl, and other officers of the Gun Trace Task Force and other plain clothes units, and thereby, Defendant BPD and Commissioner Defendants have engaged in a pattern, practice, policy, or custom of allowing BPD officers to conduct unlawful arrests, unlawful searches, unlawful seizures and has permitted officers to conduct further improper use of police powers.

149.     After indictments were unsealed in the United States District Court for the District of Maryland, Plaintiff became aware that Defendant Hersl had a long documented disciplinary record of violating the civil rights of Baltimore City residents including, but not limited to, an overwhelming number of Internal Affairs complaints, in addition to a number of settled lawsuits alleging this conduct by Defendant Hersl. The policy and practice of returning Defendant Hersl and other officers to their normal employment with the BPD without adequate training and supervision made the violation of Plaintiff and other citizens' rights not a mere possibility, but a certainty.

150.     Upon information and belief, Defendant BPD's officers have been allowed to use excessive and engage in unlawful practices absent proper supervision or consequence, including excessive physical force, illegal search and seizures, and improper use of police powers.

151.     As alleged herein, Defendant BPD and Commissioner Defendants entered in to a civil conspiracy with the members of the Defendant BPD's Gun Trace Task Force to hide the unit's use of robbery, drug dealing and violence on the streets of Baltimore City.

152.     As alleged herein, the actions by all named Defendants was unreasonable, excessive, absent any lawful justification and/or excuse, and was in keeping with the pattern practice, police and/or custom of the Defendant BPD.

153.     Upon information and belief, Defendant BPD and Commissioner Defendants have failed to discipline any of the named Officers, or anyone else for the conduct alleged herein,

and as such has further ratified their improper, willful, wanton, and unlawful actions with respect to their improper uses of police powers.

154.    Defendants' failures to take remedial actions against the pervasive and unreasonable misconducts of these police officers was a proximate cause of Plaintiff's injuries.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000.00) and TEN MILLION DOLLARS ($10,000,000.00) punitive damages, with interest and costs with interest and costs, and for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

### COUNT VIII
**(Inadequate Training Pursuant to 42 U.S.C. §1983, 1985 – Defendant BPD and Commissioner Defendants)**

155.    The above and all other paragraphs herein are incorporated by reference as if fully set forth.

156.    Under the Fourth and Fourteenth Amendments to the United States Constitution, Defendant BPD and Commissioner Defendants are prohibited from allowing its officers to engage in a pattern, practice, policy or custom of violating citizens' constitutional rights and is obligated to train and supervise to its law enforcement officers in the proper use of force, arrest procedures and use of police powers.

157.    As alleged herein, Defendants Hersl, and other officers of BPD, and thereby, Defendant BPD and Commissioner Defendants, has engaged in a pattern, practice, policy, or custom allowing BPD officers to misuse police powers in connection with apprehending and/or arresting individuals and in so doing have failed to properly train Defendant BPD officers.

158.    After indictments were unsealed in the United States District Court for the District of Maryland, Plaintiff became aware that Defendant Hersl had a long documented disciplinary record of violating the civil rights of Baltimore City residents including, but not limited to, an

overwhelming number of Internal Affairs complaints, in addition to a number of settled lawsuits alleging this conduct by Defendant Hersl. The policy and practice of returning these Officers to their normal employment with the BPD without adequate training and supervision made the violation of Plaintiff and other citizens' rights not a mere possibility, but a certainty.

159.    At all relevant times Defendant BPD and Commissioner Defendants, directly and through its employees, agents, and deputies, had an obligation to ensure that its employees, agents, and deputies exercised the same degree of care that a reasonable and prudent person would exercise in the same or similar situation with respect to the training of all employees, agents, and deputies under its direction and control.

160.    Upon information and belief, Defendant BPD's officers have been allowed to engage in unlawful practices absent proper training, including excessive force, unlawful arrest, and improper use of police powers.

161.    It was readily foreseeable and highly predictable that failing to properly train Defendant BPD's officers in the proper application of force would, and in fact did, result in the violation of Plaintiff's constitutional rights as alleged herein.

162.    As alleged herein, the actions by all named Defendants was unreasonable, excessive, absent any lawful justification and/or excuse, and it was a direct result of Defendants' failure to adequately train its officers in dealing in proper use of force, search and seizure and use of police powers.

163.    As alleged herein, the actions by all named Defendants was unreasonable, absent any lawful justification and/or excuse, and it was a direct result of Defendant BPD's failure to adequately train its officers in dealing in proper arrest, search and seizure and use of police powers.

164.    As a direct and proximate result of Defendants' failure to adequately train their officers and employees, Plaintiff was injured as detailed herein and has suffered, and continues to suffer.

WHEREFORE, the Plaintiff demands judgment against the Defendant for compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000.00) and TEN MILLION DOLLARS ($10,000,000.00) punitive damages, with interest and costs with interest and costs, and for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## COUNT IX
**(Failure to Supervise Pursuant to 42 U.S.C. §1983, 1985– Defendant BPD, Commissioner Defendants, and IA Defendants)**

165.    The above and all other paragraphs herein are incorporated by reference as if fully set forth.

166.    Under the Fourth and Fourteenth Amendments to the United States Constitution, Defendant BPD, Commissioner Defendants, and IA Defendants are prohibited from allowing its officers to engage in a pattern, practice, policy or custom of violating citizens' constitutional rights and is obligated to train and supervise to its law enforcement officers in the proper arrest procedures and use of police powers.

167.    After indictments were unsealed in the United States District Court for the District of Maryland, Plaintiff became aware that Defendant Hersl had a long documented disciplinary record of violating the civil rights of Baltimore City residents including, but not limited to, an overwhelming number of Internal Affairs complaints, in addition to a number of settled lawsuits alleging this conduct by Defendant Hersl. The policy and practice of returning Defendant Hersl to his normal employment with the BPD without adequate training and supervision made the violation of Plaintiff and other citizens' rights not a mere possibility, but a certainty.

168.    At all relevant times, Defendants, directly and through their employees, agents, and deputies, had an obligation to ensure that its employees, agents, and deputies exercised the same degree of care that a reasonable and prudent person would exercise in the same or similar situation with respect to the supervision of all employees, agents, and deputies under its direction and control.

169.    Upon information and belief, the supervision provided and/or required by Defendants regarding proper arrest procedures and use of police powers was inadequate, insufficient, or nonexistent, and Defendants, directly and through its employees, agents and deputies, failed to exercise the above requisite degree of care in the supervision of all employees, agents, and deputies under his direction and control.

170.    As alleged herein, Defendants Hersl, and other officers of BPD, and thereby, Defendants have engaged in a pattern, practice, policy, or custom of allowing BPD officers to misuse police powers in connection with apprehending and/or arresting individuals and in so doing have failed to properly supervise Defendant BPD officers in the proper arrest procedures and use of police powers.

171.    It was readily foreseeable and highly predictable that failing to properly supervise Defendant BPD's officers in the proper arrest procedures and use of police powers would, and in fact did, result in the violation of Plaintiff's constitutional rights as alleged herein and Defendants were indifferent to same.

172.    As alleged herein, the actions by all named Defendants was unreasonable, absent any lawful justification and/or excuse, and it was a direct result of Defendants' failure to adequately supervise its officers.

**JA43**

173.     As a direct and proximate result of Defendants' failure to adequately supervise its officers and employees, Plaintiff was injured as detailed herein and has suffered, and continues to suffer damages.

174.     Defendants' failure to properly supervise its officers and employees was tantamount to deliberate indifference.

175.     Defendants' failure to adequately supervise further confirms the aforementioned pattern and practice.

176.     As alleged herein, Defendants have engaged in a pattern, practice, policy, or custom of allowing Defendant BPD's officers to fabricate evidence, conduct illegal arrests, searches, and seizures, and improperly use police powers.

177.     Defendants were aware, and should have foreseen, that Defendant BPD's officers would confront situations as that presented by Plaintiff.

178.     Upon information and belief, situations involving illegal conduct similar to that which resulted in the deprivation of Plaintiff's constitutional rights and the injuries detailed herein, have previously been experienced by Defendants and have been similarly mishandled by Defendants as alleged herein.

179.     As alleged herein, Defendants entered in to a civil conspiracy with the members of its force to hide the unit's use of illegal arrest, robbery, drug dealing and violence on the streets of Baltimore City.

180.     Defendants' improper handling of incidents of planted evidence, illegal arrest and improper use of police powers committed by Defendant BPD's officers such as those detailed herein will frequently, and did in the instant case, result in the deprivation of individual constitutional rights as alleged herein.

181.   As a direct and proximate result of Defendants' deliberate indifference to the supervision of its officers and employees as herein detailed, Plaintiff has been injured, and continues to suffer injury.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000.00) and TEN MILLION DOLLARS ($10,000,000.00) punitive damages, with interest and costs with interest and costs, and for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## COUNT X
### (Violation of RICO Act under 18 U.S.C. § 1961, *et seq.* – All Defendants)

182.   The BPD, the Gun Trace Task Force, and its Internal Affairs Division all are enterprises within the meaning of 18 U.S.C. 1961(4).

183.   The activities of the BPD affect interstate commerce.

184.   The activities of the Gun Trace Task Force and other plain clothes units affected interstate commerce.

185.   The activities of the Internal Affairs Division affect interstate commerce.

186.   Defendants acquired and/or continue to acquire and maintain control over said enterprises through a pattern of racketeering activities, as set forth hereinabove, in violation of 18 U.S.C. 1962(b).

187.   Defendants, being associated with said enterprises, conducted and/or continue to conduct and participate in said enterprises' affairs through a pattern of racketeering activities, in violation of 18 U.S.C. 1962(c).

188.   The ongoing pattern of racketeering activities includes a pattern and practice involving all of the activities set forth in full hereinabove, and involve extortion, obstruction of justice, witness tampering and witness intimidation, in that Defendant Hersl, the IA Defendants and Commissioner Defendants repeatedly committed extortionate conduct against Plaintiff and

other Baltimore citizens, planted evidence against Plaintiff and other Baltimore citizens, intimidated witnesses reporting police misconduct including Plaintiff, and obstructed justice by failing to properly investigate internal affairs complaints.

189.    The pattern and practice of racketeering activities also includes numerous acts of tampering with witnesses, victims, and informants under 18 U.S.C. 1512.

190.    Plaintiff and other similarly situated citizens were injured and continue to be injured in their businesses and/or property by reason of the conduct set forth.

191.    Among other forms of injury, Plaintiff lost employment, employment opportunities, and the wages and other compensation associated with said employment and opportunities, in that Plaintiff was unable to pursue gainful employment while defending themselves against unjust charges and/or while unjustly incarcerated.

192.    Plaintiff has suffered a material diminishment of their employment prospects by virtue of the unjust and unconstitutional conviction.

193.    Defendants unlawfully engaged and/or continue to engage in the racketeering activities set forth in this Amended Complaint and, on information and belief, on tens of thousands of occasions during the part fifteen years, through a pattern of racketeering activity, and have acquired directly and indirectly control of the named enterprises, the BPD, the Gun Trace Task Force and other plain clothes units, and the Internal Affairs Division, which have engaged in and whose activities affect interstate commerce.

194.    Defendants, who are either employed, were employed or are associated with these racketeering enterprises, have conducted those enterprises through a pattern of racketeering activity, as set forth hereinabove.

195.    WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000.00) and

TEN MILLION DOLLARS ($10,000,000.00) punitive damages, with interest and costs with interest and costs, and for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

<u>**COUNT XI**</u>
**(Conspiracy to Violate RICO Act under 18 U.S.C. § 1962(d) – All Defendants)**

196.    Defendants unlawfully have conspired and continue to conspire, as set forth hereinabove, to violate the provisions of 18 U.S.C. 1962(b), (c), and (d).

197.    Plaintiff was injured in their business or property by reason thereof, and Plaintiff is entitled to damages, to be trebled, and Plaintiff is entitled to injunctive relief as requested hereinabove.

198.    WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000.00) and TEN MILLION DOLLARS ($10,000,000.00) punitive damages, with interest and costs with interest and costs, and for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

<u>**JURY TRIAL DEMAND**</u>

Plaintiff demands trial by jury on all issues of fact in this case.

Respectfully Submitted,

    /s/ Joshua L. Insley
Joshua L. Insley, #30055
Hannah M. Ernstberger, #20516
Saller, Lord, Ernstberger & Insley
12 S. Calvert Street, 2nd Floor
Baltimore, MD 21202
(410) 783-7945

JA47

| | | |
|---|---|---|
| ERIC RICH | * | IN THE |
| 401 E. Madison Street | | |
| Baltimore, Maryland 21202 | * | UNITED STATES |
| | | |
|     Plaintiff | * | DISTRICT COURT |
| v. | | |
| | * | FOR THE DISTRICT |
| DANIEL HERSL, et al | | |
| | * | OF MARYLAND |
|     Defendants | | |
| | * | Case No.: 1:20-cv-00488 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

Defendant Daniel Hersl (herein after "Defendant" or "Defendant Hersl"), by and through his attorneys W. Timothy Sutton, Esquire and the Law Offices of James E. Crawford Jr. and Associates, LLC, hereby submits this Answer to Plaintiff's First Amended Complaint and Jury Trial Demand, and states as follows:

### FIRST DEFENSE

Defendant reserves the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. R. 8(c).

### SECOND DEFENSE

Defendant denies each and every allegation contained in Plaintiff's First Amended Complaint ("the Complaint") except as hereinafter may be expressly admitted.

### THIRD DEFENSE

Plaintiff, Eric Rich ("Plaintiff"), has failed to state a claim as a matter of law.

\*     \*     \*

1

**JA48**

## DEFENDANT'S RESPONSES TO THE NUMBERED PARAGRAPHS

In response to the Complaint, all allegations in the Complaint, including relief sought, are denied except when specifically admitted. Defendant admits, denies, or otherwise avers as follows:

### INTRODUCTION[1]

Plaintiff's Introduction contains numerous allegations against all Defendants; to the extent a response is required from Defendant Hersl, Defendant denies all allegations against him. Defendant Hersl admits that Plaintiff has brought a suit seeking compensatory and punitive damages, as well as other relief, but avers that Plaintiff is not entitled to any relief.

### PARTIES

1. Defendant admits to the statement contained in Paragraph 1.

2. In response to the first two sentences of Paragraph 2, Defendant admits statements regarding his employment. In response to the statutes for which Plaintiff is filing suit against Defendant, Defendant denies any unlawful conduct.

3. Defendant admits to the statement contained in Paragraph 3.

4. Defendant admits to the statement contained in Paragraph 4.

5. In response to the first clause of Paragraph 5, Defendant admits that Plaintiff is pursuing state claims against BPD; however, Defendant denies any unlawful conduct.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

JA49

6. In response to Paragraph 6, Defendant admits to the supervisory role of BPD but the remainder of the allegations in Paragraph 6 are Plaintiff's legal conclusions to which no response is required; to the extent a response is deemed required, the remaining allegations are denied.

7. Defendant is without sufficient knowledge or information to form a belief as to the legal conclusions alleged in Paragraph 7, and on that basis denies them.

8. Paragraph 8 contains information about another defendant to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 8.

9. Paragraph 9 contains information about another defendant to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 9.

10. Paragraph 10 contains information about another defendant to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 10.

11. Paragraph 11 requires no response from Defendant Hersl.

12. Paragraph 12 contains information about other defendants to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 12.

13. Paragraph 13 contains allegations about other defendants to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant denies to the allegations in Paragraph 11.

14. Defendant is without sufficient knowledge or information to form a belief as to the legal conclusions alleged in Paragraph 14, and on that basis denies them.

15. Paragraph 15 contains information about another defendant to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 15.

16. Paragraph 16 contains information about another defendant to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 16.

17. Paragraph 16 contains information about other defendants to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 16.

18. Paragraph 18 contains information about another defendant to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 18.

19. Paragraph 19 requires no response from Defendant Hersl.

20. Defendant is without sufficient knowledge or information to form a belief as to the legal conclusions alleged in Paragraph 20, and on that basis denies them.

21. Defendant is without sufficient knowledge or information to form a belief as to the legal conclusions alleged in Paragraph 21, and on that basis denies them.

22. Paragraph 22 contains legal conclusions about other defendants to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

4

## JURISDICTION AND VENUE

24. Defendant Hersl repeats, adopts, and incorporates by references the above paragraphs of this Answer, as if fully set forth herein.

25. Paragraph 25 asserts legal conclusions for which no response is required; to the extent a response is deem required, Defendant denies the allegations in Paragraph 25.

26. Paragraph 26 contains Plaintiff's allegation concerning the jurisdiction for this case to which no response is required; to the extent a response is required, Defendant admits that this Court is a proper jurisdiction for the claims brought.

27. Paragraph 27 contains Plaintiff's allegation concerning venue for this case to which no response is required; to the extent a response is required, Defendant admits that this is a proper venue.

## FACTUAL ALLEGATIONS

28. In response to Paragraph 28, Defendant Hersl incorporates by reference to Paragraphs 1-27 as if set forth fully here.

29. Paragraph 29 contains allegations against other defendants to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant denies the allegations made in Paragraph 29.

30. Paragraph 30 contains allegations against other defendants to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant denies the allegations made in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

5

**JA52**

32. Paragraph 32 requires no response from Defendant Hersl.

## Gary Brown Incident

33. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 33.

34. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 34.

35. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 35.

36. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 36.

37. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 37.

38. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 38.

39. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 39.

40. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 40.

41. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 41.

42. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 42.

43. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 43.

### Gary Clayton Case

44. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 44.

45. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 45.

46. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 46.

47. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 47.

48. Defendant Hersl sufficient knowledge or information to admit or deny the statements contained in Paragraph 48.

49. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 49.

50. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 50.

51. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 51.

### Rakeem Douglas Case

52. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 52.

53. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 53.

54. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 54.

### Kendall English Case

55. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 55.

56. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 56.

57. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 57.

58. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 58.

59. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 59.

60. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 60.

61. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 61.

62. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 62.

63. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 63.

64. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 64.

65. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 65.

66. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 66.

## United States Department of Justice Investigation into Baltimore City Police Department

67. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 67.

68. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 68, including subparts "a" through "d."

69. Defendant Hersl sufficient knowledge or information to admit or deny the statements contained in Paragraph 69.

70. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 70.

71. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 71.

72. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 72.

73. Defendant Hersl sufficient knowledge or information to admit or deny the statements contained in Paragraph 73.

**Federal Criminal Proceedings Against the Gun Trace Task Force**

74. Defendant admits the allegations in Paragraph 74.

75. Paragraph 75 contains a vague factual allegation; to the extent that a response is deemed required, Defendant Hersl denies the allegations in Paragraph 75.

76. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 76.

77. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 77.

78. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 78.

79. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 79.

80. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 80.

81. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 81.

82. Defendant Hersl admits to the statement asserted in Paragraph 82 of the Complaint.

83. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 83, and on that basis denies the allegations in Paragraph 83.

**BPD's Knowledge of Daniel Hersl's Longstanding Misconduct**

84. Defendant Hersl denies the allegations alleged in Paragraph 84 of the Complaint but admits that he remained on the force.

85. Paragraph 85 contains a citation to a publicly available document. That document speaks for itself. To the extent that Paragraph 85 contains any allegations, Defendant denies those allegations but admits that he remained on the force.

86. Paragraph 86 contains a citation to a publicly available document. That document speaks for itself. To the extent that Paragraph 86 contains any allegations, Defendant denies those allegations.

87. Paragraph 87, including subparts "a" through "d", contains a citation to a publicly available document. That document speaks for itself. To the extent that Paragraph 87 contains any allegations, Defendant denies those allegations but admits that he remained on the force.

### <u>BPD's Mishandling of Internal Affairs Complaints</u>

88. Paragraph 88 contains a citation to a publicly available document. That document speaks for itself. To the extent that Paragraph 88 contains any allegations, Defendant denies those allegations.

89. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 89, including subparts "a" through "g."

To the extent a response id deemed required, Defendant denies any allegations contained in Paragraph 89, including its subparts.

90. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 90, and on that basis denies the allegations in Paragraph 90.

91. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 91, and on that basis denies the allegations in Paragraph 91.

92. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 91.

93. Paragraph 93 contains statements to which no response is required; to the extent that a response is deemed required, Defendant Hersl admits that Officers Hendrix, Taylor, Jenkins, and Ward were part of BPD's GTTF with him but lacks sufficient knowledge or information to admit or deny the statements regarding BPD's statements.

94. Paragraph 94 contains a citation to a publicly available document. That document speaks for itself. To the extent that Paragraph 94 contains any allegations, Defendant denies those allegations.

<u>PLAINTIFF'S CASE</u>

95. Defendant Hersl admits to the statement asserted in Paragraph 95.

96. Defendant Hersl admits to the statement asserted in Paragraph 96.

97. Defendant Hersl admits to the statement asserted in Paragraph 97.

98. Defendant Hersl admits to the statement asserted in Paragraph 98.

**JA59**

99. The first sentence of Paragraph 99 asserts a fact about Plaintiff's conversation with his attorney; Defendant Hersl lacks sufficient knowledge or information to admit or deny the first sentence contained in Paragraph 98. Defendant denies the allegations contained in the second sentence of Paragraph 98. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 98.

100. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 100.

101. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 101.

102. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 102.

103. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 103.

104. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 104.

105. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 105.

106. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 106.

<u>Count I</u>
(Illegal Arrests in the violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, 1988 - Officer Hersl, in his official and personal capacity)

13

**JA60**

107. In response to Paragraph 107, Defendant Hersl incorporates by reference its responses to Paragraphs 1-106 as if set forth fully here.

108. Defendant admits to the statement asserted in Paragraph 108.

109. Defendant denies the allegations asserted in Paragraph 109.

110. Defendant denies the statement asserted in Paragraph 110 of the Complaint.

111. Defendant denies the allegations asserted in Paragraph 111.

112. Defendant denies the allegations asserted in Paragraph 112.

113. Defendant denies the allegations asserted in Paragraph 113.

114. Defendant denies the allegations asserted in Paragraph 114.

<u>Count II</u>
**(False Imprisonment in the violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, 1988 - Officer Hersl, in his official and personal capacity)**

115. In response to Paragraph 115, Defendant Hersl incorporates by reference its responses to Paragraphs 1-114 as if set forth fully here.

116. Defendant admits to the statement asserted in Paragraph 116.

117. Defendant denies the allegations asserted in Paragraph 117.

118. Defendant denies the allegations asserted in Paragraph 118.

119. Defendant denies the allegations asserted in Paragraph 119.

120. Defendant admits to the statement asserted in Paragraph 120.

121. Defendant denies the allegations asserted in Paragraph 121.

122. Defendant denies the allegations asserted in Paragraph 122.

<u>Count III</u>
**(Malicious Prosecution in the violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985 - Officer Hersl, in his official and personal capacity)**

123. In response to Paragraph 123, Defendant Hersl incorporates by reference its responses to Paragraph 1-122 as if set forth fully here.

124. Defendant admits to the statement asserted in Paragraph 124.

125. Defendant denies the allegations asserted in Paragraph 125.

126. Defendant admits to the statement asserted in Paragraph 126.

127. Defendant lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 127

128. Defendant denies the allegations asserted in Paragraph 128.

129. Defendant denies the allegations asserted in Paragraph 129.

130. Defendant denies the allegations asserted in Paragraph 130.

<u>Count IV</u>
**(Violation of Maryland Declaration of Rights - Officer Hersl, in his official and personal capacity)**

131. In response to Paragraph 131, Defendant Hersl incorporates by reference its responses to Paragraph 1-130 as if set forth fully here.

132. Defendant admits to the statement asserted in Paragraph 132.

133. Defendant Hersl admits that Plaintiff has brought claims under Article 24 of the Maryland Declaration of Rights in Paragraph 133 but avers that Plaintiff is not entitled to any relief.

134. Defendant Hersl admits that Plaintiff has brought the claims and allegations asserted in Paragraph 134 but avers that Plaintiff is not entitled to any relief.

135. Defendant denies the allegations asserted in Paragraph 135.

136. Defendant lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 136.

15

137. Defendant admits to the statement asserted in Paragraph 137.

## Count V
### (Civil Conspiracy Pursuant to 42 U.S.C. § 1983, 1985 - All Defendants)

138. In response to Paragraph 138 Defendant Hersl incorporates by reference its responses to Paragraph 1-137 as if set forth fully here.

139. Defendant denies the allegations asserted in Paragraph 139.

140. Defendant denies the allegations asserted in Paragraph 140.

141. Defendant denies the allegations asserted in Paragraph 141.

142. Defendant denies the allegations asserted in Paragraph 142.

## Count VI
### (Aider & Abettor Pursuant to 42 U.S.C. § 1983, 1985 - All Defendants)

143. In response to Paragraph 143 Defendant Hersl incorporates by reference its responses to Paragraph 1-142 as if set forth fully here.

144. Defendant denies the allegations asserted in Paragraph 144.

145. Defendant denies the allegations asserted in Paragraph 145.

## Count VII
### (Unconstitutional Custom or Practice of Unlawful Arrest and Improper use of Police Powers Pursuant to 42 U.S.C. § 1983, 1985 - Defendant BPD and Commissioner Defendants)

146. In response to Paragraph 146 Defendant Hersl incorporates by reference its responses to Paragraph 1-145 as if set forth fully here.

147. Defendant admits to the allegation asserted in Paragraph 147.

148. Defendant denies the allegation asserted in Paragraph 148.

149. Paragraph 149 asserts facts about Plaintiff's knowledge; Defendant Hersl lacks sufficient knowledge or information to admit or deny those statements. Paragraph 149 also contains allegations, to which Defendant denies.

150. Defendant denies the allegations asserted in Paragraph 150.

151. Defendant denies the allegations asserted in Paragraph 151.

152. Defendant denies the allegations asserted in Paragraph 152.

153. Defendant denies the allegations asserted in Paragraph 153.

154. Defendant denies the allegations asserted in Paragraph 154.

## <u>Count VIII</u>
### (Inadequate Training Pursuant to 42 U.S.C. § 1983, 1985 - Defendant BPD and Commissioner Defendants)

155. In response to Paragraph 155 Defendant Hersl incorporates by reference its responses to Paragraph 1-154 as if set forth fully here.

156. Defendant admits to the allegation asserted in Paragraph 156.

157. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 157, and on that basis denies the allegations in Paragraph 157.

158. Paragraph 158 asserts facts about Plaintiff's knowledge; Defendant Hersl lacks sufficient knowledge or information to admit or deny those statements. Paragraph 158 also contains allegations, to which Defendant denies.

159. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 159, and on that basis denies the allegations in Paragraph 159.

17

**JA64**

160. Defendant denies the allegations asserted in Paragraph 160.

161. Defendant denies the allegations asserted in Paragraph 161.

162. Defendant denies the allegations asserted in Paragraph 162.

163. Defendant denies the allegations asserted in Paragraph 163.

164. Defendant denies the allegations asserted in Paragraph 164.

## <u>Count IX</u>
### (Failure to Supervise Pursuant to 42 U.S.C. § 1983, 1985 - Defendant BPD, Commissioner Defendants, and IA Defendants)

165. In response to Paragraph 165 Defendant Hersl incorporates by reference its responses to Paragraph 1-164 as if set forth fully here.

166. Defendant admits to the allegations asserted in Paragraph 166.

167. Paragraph 167 asserts facts about Plaintiff's knowledge; Defendant Hersl lacks sufficient knowledge or information to admit or deny those statements. Paragraph 167 also contains allegations, to which Defendant denies.

168. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 168, and on that basis denies the allegations in Paragraph 168.

169. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 168, and on that basis denies the allegations in Paragraph 168.

170. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 170, and on that basis denies the allegations in Paragraph 170.

171. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 171, and on that basis denies the allegations in Paragraph 171.

172. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 172, and on that basis denies the allegations in Paragraph 172.

173. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 173, and on that basis denies the allegations in Paragraph 173.

174. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 174, and on that basis denies the allegations in Paragraph 174.

175. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 15, and on that basis denies the allegations in Paragraph 159.

176. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 159, and on that basis denies the allegations in Paragraph 159.

177. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 177, and on that basis denies the allegations in Paragraph 178.

178. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 178, and on that basis denies the allegations in Paragraph 178.

179. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 179, and on that basis denies the allegations in Paragraph 179.

180. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 180, and on that basis denies the allegations in Paragraph 180.

181. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 181, and on that basis denies the allegations in Paragraph 181.

## Count X
### (Violation of RICO Act under 18 U.S.C. § 1961, *et seq.* - All Defendants)

182. In response to Paragraph 182 Defendant Hersl incorporates by reference its responses to Paragraph 1-181 as if set forth fully here.

183. Defendant denies the allegations contained in Paragraph 183.

184. Defendant denies the allegations contained in Paragraph 184.

185. Defendant denies the allegations contained in Paragraph 185.

186. Defendant denies the allegations contained in Paragraph 186.

187. Defendant denies the allegations contained in Paragraph 187.

188. Defendant denies the allegations contained in Paragraph 188.

189. Defendant denies the allegations contained in Paragraph 189.

190. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 190, and on that basis denies the allegations in Paragraph 190.

191. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 191, and on that basis denies the allegations in Paragraph 191.

192. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 192, and on that basis denies the allegations in Paragraph 192.

193. Defendant denies the allegations contained in Paragraph 193.

194. Defendant denies the allegations contained in Paragraph 194.

195. Paragraph 195 contains Plaintiff's request for relief, to which no response is required, but insofar as an answer is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever. Each and every allegation not heretofore expressly admitted or denied is denied.

<u>Count XI</u>
**(Conspiracy to Violate RICO Act under 18 U.S.C. § 1962(d) – All Defendants)**

196. In response to Paragraph 155 Defendant Hersl incorporates by reference its responses to Paragraph 1-154 as if set forth fully here.

197. Paragraphs 197 contains Plaintiff's request for relief, to which no response is required, but insofar as an answer is deemed required, Defendant denies that

21

**JA68**

Plaintiff is entitled to the requested relief or to any relief whatsoever. Each and every allegation not heretofore expressly admitted or denied is denied.

198. Paragraphs 198 contains Plaintiff's request for relief, to which no response is required, but insofar as an answer is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever. Each and every allegation not heretofore expressly admitted or denied is denied.

## Relief Requested

The allegations contained in these paragraphs consist of Plaintiff's request for relief, damages, and a jury trial, to which no response is required, but insofar as an answer is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever. Each and every allegation not heretofore expressly admitted or denied is denied.

WHEREFORE, having answered, Defendant request judgment or relief against Plaintiff as follows:

1. That the claims against Defendant are dismissed with prejudice and that the Plaintiff take nothing and is granted no relief.

2. That Defendant be awarded its costs and disbursements incurred in defending this matter; and

3. Such other and further relief, including declaratory, equitable relief, and damages, to which it is entitled.

Respectfully submitted,

_____

**W. Timothy Sutton, Esquire**
Bar Number 27912
The Law Offices of James E. Crawford, Jr.
and Associates, LLC
999 Corporate Blvd., Suite 100
Linthicum, MD 21090
Phone: 443-709-9999
Fax: 443-919-4207
Email: tim@jamescrawfordlaw.com
*Attorneys for Defendant Hersl*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on the 2nd day of January, 2021, a copy of Defendant's Answer to Plaintiff's First Amended Complaint and Jury Demand was served electronically to:

Joshua L. Insley, #30055
Hannah M. Ernstberger, #20516
Saller, Lord, Ernstberger & Insley
12 S. Calvert Street, 2nd Floor
Baltimore, MD 21202
*Attorneys for Plaintiff*

_____

**W. Timothy Sutton, Esquire**
Bar Number 27912

23

**JA70**

ERIC RICH                          *       IN THE
401 E. Madison Street
Baltimore, Maryland 21202          *       UNITED STATES

     Plaintiff                *       DISTRICT COURT
v.
                                   *       FOR THE DISTRICT
DANIEL HERSL, et al
                                   *       OF MARYLAND
     Defendants
                                   *       Case No.: 1:20-cv-00488

*    *    *    *    *    *    *    *    *    *    *    *    *    *

## MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Daniel Hersl ( "Defendant" or "Defendant Hersl"), by and through his attorneys W. Timothy Sutton, Esquire and the Law Offices of James E. Crawford Jr. and Associates, LLC, hereby submits this Motion for Judgment on the Pleadings, and states as follows:

1. The Deadline for amendment of the pleadings in this case expired on September 13, 2021. ECF No. 49.

2. The Amended Complaint fails to state a claim upon which relief may be granted and thus Plaintiff's claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(c)

WHEREFORE, for these reasons and those which are set forth more fully in the accompanying Memorandum of Law in Support of this Motion, Plaintiff's Amended Complaint must dismissed in its entirety against all Defendants, with prejudice and without leave to amend.

1

JA71

Respectfully submitted,

_W. Timothy Sutton_

_____

**W. Timothy Sutton, Esquire**
Bar Number 27912
The Law Offices of James E. Crawford, Jr.
and Associates, LLC
999 Corporate Blvd., Suite 100
Linthicum, MD 21090
Phone: 443-709-9999
Fax: 443-919-4207
Email: tim@jamescrawfordlaw.com
*Attorneys for Defendant Hersl*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on the 14th day of March, 2022, a copy of Defendant's Motion for Judgment on the Pleadings was served electronically to:

Joshua L. Insley, #30055
Hannah M. Ernstberger, #20516
Saller, Lord, Ernstberger & Insley
12 S. Calvert Street, 2nd Floor
Baltimore, MD 21202
*Attorneys for Plaintiff*

_W. Timothy Sutton_

_____

**W. Timothy Sutton, Esquire**
Bar Number 27912

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC RICH,                     *
                                      *
                Plaintiff,            *
                                      *
          vs.                     *      Civil Action No. ADC-20-488
                                      *
DANIEL HERSL,               *
                                      *
                Defendant.         *
                                      *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Defendant Daniel Hersl ("Defendant Hersl") has filed a Motion for Judgment on the Pleadings (ECF No. 68) as to Plaintiff Eric Rich's ("Plaintiff") Amended Complaint (ECF No. 17).[1] Defendant Hersl moves the Court to dismiss Plaintiff's Amended Complaint with prejudice and without leave to amend. ECF No. 68. Plaintiff responded in opposition (ECF No. 73), and Defendant Hersl replied (ECF No. 76). After considering the Motion and the responses thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein, Defendant Hersl's Motion is GRANTED IN PART and DENIED IN PART.

### **FACTUAL AND PROCEDURAL BACKGROUND**

This case alleges the deprivation of Plaintiff's civil rights and the "egregious, excessive[,] and objectively unreasonable violation of numerous rights under the Fourth and Fourteenth Amendment to the United States Constitution." ECF No. 17 at 4. Defendant Hersl is the sole remaining Defendant in this action. He is a former Baltimore Police Department officer and

---

[1] On August 13, 2021, this case was referred to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636(c) by consent of the parties. ECF No. 50.

1

member of its Gun Trace Task Force ("GTTF"). *Id.* ¶ 2. On or about October 2, 2007, Defendant Hersl arrested Plaintiff in Baltimore City for possession of an unregistered Llama 9mm handgun. *Id.* ¶¶ 95–96. A week prior to the arrest, Defendant Hersl "threatened to plant a gun on Plaintiff." *Id.* ¶ 99. Plaintiff alleges the evidence "was actually fabricated by Defendant Hersl." *Id.* at 4. Specifically, Plaintiff asserts that "Defendant Officers arrested [him] for illegal possession of a firearm after [they] planted one at the scene."[2] *Id.* ¶ 111. Plaintiff filed a complaint with BPD's Internal Affairs Division, and his defense counsel requested and was denied a copy of the complaint. *Id.* ¶¶ 99–100. Subsequently, Plaintiff was charged under state law with possessing a handgun when prohibited from doing so by a prior conviction. *Id.* ¶ 98. Plaintiff's state charges were eventually entered nolle prosequi. *Id.* ¶ 103. Plaintiff was also indicted by the United States Attorney's Office for charges related to his October 2, 2007 arrest. *Id.* ¶ 101. Plaintiff's defense counsel moved to compel BPD to produce the Internal Investigation Division Files in his federal case, and, after a review of the files, the U.S. Attorney's Office dismissed Plaintiff's indictment with prejudice on June 9, 2008. *Id.* ¶¶ 104, 106. Plaintiff remained detained until his indictment was dismissed. *Id.* ¶¶ 97, 106.

Plaintiff details additional allegations from lawsuits brought against Defendant Hersl, including pouring beer on a woman and throwing a bottle that struck her face while off-duty, falsely arresting a woman for selling drugs, breaking a woman's arm while searching for a suspect, and breaking a man's jaw and nose. *Id.* ¶¶ 84, 87. In total, Defendant Hersl was subject to more than twenty-nine Internal Affairs complaints during his time on the force. *Id.* ¶ 85. In February of

---

[2] Plaintiff asserts that the reference to "Defendant Officers" in Paragraph 111 is a "simple typographical error" that clearly refers to Defendant Hersl. ECF No. 73-1 at 4 n.1. I agree based on the additional allegations in the Amended Complaint. *See* ECF No. 17 at 4; ¶¶ 111–12.

2018, Defendant Hersl was convicted of racketeering conspiracy, racketeering aiding and abetting, racketeering, and robbery. *Id.* ¶ 82.

On February 24, 2020, Plaintiff filed suit in this Court. ECF No. 1. Plaintiff filed an Amended Complaint on September 29, 2020, alleging eleven counts against fifteen defendants. ECF No. 17. Beyond Defendant Hersl, the Defendants consisted of Baltimore Police Department, former police commissioners, and former members of the Internal Affairs Division (collectively, "BPD Defendants"). *Id.* ¶¶ 8–17. BPD Defendants then separately moved to dismiss Plaintiff's Amended Complaint. ECF Nos. 25, 39. On June 24, 2021, the Court dismissed the Amended Complaint in part, explaining that Plaintiff's "civil rights claims are time-barred and thus subject to dismissal." ECF No. 42 at 3. The remaining counts then included:

Count I: Illegal Arrest in Violation of 42 U.S.C. § 1983 against Defendant Hersl;
Count II: False Imprisonment in Violation of 42 U.S.C. § 1983 against Defendant Hersl;
Count III: Malicious Prosecution in Violation of 42 U.S.C. § 1983 against Defendant Hersl;
Count IV: Violation of Article 24 of the Maryland Declaration of Rights against Defendant Hersl;
Count X: Violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act under 18 U.S.C. § 1962(b), (c) against all Defendants; and
Count XI: Conspiracy to Violate the RICO Act under 18 U.S.C. § 1962(d) against all Defendants.

*Id.* at 27 ("Because Hersl has not moved to dismiss the first four claims, they cannot be dismissed."). BPD Defendants then moved for judgment on the pleadings for Counts X and XI, which the Court granted. ECF No. 66. Because Defendant Hersl did not join in that motion, the Court explicitly declined to dismiss Counts X and XI against him.[3] *Id.* at 4 n.4. Accordingly, the remaining counts in Plaintiff's Amended Complaint are now Counts I, II, III, IV, X, and XI against

---

[3] Defendant Hersl states that it is unclear whether Counts X and XI were dismissed against him. ECF No. 68-1 at 2 n.2. On the contrary, this Court's Order (ECF No. 67) clearly stated that Counts X and XI were dismissed against all Defendants except Defendant Hersl. ECF No. 67. Defendant Hersl neither filed his own motion nor joined in the motion requesting judgment on Counts X and XI. And finally, if the above was not sufficiently clear, the Court also addressed this point explicitly in its Memorandum Opinion, explaining that it would not dismiss the claims against Defendant Hersl *sua sponte*. ECF No. 66 at 4 n.4.

Defendant Hersl. Defendant Hersl now moves for judgment on the pleadings with respect to these remaining counts. ECF No. 68.

<div align="center">

**DISCUSSION**

</div>

**A. Standard of Review**

      1.   Rule 12(c) Motion for Judgment on the Pleadings

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed.R.Civ.P. 12(c). The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6). *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (citing *Butler v. United States,* 702 F.3d 749, 751–52 (4th Cir. 2012)). A Rule 12(b)(6) motion tests the sufficiency of a complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Butler*, 702 F.3d at 752 (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999)). Thus, a motion for judgment on the pleadings "should only be granted if, after accepting all well-pleaded allegations in [Plaintiff's] complaint as true and drawing all reasonable factual inferences from those facts in [Plaintiff's] favor, it appears certain that [Plaintiff] cannot prove any set of facts in support of his claim entitling him to relief." *Drager*, 741 F.3d at 474 (quoting *Edwards,* 178 F.3d at 244). "A Rule 12(c) motion should be granted when the pleadings fail to state any cognizable claim for relief, and the matter can, therefore, be decided as a matter of law." *Hamilton Jewelry, LLC v. Twin City Fire Ins. Co., Inc.*, —— F.Supp.3d ——, 2021 WL 4214837, at *2 (D.Md. Sept. 16, 2021) (citations omitted).[4]

---

[4] Defendant Hersl appears to have copied without reference the Court's standard of review from its previous Memorandum Opinion. *Compare* ECF No. 66 at 3, *and* ECF No. 68-1 at 3.

<div align="center">

4

**JA76**

</div>

**B. Defendant Hersl's Motion**

Defendant Hersl requests this Court dismiss Plaintiff's Amended Complaint with prejudice and without leave to amend. ECF No. 68. In particular, Defendant Hersl asserts that (1) Plaintiff's Amended Complaint is wholly deficient of allegations with respect to Counts I and II; (2) Plaintiff failed to comply with the notice requirements of the Local Government Tort Claims Act ("LGTCA"); (3) Plaintiff failed to allege any pattern of racketeering activity necessary for a RICO violation; and (4) Plaintiff failed to allege that Defendant Hersl conspired with anyone to violate RICO. *Id.* at 5–13. Defendant Hersl presents no argument with respect to Count III. As neither side has substantively addressed the sufficiency of Count III, the Court declines to dismiss it. I address each of Defendant Hersl's arguments below.

1. Federal Claims under 42 U.S.C. § 1983[5]

Defendant Hersl asserts that Plaintiff's Amended Complaint is "wholly deficient" in detailing what Defendant Hersl allegedly did to Plaintiff. ECF No. 68-1 at 4. He contends that there were no allegations he lacked legal justification for the stop and explains that a "brief investigative detention" is justified based on an articulable, reasonable suspicion. *Id.* at 4–5 (citing *Terry v. Ohio*, 393 U.S. 1, 30 (1968)). Therefore, Defendant Hersl asserts that the allegations that he lacked probable cause or a warrant does not require a finding that Plaintiff's Fourth Amendment right was violated. *Id.* at 4–5. In response, Plaintiff asserts that, even if the stop was constitutional,

---

[5] The Amended Complaint states that Counts I and II are brought pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and Count III is brought pursuant to 42 U.S.C. §§ 1983, 1985. ECF No. 17. Section 1985 concerns conspiracy to interfere with civil rights and requires two or more persons conspiring. 42 U.S.C. § 1985. The Amended Complaint does not detail a conspiracy with respect to Counts I through III. Section 1988, in turn, concerns proceedings in vindicating civil rights. 42 U.S.C. § 1988. Accordingly, the Court construes Plaintiff's Counts I through III as asserted pursuant to § 1983.

the subsequent arrest and detention were illegal as the basis of the arrest was planted on Plaintiff by Defendant Hersl. ECF No. 73-1 at 4. I agree with Plaintiff.

The Fourth Amendment, made applicable to the states through the Fourteenth Amendment, protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961). Section 1983 "authorizes a suit for damages against any individual 'who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. *See Corral v. Montgomery Cnty.*, 4 F.Supp.3d 739, 744 (D.Md. 2014). Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

An arrest is a seizure of a person and therefore must be "reasonable under the circumstances." *District of Columbia v. Wesby*, —— U.S. ——, 138 S.Ct. 577, 585 (2018) (citing *Payton v. New York*, 445 U.S. 573, 585 (1980)). "Probable cause exists if the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Stutzman v. Krenik*, 350 F.Supp.3d 366, 377 (D.Md. 2018) (quoting *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998)). "To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Wesby*, 138 S.Ct. at 586 (citations omitted).

6

Probable cause "deals with probabilities and depends on the totality of the circumstances" and is thus "'a fluid concept' that is 'not readily, or even usefully, reduced to a neat set of legal rules.'" *Id.* (first quoting *Maryland v. Pringle,* 540 U.S. 366, 371 (2003)) (next quoting *Illinois v. Gates,* 462 U.S. 213, 232 (1983)). "A warrantless arrest is reasonable if the officer has probable cause to believe that the suspect committed a crime in the officer's presence." *Id.* (citing *Atwater v. Lago Vista,* 532 U.S. 318, 354 (2001). In contrast, "'[t]o prove an absence of probable cause, [Plaintiff] must allege a set of facts which made it unjustifiable for a reasonable officer to conclude' that [Plaintiff] had violated the relevant statute." *Id.* (quoting *Brown v. Gilmore,* 278 F.3d 362, 368 (4th Cir. 2002)).

Here, Plaintiff has alleged that Defendant Hersl threatened to plant a handgun on Plaintiff, and a week later, planted the handgun and arrested Plaintiff for possession of a handgun. ECF No. 17 ¶¶ 95–96, 99. He alleges that "[t]here was no factual basis for the allegation that Plaintiff was armed with a firearm," and that "Defendant Officers planted one at the scene." *Id.* ¶¶ 109, 111. The context makes clear this allegation pertains to Defendant Hersl. *See id.* at 4. Accordingly, I agree with Plaintiff that the issue is not whether Defendant Hersl's initial stop of Plaintiff was constitutional but instead whether he had probable cause to arrest and imprison him, constituting a seizure of his person. An allegation that Defendant Hersl planted the evidence of the crime certainly does not support a finding of probable cause. Accordingly, Plaintiff's Amended Complaint alleges that he was subject to an unreasonable seizure of his person when he was arrested and subsequently detained without probable cause in violation of the Fourth Amendment. He has thus sufficiently alleged violations of § 1983. The Motion is DENIED as to Counts I, II, and III.

2. Maryland Declaration of Rights Claim and the LGTCA

Defendant Hersl next asserts that the LGTCA bars Plaintiff from bringing a claim for unliquidated damages because he failed to provide the notice required by Md. Code Ann., Cts. & Jud. Proc. § 5-304(b)(1). ECF No. 68-1 at 5–8. Plaintiff contends he substantially complied with the requirement by filing an Internal Affairs complaint within 180 days and then filing formal LGTCA notice in March 2009, more than a year after his arrest. ECF No. 73-1 at 5–6. He further asserts that the Court should exercise its discretion to permit the claim because Defendant Hersl has not asserted prejudice. *Id.* at 6. I find Defendant Hersl's argument compelling with respect to Count IV.

The LGTCA includes "procedural prerequisites" that Plaintiff must meet in order to bring a cause of action against a local government or its employee. *Rounds v. Maryland-Nat. Cap. Park & Plan. Comm'n*, 441 Md. 621, 639–40 (2015). It applies to "all Maryland constitutional and common law tort claims for unliquidated damages." *Johnson v. Baltimore Police Dep't*, 452 F.Supp.3d 283, 315 (D.Md. 2020) (citing Md. Code Ann., Cts. & Jud. Proc. § 5-304). *See Rounds*, 441 Md. at 636 ("[G]enerally, the LGTCA notice requirement applies to both state constitutional and non-constitutional tort claims for unliquidated damages"). Specifically, the LGTCA prohibits Plaintiff from bringing "an action for unliquidated damages" against a local government or its employee unless "notice of the claim . . . is given within," at the time of the alleged incident, 180 days of the injury.[6] *Id.* at 640; Md. Code Ann., Cts. & Jud. Proc. § 5-304(b)(1). "Compliance with the notice requirement is a 'condition precedent' to suit." *Johnson*, 452 F.Supp.3d at 315 (quoting *Rios v. Montgomery Cnty.*, 386 Md. 104, 127 (2005)). The required notice in the present case was to be provided to the Baltimore City Solicitor. Md. Code Ann., Cts. & Jud. Proc. § 5-304(c)(3)(i).

---

[6] The law now requires notice be given within one year of the injury. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-304(b)(1).

8

Strict compliance with the LGTCA notice provision is not always required. *See Abdus-Shahid v. Mayor & City Council of Baltimore*, 674 F.App'x 267, 273 (4th Cir. 2017) ("Maryland courts do not require strict compliance with the LGTCA's notice provisions."). First, failure to comply with the notice provisions may not require dismissal where Plaintiff has "substantially complie[d]" with the requirement. *Ellis v. Hous. Auth. of Baltimore City*, 436 Md. 331, 342 (2013). Plaintiff substantially complies with the LGTCA notice requirement where:

> (1) the plaintiff makes "some effort to provide the requisite notice"; (2) the plaintiff does "in fact" give some kind of notice; (3) the notice "provides . . . requisite and timely notice of facts and circumstances giving rise to the claim"; and (4) the notice fulfills the LGTCA notice requirement's purpose, which is to apprise [the] local government of its possible liability at a time when [the local government] could conduct its own investigation, i.e., while the evidence was still fresh and the recollection of the witnesses was undiminished by time, sufficient to ascertain the character and extent of the injury and [the local government's] responsibility in connection with it.

*Id.* at 342–43 (quoting *Faulk v. Ewing*, 371 Md. 284, 298–99 (2002)). Defendant Hersl correctly states that Maryland courts have concluded that the filing of an Internal Affairs complaint does not substantially comply with the statutory notice requirement. *See White v. Prince George's Cnty.*, 163 Md.App. 129, 147 (2005) (regarding an Internal Affairs Division complaint for police brutality); *Wilbon v. Hunsicker*, 172 Md.App. 181, 201 (2006) (same). The Court of Special Appeals "rejected that argument because '[the claimants] did not provide notice to an entity with responsibility for investigating tort claims . . . [i]nstead, [the claimants] sent notice to the [internal affairs departments][,] [t]he content of that complaint pertained to [the claimants'] allegation[s] of police brutality, not to tort claims arising from such conduct.'" *Hansen v. City of Laurel*, 193 Md.App. 80, 95–96 (2010), *aff'd*, 420 Md. 670 (2011) (alterations in original) (quoting *Wilbon*, 172 Md.App. at 201). Internal Affairs investigations are "vastly different from an investigation of a tort claim for damages"; therefore, "[b]ecause the internal affairs departments

9

were not responsible for investigating tort claims," filing a complaint does not substantially comply with the LGTCA notice requirement. *Id.*

Second, there is a statutory exception: "unless the defendant can affirmatively show that [his] defense has been prejudiced by lack of required notice, upon motion and for good cause shown the court may entertain the suit even though the required notice was not given." Md. Code Ann., Cts. & Jud. Proc. § 5-304(d). Thus, the decision is within the Court's discretion. *Prince George's Cnty. v. Longtin*, 419 Md. 450, 467 (2011). However, Plaintiff must first show "good cause" for his failure to comply with the notice provision. *Id.* ("By the language of the statute, the burden is on the claimant first to show 'good cause.'"). The test for good cause is "whether [Plaintiff] prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances." *Heron v. Strader*, 361 Md. 258, 271 (2000) (quoting *Westfarm Assoc. v. Washington Suburban Sanitary Comm'n*, 66 F.3d 669, 676–77 (4th Cir. 1995)). If good cause exists, the burden then shifts to Defendant to show that he has been prejudiced by the lack of notice. *Johnson*, 452 F.Supp.3d at 317 (citing *Longtin*, 419 Md. at 467).

Here, the case law is clear. Plaintiff's filing of an Internal Affairs complaint does not satisfy the LGTCA notice requirement. *See Hansen*, 193 Md.App. at 95–96. The fact that Plaintiff's then-counsel filed the proper notice over a year later certainly does not constitute substantial compliance. Indeed, beyond the Internal Affairs complaint, Plaintiff provided no notice within 180 days of his arrest that put the government or Defendant Hersl on notice as to the possible tort claim and liability. *See Ellis*, 436 Md. at 342–43. Moreover, I agree that Plaintiff has failed to meet his burden to show good cause to trigger the statutory exception to the LGTCA notice requirement. The exception requires that Plaintiff first show good cause for his failure to comply with the notice

provision. *Longtin*, 419 Md. at 869. Plaintiff has offered no such good cause, so the Court may not reach the inquiry of whether Defendant Hersl has shown prejudice. *Id.* Accordingly, Plaintiff has both failed to strictly comply with the LGTCA notice requirement and has failed to show either substantial compliance or good cause the failure to comply. His claim for damages pursuant to the Maryland Declaration of Rights is thus barred.

3. Federal RICO Claims under 18 U.S.C. § 1962

Finally, Defendant Hersl claims that Plaintiff's RICO and conspiracy to violate RICO claims cannot stand because he failed to allege any pattern of racketeering activity, a second act of racketeering activity, and any conspiracy between Defendant Hersl and anyone. ECF No. 68-1 at 8–11. Plaintiff offers no argument in response. As an initial matter, "in failing to respond" to Defendant Hersl's arguments, "Plaintiff concedes the point." *Stenlund v. Marriott Int'l, Inc.*, 172 F.Supp.3d 874, 887 (D.Md. 2016) (citing *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md. 2010)). *See Alvarez v. Lynch*, 828 F.3d 288, 295 (4th Cir. 2016) (explaining that "an outright failure to join in the adversarial process" by failing to respond to a movant's arguments in a response brief "would ordinarily result in waiver"); *Mentch v. E. Sav. Bank, FSB*, 949 F.Supp. 1236, 1246–47 (D.Md. 1997) ("I agree with [the defendant] that [the plaintiff] has abandoned her [] claim by failing to address that claim in her opposition."); *Giannasca v. Bank of Am., N.A.*, No. CV ELH-17-2110, 2018 WL 6046814, at *13 (D.Md. Nov. 19, 2018) (explaining that the plaintiff "concede[d]" the defendants' argument by failing to respond to it). However, even without Plaintiff's concession, I still conclude that Plaintiff has failed to detail sufficient facts to plausible allege RICO violations.

11

**JA83**

To plead a civil RICO claim, Plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[7] *Morley v. Cohen*, 888 F.2d 1006, 1009 (4th Cir. 1989) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Plaintiff also must prove injury to his business or property. *Id.* (quoting 18 U.S.C. § 1964(c)). Plaintiff here alleges violations to paragraphs (b), (c), and (d). I address each paragraph in turn.

Paragraph (b) prohibits any person "through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise" which engages in or affects interstate or foreign commerce. 18 U.S.C. § 1962(b). A "racketeering activity" is "any act or threat" involving either state law crimes of murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical, or any act indictable under specified federal statutes. 18 U.S.C. § 1961(1). *See Davis v. Wilmington Finance, Inc.*, No. CIV. PJM 09-1505, 2010 WL 1375363, at *3 (D.Md. Mar. 26, 2010). To establish a pattern of racketeering activity under the RICO statute, Plaintiff must allege "at least two acts of racketeering activity . . . the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." *Ekstrom v. Cong. Bank*, No. CV ELH-20-1501, 2020 WL 6565251, at *18 (D.Md. Nov. 9, 2020), *motion to certify appeal denied,* 2021 WL 119000 (D.Md. Jan. 13, 2021) (quoting 18 U.S.C. § 1961(5)).

Plaintiff must show that the predicate acts "are [1] related and [2] that they amount to or pose a threat of continued criminal activity." *Id.* (emphasis omitted) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). "Acts are related if they 'have the same or similar purposes,

---

[7] Defendant Hersl appears to have copied without reference the Court's analysis of RICO claims from its previous Memorandum Opinion. *Compare* ECF No. 66 at 5–6, 8–9, *and* ECF No. 68-1 at 8–10.

results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* (quoting *H.J. Inc.*, 492 U.S. at 240). The Court employs "a commonsensical, fact-specific approach" to determine whether a pattern of racketeering activity exists. *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989) (citing *H.J. Inc.*, 492 U.S. at 241 (1989)). *See Starr v. VSL Pharms., Inc.*, 509 F.Supp.3d 417, 439 (D.Md. 2020) (quoting *Brandenburg v. Seidel*, 859 F.2d 1179, 1185 (4th Cir. 1988) ("[T]he existence of a pattern is to be determined not based on 'mechanical rules,' but on a 'case-by-case' basis upon consideration of 'all the facts and circumstances of the particular case,' including 'criminal dimension and degree.'")); *Proctor v. Metro. Money Store Corp.*, 645 F.Supp.2d 464, 480 (D.Md. 2009) (explaining the same).

Further, paragraph (c) prohibits any person "employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). In addition to the pattern of racketeering activity required in § 1962(b), "[t]he Supreme Court has authorized use of the 'operation or management' test, which requires that a defendants [sic] must have some part in directing the affairs of the enterprise" for liability under § 1962(c). *Superior Bank, F.S.B. v. Tandem Nat. Mortg., Inc.*, 197 F.Supp.2d 298, 325 (D.Md. 2000), *adhered to on denial of reconsideration* (June 27, 2000) (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993)). "Mere participation in the activities of the enterprise is insufficient; the defendant must participate in the operation or management of the enterprise." *Thomas v. Ross & Hardies*, 9 F.Supp.2d 547, 554 (D.Md. 1998).

Finally, paragraph (d) prohibits the conspiracy to violate any of the subsections of § 1962. 18 U.S.C. § 1962(d). *See McClain v. Wells Fargo Bank, N.A.*, No. PWG 20-CV-2035, 2021 WL

13

3852322, at *7 (D.Md. Aug. 27, 2021). "The heart of a conspiracy is the agreement to do something that the law forbids." *United States v. Pryba*, 900 F.2d 748, 760 (4th Cir. 1990). In a claim under § 1962(d), Plaintiff "must allege that each defendant agreed that another coconspirator would commit two or more acts of racketeering." *Walters v. McMahen*, 795 F.Supp.2d 350, 355 (D.Md. 2011), *aff'd,* 684 F.3d 435 (4th Cir. 2012) (citations omitted). Further, Plaintiff must describe the conspiracy in detail, "including the identity of the co-conspirators, the object of the conspiracy[,] and the date and substance of the conspiratorial agreement." *Id.* (quoting *Cruz v. Cinram Intl. Inc.,* 574 F.Supp.2d 1227, 1236 (N.D.Ala. 2008)). Where the plaintiffs "fail to provide any facts indicative of such an agreement, including when or where the agreement took place, or the specific substance of any communications," the pleading standard is not met. *See id.* at 355–56.

I am convinced that Plaintiff has failed to meet the pleading standard to show Defendant Hersl violated RICO or conspired to violate RICO. First, Plaintiff does not appear to have alleged at least two specific and related acts of racketeering activity by Defendant Hersl to show a pattern. The Amended Complaint alleges Defendant Hersl and other previous BPD Defendants "repeatedly committed extortionate conduct against Plaintiff and other Baltimore citizens, planted evidence against Plaintiff and other Baltimore citizens, intimidated witnesses reporting police misconduct including Plaintiff, and obstructed justice by failing to properly investigate internal affairs complaints." ECF No. 17 ¶ 188. However, Plaintiff provides no detail to support these broad claims. Instead, the only specific acts Plaintiff alleges of Defendant Hersl—besides his own alleged illegal arrest—are an act while off duty, a false arrest, and excessive force. *Id.* ¶¶ 84, 87. The pleadings make no effort to link the specific allegations against Defendant Hersl to a scheme of racketeering activity. In doing so, he fails to identify a pattern and instead alleges only

14

unsupported conclusions and isolated events. *See H.J. Inc.*, 492 U.S. at 240. While Defendant

Hersl was criminally convicted of RICO violations, Plaintiff's Amended Complaint must still state

a claim upon which relief can be granted. Here, that requires allegations of related predicate acts

that show a pattern of racketeering activity.

Plaintiff has also failed to allege that Defendant Hersl directed the affairs of any of the

identified enterprises. Plaintiff solely alleges that Defendant Hersl was an officer of the GTTF and

that all Defendants "unlawfully engaged . . . in the racketeering activities set forth in this Amended

Complaint and, on information and belief, on tens of thousands of occasions during the part [sic]

fifteen years, through a pattern of racketeering activity, and have acquired directly and indirectly

control of the named enterprises," including the GTTF. *Id.* ¶ 193. Such bare allegations are not

sufficient to show more than "mere participation" in the enterprise to satisfy the operation or

management test. *See Thomas*, 9 F.Supp.2d at 554. Plaintiff has thus failed to plausibly allege

violations of § 1962(b) or (c).

Finally, with respect to conspiracy in § 1962(d), Plaintiff has similarly not identified any

conspiratorial agreement (nor the substance of that agreement) between Defendant Hersl and

another officer. *See Walters*, 795 F.Supp.2d at. He alleges only that Defendants "have conspired

and continue to conspire." ECF No. 17 ¶ 196. This is nothing more than a conclusory allegation in

a complaint that the Court may not merely accept that as true. *See Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'"). While the Amended Complaint does suggest that

Defendant Hersl was working with another officer when he arrested Plaintiff, it identifies no

conspiratorial agreement to violate RICO nor more than a single allegation related to Plaintiff's

15

arrest. Plaintiff has neither pled sufficient facts to support his RICO claims nor defended his RICO claims from Defendant Hersl's challenge. Accordingly, Counts X and XI must be dismissed.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant Hersl's Motion for Judgment on the Pleadings is GRANTED IN PART, with respect to Counts IV, X, and XI, and DENIED IN PART, with respect to Counts I, II, and III. Given that Plaintiff has already filed an Amended Complaint and has not requested leave to further amend in his response, dismissal with prejudice is proper. Accordingly, Counts IV, X, and XI against Defendant Hersl are DISMISSED WITH PREJUDICE. A separate Order will follow.

Date: 5 May 2022

A. David Copperthite
United States Magistrate Judge

16

**JA88**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC RICH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. ADC-20-488 |
| | * | |
| DANIEL HERSL, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

In accordance with the accompanying Memorandum Opinion, it is this __5th__ day of May,

2022, by the United States District Court for the District of Maryland, **ORDERED** as follows:

1. Defendant Daniel Hersl's Motion for Judgment on the Pleadings (ECF No. 68) is hereby

   **GRANTED IN PART** and **DENIED IN PART**;

   a. Defendant's Motion is **GRANTED** to the extent that it seeks to dismiss Counts

      IV, X, and XI of Plaintiff's Amended Complaint;

   b. Defendant's Motion is **DENIED** to the extent that it seeks to dismiss Counts I, II,

      and III of Plaintiff's Amended Complaint; and

2. The Clerk shall transmit copies of the foregoing Memorandum Opinion and Order to

   counsel of record.

A. David Copperthite
United States Magistrate Judge

JA89

ERIC RICH                          *      IN THE

401 E. Madison Street
Baltimore, Maryland 21202          *      UNITED STATES

     Plaintiff                  *      DISTRICT COURT

v.
                                   *      FOR THE DISTRICT

DANIEL HERSL, et al

     Defendants                 *      OF MARYLAND

                                   *      Case No.: 1:20-CV-00488

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION FOR SUMMARY JUDGMENT

Defendant Daniel Hersl ("Defendant" or "Defendant Hersl"), by and through his attorneys W. Timothy Sutton, Esquire and the Law Offices of James E. Crawford Jr. and Associates, LLC, hereby submits this Motion for Summary Judgment, and states as follows:

1. Pursuant to Federal Rules of Civil Procedure 56, the Defendant is entitled to judgment as a matter of law as the Plaintiff, Eric Rich's ("Plaintiff") Amended Complaint alleges no genuine dispute of material fact.

WHEREFORE, for these reasons and those which are set forth more fully in the accompanying Memorandum of Law in Support of this Motion, Plaintiff's Amended Complaint must be dismissed in its entirety against Defendant Hersl, with prejudice and without leave to amend.

1

Respectfully submitted,

W. Timothy Sutton, Esquire
Bar Number 27912
The Law Offices of James E. Crawford, Jr.
and Associates, LLC
999 Corporate Blvd., Suite 100
Linthicum, MD 21090
Phone: 443-709-9999
Fax: 443-919-4207
Email: tim@jamescrawfordlaw.com
*Attorneys for Defendant, Daniel Hersl*

2

<u>CERTIFICATE OF
SERVICE</u>

**I HEREBY CERTIFY,** that on the 6th day of February 2023, a copy of Defendant's

Motion for Summary Judgment was filed and electronically upon:


Hannah M. Ernstberger, #20513
Joshua L. Insley, #30055
Saller, Lord, Ernstberger & Insley
12 S. Calvert Street, 2nd Floor
Baltimore, MD 21202
hernstberger@sallerlaw.com
jinsley@sallerlaw.com
*Counsel for Plaintiff Eric Rich*




_____
W. Timothy Sutton, Esquire
Bar Number 27912

3

ERIC RICH                        *        IN THE

                                 *        UNITED STATES

         Plaintiff               *        DISTRICT COURT

v.                                        *        FOR THE DISTRICT

DANIEL HERSL, et al                       *        OF MARYLAND

         Defendants                       *        Case No.: 1:20-CV-00488

*        *        *        *        *        *        *        *        *        *        *        *        *

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Daniel Hersl ("Defendant" or "Defendant Hersl"), by and through his attorneys W. Timothy Sutton, Esquire and the Law Offices of James E. Crawford Jr. and Associates, LLC, hereby submits this Motion for Summary Judgment, and states as follows:

## INTRODUCTION

The basis for the Plaintiff, Eric Rich's ("Plaintiff") allegations in this matter arise from the Plaintiff's arrest by the Defendant on October 2, 2007. The Defendant arrested the Plaintiff, and the Plaintiff was charged, with the possession of an unregistered firearm in violation of Maryland law. The Plaintiff was indicted on federal charges pertaining to the same arrest by the Defendant. The charges under Maryland law were dismissed on April 23, 2008, and the federal indictment was dismissed soon after on June 9, 2008. The Plaintiff was released from incarceration on June 9, 2008, contemporaneously with the dismissal of the federal indictment.

The Defendant was indicted in March 2017 on charges of racketeering conspiracy, racketeering aiding and abetting, racketeering, and robbery. The Defendant was found guilty of the above charges on or about February 12, 2018.

The Plaintiff filed his initial Complaint on February 24, 2020, roughly three (3) years after the Defendant was indicted in March of 2017. The Plaintiff filed his Amended Complaint on September 29, 2020, which contained eleven total counts against the Defendant, the Baltimore Police Department, former Major Keith Tiedemann, former Major Nathan Warfield, former Chief Grayling Williams, former Chief Rodney Hill, Major Ian Dombroski, Major Stephanie Lansey-Delgado, former Commissioner Leonard Hamm, former Commissioner Frederick Bealefeld, former Commissioner Anthony Batts, former Commissioner Kevin Davis, former Commissioner Darryl DeSousa, former Commissioner Gary Tuggle, and Commissioner Michael Harrison ("BPD Defendants"). On June 24, 2021, this Court dismissed all counts alleged against the BPD Defendants except for Count X and Count XI. The BPD Defendants moved for judgment on the pleadings on January 21, 2022, which was granted by this Court on March 7, 2022. In its Memorandum Opinion issued on March 7, 2022, this Court indicated it did not dismiss Counts I through IV against Defendant Hersl. In that same Memorandum Opinion, the Court was unclear in whether Counts V, VI, X, and XI were dismissed as to Defendant Hersl, leaving the only remaining Counts against the Defendant being Counts I through IV.

## FACTUAL BACKGROUND

On October 2, 2007, the Plaintiff was arrested by the Defendant. Detective Calvin Moss was present during the arrest of the Plaintiff. See Affidavit of Calvin Moss attached as Exhibit 1.  The arrest occurred between 8 and 9 at night. Detective Moss and the Defendant were positioned on top of a garage located at 1600 East Baltimore Street. Detective Moss and the Defendant observed the Plaintiff arrive at the scene at this time. Detective Moss observed the Plaintiff walk from the west of the 100 block of North Bond Street to the east side of the street. The Defendant utilized his radio and called for an assisting unit and directed that they place the Plaintiff under arrest. Detective Moss and the Defendant left the garage top and responded to the location of the Plaintiff. The Defendant bent down near a bush and immediately stood up in possession of the pistol which was recovered at that location. The Defendant made no move toward any part of his body and was not in possession of the weapon prior to the recovery.

After his arrest, the Plaintiff was charged by both the state of Maryland and indicted federally. The state ceased its prosecution on or about April 23, 2008 with the federal prosecution dropped on June 9, 2008. The Plaintiff was released from incarceration on June 9, 2008.

## STANDARD OF REVIEW

When reviewing a motion for summary judgment, the court's goal is to determine whether there is any genuine dispute of material fact and if there is no dispute, whether the moving party is entitled to judgment as a matter of law.

Federal Rules of Civil Procedure 56(a). No genuine issues as to any material fact can exist if there is a complete lack of proof for an essential element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). For the non-moving party to defeat a motion for summary judgment, the non-moving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial.. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The record, when the Court is reviewing a motion for summary judgment, is cast in the light most favorable to the non-moving party. *Serfecz v. Jewel Food Stores*, 67 F.3d 591 (1995). General allegations or conclusory assertions which do not show facts in detail and with precision will not suffice to overcome a motion for summary judgment. Federal Rule of Civil Procedure 56(e). Under the above standard for a motion for summary judgment to be granted, this Court should enter summary judgment in the Defendant's favor.

## ARGUMENT

I.  **PLAINTIFF FAILED TO PROVIDE NOTICE REQUIRED BY THE LOCAL GOVERNMENT TORT CLAIM ACT**

Under the Local Government Tort Claim Act ("LGTCA"), an individual may not bring an action for unliquidated damages against a local government or its employees, such as Defendant Hersl, unless that individual provides the government with notice of the claim within 180 days after the injury. Md. Ann. Code, Cts. & Jud. Proc. §5-304(b)(1). While the LGTCA was amended in October 2015, increasing the

notice period from 180 days to 1 year, since the Plaintiff's alleged injuries date to 2007 the Plaintiff was required to provide notice to the government within 180 days.

The Plaintiff did not provide sufficient notice to the Baltimore Police Department or Defendant Hersl, as required by the LGTCA. The Plaintiff contends that notice was provided to the BPD and the Defendants through a request by his criminal defense attorney prior to his March 2008 trial for a copy of the internal affairs complaint filed by the Plaintiff against Defendant Hersl. No further details have been provided regarding this request for the internal affairs complaint, the Plaintiff has failed to verify to whom that request was made or if a response was ever received.

Even if such a request was made and received, Maryland courts have ruled that filing a complaint to an police department's Internal Affairs Division was insufficient to comply with the notice requirement of the LGTCA. In *White v. Prince George's County*, the Court ruled that since White did not provide notice to an "entity with responsibility for investigating tort claims lodged against the County" and did not take actions that an "ordinarily prudent person would have, and should have, done more to ensure his action was proceeding in a timely manner", that White did not satisfy the notice requirement of the LGTCA. *White v. Prince George's* County 163. Md. App 129, 147 (2005). In this matter the Plaintiff failed to provide constructive or actual notice of his intent to file for damages against the Defendants, both his internal affairs complaint and his prior counsel's request for that complaint fail to meet the standards stated in *White v. Prince George's County*. As the Plaintiff has failed to

comply with the notice requirement of the LGTCA, the Defendant is entitled to summary judgment.

## II.   THERE IS NO GENUINE DISPUTE ABOUT ANY MATERIAL FACT THAT WOULD ENTITLE THE PLAINITFF TO PREVAIL

The lone material fact at issue in the action is whether the Defendant planted the handgun on the Plaintiff on October 2, 2007 at the time of his arrest. There is no admissible evidence that the Defendant did so and the affidavit of Detective Moss directly contradicts that assertion.

The possession of the handgun is of vital importance in this case. Each of the Plaintiff's tort claims require that the arrest was unlawful. An arrest is unlawful if it is made "without legal authority or probable cause." *Okwa v. Harper*, 360 Md. 161, 175, 757 A.2d 118 (2000). As a police officer, the Defendant had the legal authority to arrest the Plaintiff. The Plaintiff must show that the Defendant acted without probable cause. "Probable cause is not a high bar." *State v.* Johnson, 458 Md. 518, 535, 183 A.3d 119 (2018). Whether probable cause existed is "determined on factual and practical considerations of everyday life on which reasonable and prudent people act." *Okwa.* at 184, 757 A.2d 118. If the facts and circumstances are sufficient to warrant a prudent person to believe that the suspect had or was committing an offense, probable cause exists. *Id.*

There are four possibilities in this case. First, the Plaintiff possessed the firearm. If the Plaintiff possessed the firearm, there is clear probable cause. Second, one of the Plaintiff's acquaintances possessed the firearm and left it near the bush. If this is the

case, the Defendant still had probable cause to arrest the Plaintiff. This is because probable cause exists even if the Defendant was wrong but understandably wrong. Third, some other third party possessed the firearm. As in the second possibility, even if the Defendant was wrong but understandably so, probable cause existed. The fourth possibility is that the Defendant planted the firearm. If this is the case, the Defendant clearly lacked probable cause.

For the Plaintiff to create a genuine dispute of material fact, he must produce evidence to suggest or a least give rise to the reasonable inference that one of these possibilities is more likely than the others. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

In the present case, despite the allegations of threats of planting the gun, the is no actual evidence that the gun was planted. The Plaintiff "recalls few details" of his arrest. See Plaintiffs Answers to Interrogatories, Interrogatory 11 attached as Exhibit 2. But whether the Plaintiff possessed the gun or not, it does nothing to establish that the Defendant planted a gun. The Plaintiff cannot state that he saw the Defendant plant the gun and there is no other testimony to that effect. When a motion for summary judgment is properly made, unsupported conclusory allegations do not suffice to create a genuine issue of material fact. *Thompson v. Potomac Elec. Power Co.,* 312 F.3d 645, 649 (4th Cir. 2002).

CONCLUSION

For these reasons, Defendant Hersl requests that this Honorable Court grants Defendant's Motion for Summary Judgment and enter summary judgment in favor of the Defendant and against the Plaintiff as to Counts I, II, III, and IV of Plaintiff's Amended Complaint.

Respectfully submitted,

W. Timothy Sutton, Esquire
Bar Number 27912
The Law Offices of James E. Crawford, Jr.
and Associates, LLC
999 Corporate Blvd., Suite 100
Linthicum, MD 21090
Phone: 443-709-9999
Fax: 443-919-4207
Email: tim@jamescrawfordlaw.com
*Attorneys for Defendant, Daniel Hersl*

CERTIFICATE OF
SERVICE

**I HEREBY CERTIFY,** that on the 6th day of February 2023, a copy of Defendant's Memorandum in Support for Defendant's Motion for Summary Judgment was filed and served via MDEC upon:

Hannah M. Ernstberger, #20513
Joshua L. Insley, #30055
Saller, Lord, Ernstberger & Insley
12 S. Calvert Street, 2nd Floor
Baltimore, MD 21202
hernstberger@sallerlaw.com
jinsley@sallerlaw.com

*Counsel for Plaintiff Eric Rich*

_____
W. Timothy Sutton, Esquire
Bar Number 27912

| | | |
|---|---|---|
| ERIC RICH | * | IN THE |
| | * | UNITED STATES |
| Plaintiff | * | DISTRICT COURT |
| v. | * | FOR THE DISTRICT |
| DANIEL HERSL, et al | * | OF MARYLAND |
| Defendants | * | Case No.: 1:20-cv-00488 |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## AFFIDAVIT OF CALVIN MOSS

I, Calvin Moss, represent to the Court the following assertions:

1. I am a resident of Maryland.

2. I am over the age of eighteen and competent to testify in the matters set forth herein.

3. I was present during the arrest of the Plaintiff, Eric Rich on October 2, 2007.

4. The following is my recollection of the facts relating to the incident of the arrest:

a. On October 2, 2007 at approximately 8 to 9 pm, Detective Daniel Hersl and I were positioned on the top of a garage located at 1600 E Baltimore St in Baltimore City. I recall that it was a brisk early evening and that I was a little underdressed for standing outside. Detective Hersl was interested in making observations as a result of recent gun seizures in the area. Due to a need to remain unobserved while in our covert position, Detective Hersl

Doc ID: a575c485bfbcc218db958dac44fbbbf9f239ff83

positioned himself with a vantage point which limited his exposure and I limited my involvement to one of overwatch.

b. During this timeframe, Detective Hersl informed me that he saw Eric Rich arrive. Mr Rich was known to us as a result of his numerous contacts with law enforcement. Shortly after, Detective Hersl informed that Mr. Rich had a gun and had walked across the street where he placed it near a bush. I clearly remember the excited demeanor of Detective Hersl as he made these observations and related them to me as I stood by. While Detective Hersl was informing me of these events I peeked over the edge and observed Mr. Rich walking from the west side of the 100 block of N Bond St. back to the east side.

c. Detective Hersl then utilized his radio and called for an assisting unit as he continued to make observations of Mr. Rich standing in the block. Upon the arrival of the assisting unit, Detective Hersl directed them to place Mr. Rich under arrest. Detective Hersl and I then left the garage top and responded to the 100 block of N Bond St where Detective Hersl exited our vehicle and walked to the west side of the street and in view of everyone bent down near a bush and immediately stood up in possession of a semi auto pistol which he recovered from that location. Detective Hersl made no move toward any part of his own person and was not in possession of any such weapon prior to recovering the weapon from the ground.

Doc ID: a575c485bfbcc218db958dac44fbbbf9f239ff83

I DO SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THIS AFFIDAVITT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

_____
Detective Calvin Moss

Doc ID: a575c485bfbcc218db958dac44fbbbf9f239ff83

**Dropbox** Sign

Audit trail

| | |
|---|---|
| **Title** | Affidavit of Calvin Moss for your review and signature |
| **File name** | Calvin Moss Affidavit.pdf |
| **Document ID** | a575c485bfbcc218db958dac44fbbbf9f239ff83 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

This document was requested on app.practicepanther.com and signed on app.practicepanther.com

## Document History

| | | |
|---|---|---|
| ↱ SENT | **01 / 30 / 2023** 20:37:29 UTC | Sent for signature to Moss, Calvin (cmoss1968@gmail.com) from jhersl05@gmail.com IP: 50.200.35.98 |
| 👁 VIEWED | **01 / 31 / 2023** 05:14:12 UTC | Viewed by Moss, Calvin (cmoss1968@gmail.com) IP: 172.58.242.173 |
| ✍ SIGNED | **01 / 31 / 2023** 05:15:17 UTC | Signed by Moss, Calvin (cmoss1968@gmail.com) IP: 172.58.242.173 |
| ⊘ COMPLETED | **01 / 31 / 2023** 05:15:17 UTC | The document has been completed. |

JA105

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC RICH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:20-CV-00488 |
| | : | |
| DANIEL HERSL, ET AL. | : | |
| | : | |
| Defendants. | : | |

<u>PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES</u>

TO:  Daniel Hersl, Defendant
    c/o Timothy Sutton, III, Esquire

BY:  Erich Rich, Plaintiff
    c/o Hannah M. Ernstberger, Esquire

   Comes now, the Plaintiff, Eric Rich, by his attorneys, Hannah M. Ernstberger and the firm of Saller, Lord, Ernstberger & Insley, and in Answering the Interrogatories propounded by the Defendant states as follows:

   (a) The information supplied in these Answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged.

   (b) The word usage and sentence structure are that of the attorneys who in fact prepared these answers and the language does not purport to be the exact language of the executing party.

   (c) The interrogatories have been interpreted and answered in accordance with the Maryland Rules of Procedure, plain English usage, and to the extent not specifically challenged by objection, the definitions and instructions included with the interrogatories.

<u>INTERROGATORIES</u>

INTERROGATORY #1. Identify each person, other than a person intended to be called as an expert witness at trial, having personal knowledge of relevant facts concerning each issue of this actions, or having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person.

   A: *Plaintiff objects to this Interrogatory on the grounds that it requests information not withing Plaintiff's custody, knowledge, or control, by asking Plaintiff to identify every*

**JA106**

*person who may personal knowledge of the subject occurrence. Subject to and without waiving, and outside of the parties to this suit, Plaintiff states Dianne Brown, 443-960-3075, has personal knowledge surrounding the facts of this case. Ms. Brown was contacted by Defendant Hersl concerning Mr. Rich and was requested to provide Defendant Hersl with a firearm. Further, Plaintiff may also call the following:*

- *Custodian of Records from the Baltimore Police Department: Baltimore Police Department Records for Defendant Hersl*
- *Michael E. Kaminkow, Sean Vitrano: Federal Public Defenders for Plaintiff when he was federally charged with possessing the firearm Defendant Hersl planted on him*
- *Sergeant Charles Williams: Investigated IAD Complaint*
- *Jessica Paugh: ASA assigned to Plaintiff's state charges for possession of the planted firearm*
- *Cheryl Crumpton: AUSU Assigned to Plaintiff's federal case for possession of the planted firearm*
- *Calvin Moss: Present during Plaintiff's arrest*
- *Luis Ruiz: Present during Plaintiff's arrest*
- *Frank Nellis: Present during Plaintiff's arrest*
- *Walter/Kevin Tuffy, Will Sturgis, Barbara Price: Investigated IAD Complaint concerning this instant matter*
- *All previously defendants named to this instant matter: knowledge concerning gun days, slash days, overtime fraud, and Defendant Hersl*
- *Margaret Crawls [now deceased]: Witness to the arrest*
- *Michelle Craws: Witness to the arrest*
- *Andre Blackwell: Witness to the arrest*
- *Demetrius Rich: Witness to the arrest*
- *Antonio Hopson: Witness to the Arrest*
- *Sergeant Eric Russell: Took the IAD complaint made by Plaintiff*
- *Ms. Cheatum: Investigated IAD complaint*
- *Christy Needleman: Mailed Notice of Claim to Baltimore Police Department on behalf of Plaintiff*

*Plaintiff reserves the right to supplement this response.*

INTERROGATORY #2. Identify each person who you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds of each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the experts compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions.

A: *Plaintiff states none.*

INTERROGATORY #3. If you are currently employed in any capacity, identify each current employer, and for each employment, state:
a. Identify each employer by name;
b. State the address and telephone number of each employer;
c. Your job title;
d. Your duties;
e. The number of hours in your average work week;
f. Your work schedule;
g. Your regular pay period;
h. Your gross wages per pay period;
i. Your net wages per pay period;
j. The deductions per pay period made by your employer from your wages;
k. If overtime work was available to you in the past twelve (12) months, state the number of overtime hours you worked during the twelve (12) months and your rate of pay for those hours;
l. If overtime work was available to you in the past twelve (12) months, state the number of overtime hours that were available to you during the twelve (12) months that you did not work and the rate of pay you would have received if you had worked those hours.

> A: *Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and outside of the scope of relevant evidence. Subject to and without waiving, Plaintiff is not currently employed.*

INTERROGATORY #4. Identify the sources and amounts of taxable and non-taxable income you received during the past five (5) years including, but not limited to, earnings, interest, dividends, distributions, gifts, loans from others, loans repaid to you by others, proceeds from sales of assets, "advances," "draws," reimbursements, etc.

> A: *Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and outside of the scope of relevant evidence. Subject to and without waiving, Plaintiff has had no income for the last five years as he has been federally incarcerated.*

INTERROGATORY #5. If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category, and location, or all such documents or other tangible things, and identify all persons having possession, custody, or control of them.

> A*: Plaintiff objects to this Interrogatory on the grounds that it requests information which is privileged in accordance with Attorney Client Privilege and because it calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Subject to and without waiving, please refer to Plaintiff's Production of Documents, including the documents previously provided in discovery by the Baltimore City Police Department.*

INTERROGATORY #6. If you will contend at the trial of this case that any party named in this action, or anyone authorized to act on behalf of any party, made an admission against interest as defined by the Federal Rules of Civil Procedure, describe in detail all facts upon which you rely to support your contention and with respect to each alleged admission, state the identity of each person you contend made the alleged admission, the date it was made, whether the admission was verbal or written, and the identity of the person to whom the admission was communicated, and the substance of the admission.

A: *See Plaintiff's Response to Interrogatory #14.*

INTERROGATORY #7. State in detail the reason for any denials in the Request for Admissions and include in your response the answer you claim is correct, and detail why the answer you claim is correct.

A: *Plaintiff objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Moreover, Plaintiff objects to this Interrogatory on the grounds that it is conjunctive and vague in requesting that Plaintiff "include in your response the answer you claim is correct."*

INTERROGATORY #8. List your current residence and all individuals with whom you reside. For each individual other than yourself, state that individual's age, relationship to you, and marital status. State your own birthdate and social security number.

A: *Plaintiff objects to this Interrogatory on the grounds that it is outside of the scope of relevant evidence to ask that Plaintiff provide current residential information. Subject to and without waiving, Plaintiff is currently incarcerated at FCI Gilmer which is located at 201 FCI Lane, Glenville, WV 26351. He is unable to provide the identity of all other individuals being house at this institution.*

INTERROGATORY #9. Outline in detail your educational background and include in your answer the highest grade completed; the name and date of any degree, diploma, or certificate you received, and the name of the institution conferring the degree, diploma, or certificate; and any specialized training you have received.

A:  *Plaintiff objects to this Interrogatory on the grounds that it includes compound and conjunctive questions and because it requests information outside the scope of relevant evidence. Subject to and without waiving, Plaintiff attended Southern High School, Lake Clifton High, the Harford Institute and has taken some classes while federally incarcerated.*

INTERROGATORY #10. If you have sought or received treatment or therapy at any time during the past five (5) years for any physical, mental, or emotional condition, including drug addiction or alcoholism, describe the condition and the treatment or therapy provided, state the date or dates of treatment or therapy, and identify all persons providing treatment or therapy.

A: *Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and outside of the scope of relevant evidence. Subject to and without waiving, Plaintiff states he has received mental health treatment while federally incarcerated.*

INTERROGATORY #11. Describe the events that took place in the 100 block of North Bond Street of Baltimore, Maryland on October 2, 2007, which resulted in your arrest by the Defendant. Please include in your description your recollection of the twenty-four (24) hours prior to your arrest by the Defendant, any locations visited other than the location of the arrest, and any third party or parties engaged with, spoken to, or encountered in aforementioned timespan.

A: *Plaintiff objects to this Interrogatory on the grounds that requiring Plaintiff to describe the events which led to his arrest requires speculation on the part of Plaintiff as the Defendant's frame of mind. Subject to and without waiving, Plaintiff notes that based on the lapse of time since the date of his arrest, he recalls few details. However, Plaintiff recalls that he was standing in the 100 block of North Bond Street speaking with acquaintances, including Andre Blackwell, Demetrius Rich, and two individuals by the names of Jamal and Terrell, when five officers, including Defendant Hersl and Officer Calvin Moss approached the group. The officers began searching Plaintiff and the other individuals, and Defendant Hersl claimed he found a gun on Plaintiff.*

INTERROGATORY #12. Describe how you contend that you came to be found in possession of a Llama nine-millimeter handgun, Serial No. 730680, by the Defendant on October 2, 2007. Please include in your description any and all actions undertaken by the Defendant at the scene of your arrest that you contend played a role in your ultimate arrest, the actions of any party or parties other than yourself or the Defendant that you contend played a role in your ultimate arrest, and what role, if any, that you played in the course of events that lead to your ultimate arrest.

A: *Plaintiff contends that on October 2, 2007, he was never in possession of a firearm.*

INTERROGATORY #13. Describe your encounter with the Defendant, prior to your arrest on October 2, 2007, whereby you allege that the Defendant threatened to knowingly and intentionally place a firearm on your person with the explicit intent of causing you to violate the law. Please include in your description the approximate location, date, and time of the alleged encounter, the subject matter discussed with the Defendant, and the general disposition and temperament of yourself and the Defendant upon completion of said encounter.

A*: On or about June 29, 2007, Ms. Diana Brown received a phone call from Defendant Hersl noting that Defendant Hersl would plant two pounds of marijuana on Plaintiff if she did not provide Defendant Hersl with a handgun. On an unknown date in July of 2007, Plaintiff and Ms. Brown were stopped by Defendant Hersl in which he threatened to plant a gun on Plaintiff. On or about August 3, 2007, at a time unknown, Defendant threatened to plant a gun on Plaintiff while he was near the address of 135 N. Bond*

*Street. This threat was made directly to Plaintiff as he was walking down the street and stopped by Defendant Hersl.*

INTERROGATORY #14. Describe any and all interactions, encounters, or engagements between yourself and the Defendant from January 1, 2002, until October 2, 2007. Please include in your description any interactions that you contend played a role, in whole or in part, in your arrest by the Defendant on October 2, 2007, and the names, addresses, and telephone numbers of any parties or individuals who you contend have direct knowledge of any such encounters between yourself and the Defendant.

> A: *Plaintiff states prior to his arrest on October 2, 2007, Plaintiff spoke to Defendant Hersl on multiple occasions. During nearly all interactions, Defendant Hersl would pressure Plaintiff and threaten to plant a gun or drugs on Plaintiff if Plaintiff did not work with Defendant Hersl as a confidential informant. See Plaintiff's response to Interrogatory # 13.  Further, see Plaintiff's response to Interrogatory #1.*

INTERROGATORY #15. Describe any and all arrests that have been made against you from the date of your eighteenth birthday until the present date. Please include in your description the approximate date of each arrest, the jurisdiction in which the arrest occurred, the name, badge number, and affiliated law enforcement agency of any and all arresting officers, whether or not criminal charges were ever filed against you, the outcome of any such case brought against you, including any and all convictions, and any cases brought against you that have not yet concluded as of the present date.

> A: *Plaintiff objects to this Interrogatory on the grounds of relevance. Subject to and without waiving, Plaintiff states he was convicted of: Disorderly Conduct and Failure to Obey Lawful Order in Baltimore City District Court in 2007, case number 5B01907974; Carrying a Handgun on His Person in Baltimore City Circuit Court in 2002, case number 800125008; CDS Possession in Baltimore City Circuit Court in 2002, case number 802288011; Traffic Violations in Baltimore City Circuit Court in 2003, case number 803016053; Operating an Unregistered Vehicle and Violation of Probation in Baltimore City Circuit Court, Case number 804061024 in 2007;Unlawful CDS Possession in Baltimore City Circuit Court, case number 806229026 in 2008, and; Traffic Violation in Baltimore City Circuit Court, case number 811122023 in 2011.*

I SOLEMNLY AFFIRM UNDER PENALTY OF PERJURY THAT THE CONTENTS OF THE

FOREGOING PAPER ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION,

AND BELIEF.


_____

Eric Rich

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC RICH,                              :
                                        :
        Plaintiff,                      :
                                        :
v.                                      :       Case No.: 1:20-CV-00488
                                        :
DANIEL HERSL, ET AL.                    :
                                        :
        Defendants.                     :

<u>CERTIFICATE REGARDING DISCOVERY</u>

I HEREBY CERTIFY that a copy of Plaintiff's foregoing Answers to Defendant's First Set of

Interrogatories was served via first-class mail, postage pre-paid, in accordance with this Court's local rules

on this _____ day of _____, 2022, to:

W. Timothy Sutton, Esquire
James E. Crawford, Jr. & Assoc., LLC
999 Corporate Blvd., Suite 100
Linthicum, MD 21090
Phone: (443) 709-9999
Fax: 443-919-4207
Email: tim@jamescrawfordlaw.com
*Attorney for the Defendant Hersl*

I will retain the original of these documents in my possession, without alteration, until the case is

concluded in this Court, the time for noting an appeal has expired, and any appeal noted.

_____
Hannah M. Ernstberger, #13220
CPF# 1712130164
Saller, Lord, Ernstberger & Insley
12 S. Calvert Street, 2nd Floor
Baltimore, Maryland 21202
(410) 783-7945
(443) 869-2683 (fax)
hernstberger@sallerlaw.com
*Attorney for Plaintiff*

**JA113**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC RICH,                              :
                                        :
        Plaintiff,                      :
                                        :
v.                                      :        Case No.: 1:20-CV-00488
                                        :
DANIEL HERSL, ET AL.                    :
                                        :
        Defendants.                     :

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that a copy of Plaintiff's foregoing Responses to Defendant's Request for

Production of Documents was served via first-class mail, postage pre-paid, in accordance with this Court's

local rules on this 15th day of September 2022, to:

W. Timothy Sutton, Esquire
James E. Crawford, Jr. & Assoc., LLC
999 Corporate Blvd., Suite 100
Linthicum, MD 21090
Phone: (443) 709-9999
Fax: 443-919-4207
Email: tim@jamescrawfordlaw.com
*Attorney for the Defendant Hersl*

I will retain the original of these documents in my possession, without alteration, until the case is

concluded in this Court, the time for noting an appeal has expired, and any appeal noted.

_____
Hannah M. Ernstberger, #13220
CPF# 1712130164
Saller, Lord, Ernstberger & Insley
12 S. Calvert Street, 2nd Floor
Baltimore, Maryland 21202
(410) 783-7945
(443) 869-2683 (fax)
hernstberger@sallerlaw.com
*Attorney for Plaintiff*

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC RICH,                                          :
                                                    :
          Plaintiff,                                :
                                                    :
v.                                                  :          Case No.: 1:20-CV-00488
                                                    :
DANIEL HERSL, ET AL.                                :
                                                    :
          Defendants.                               :

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that a copy of Plaintiff's foregoing Responses to Defendant's Request for

Production of Documents was served via first-class mail, postage pre-paid, in accordance with this Court's

local rules on this _23_ day of _August_, 2022, to:

W. Timothy Sutton, Esquire
James E. Crawford, Jr. & Assoc., LLC
999 Corporate Blvd., Suite 100
Linthicum, MD 21090
Phone: (443) 709-9999
Fax: 443-919-4207
Email: tim@jamescrawfordlaw.com
*Attorney for the Defendant Hersl*

I will retain the original of these documents in my possession, without alteration, until the case is

concluded in this Court, the time for noting an appeal has expired, and any appeal noted.

_____
Hannah M. Ernstberger, #13220
CPF# 1712130164
Saller, Lord, Ernstberger & Insley
12 S. Calvert Street, 2nd Floor
Baltimore, Maryland 21202
(410) 783-7945
(443) 869-2683 (fax)
hernstberger@sallerlaw.com
*Attorney for Plaintiff*

I SOLEMNLY AFFIRM UNDER PENALTY OF PERJURY THAT THE CONTENTS OF THE

FOREGOING PAPER ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION,

AND BELIEF.


Eric Rich
_____
Eric Rich

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC RICH,                              :
                                        :
         Plaintiff,                     :
                                        :
v.                                      :         Case No.: 1:20-CV-00488
                                        :
DANIEL HERSL, ET AL.                    :
                                        :
         Defendants.                    :

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that a copy of Plaintiff's foregoing Answers to Defendant's First Set of

Interrogatories was served via first-class mail, postage pre-paid, in accordance with this Court's local rules

on this 15th day of September 2022, to:

W. Timothy Sutton, Esquire
James E. Crawford, Jr. & Assoc., LLC
999 Corporate Blvd., Suite 100
Linthicum, MD 21090
Phone: (443) 709-9999
Fax: 443-919-4207
Email: tim@jamescrawfordlaw.com
*Attorney for the Defendant Hersl*

I will retain the original of these documents in my possession, without alteration, until the case is

concluded in this Court, the time for noting an appeal has expired, and any appeal noted.

_____
Hannah M. Ernstberger, #13220
CPF# 1712130164
Saller, Lord, Ernstberger & Insley
12 S. Calvert Street, 2nd Floor
Baltimore, Maryland 21202
(410) 783-7945
(443) 869-2683 (fax)
hernstberger@sallerlaw.com
*Attorney for Plaintiff*

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC RICH,                                    :
                                              :
          Plaintiff,                          :
                                              :
v.                                            :        Case No.: 1:20-CV-00488
                                              :
DANIEL HERSL, ET AL.                          :
                                              :
          Defendants.                         :

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that a copy of Plaintiff's foregoing Answers to Defendant's First Set of

Interrogatories was served via first-class mail, postage pre-paid, in accordance with this Court's local rules

on this 23 day of August , 2022, to:

W. Timothy Sutton, Esquire
James E. Crawford, Jr. & Assoc., LLC
999 Corporate Blvd., Suite 100
Linthicum, MD 21090
Phone: (443) 709-9999
Fax: 443-919-4207
Email: tim@jamescrawfordlaw.com
*Attorney for the Defendant Hersl*

I will retain the original of these documents in my possession, without alteration, until the case is

concluded in this Court, the time for noting an appeal has expired, and any appeal noted.

_____
Hannah M. Ernstberger, #13220
CPF# 1712130164
Saller, Lord, Ernstberger & Insley
12 S. Calvert Street, 2nd Floor
Baltimore, Maryland 21202
(410) 783-7945
(443) 869-2683 (fax)
hernstberger@sallerlaw.com
*Attorney for Plaintiff*

I SOLEMNLY AFFIRM UNDER PENALTY OF PERJURY THAT THE CONTENTS OF THE

FOREGOING PAPER ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION,

AND BELIEF.


Eric Rich

| | | |
|---|---|---|
| ERIC RICH | * | IN THE |
| | * | UNITED STATES |
| Plaintiff | * | DISTRICT COURT |
| v. | | |
| | * | FOR THE DISTRICT |
| DANIEL HERSL, *et al.*, | | |
| | * | OF MARYLAND |
| Defendants. | | |
| | * | Case No.: 1:20-CV-00488-ADC |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Daniel Hersl ("Defendant" or "Defendant Hersl"), by and through his attorneys W. Timothy Sutton, Esquire and the Law Offices of James E. Crawford Jr. and Associates, LLC, hereby submits this Reply in support of his Motion for Summary Judgment, and states as follows:

### INTRODUCTION

Plaintiff's Opposition presents no admissible evidence to refute Defendant's Motion for Summary Judgment.  Plaintiff openly admits he has no direct evidence to support his allegations against Defendant Hersl.  He also admits that he did not personally witness the acts, listed in his Amended Complaint, that he alleges Defendant Hersl engaged in related to his arrest.  Plaintiff relies instead on uncorroborated hearsay statements, made nearly sixteen years ago, by witnesses who either gave contradictory statements to investigators at the time or refused to provide any current statements supporting Plaintiff's allegations.  In the absence of any evidence which would allow a reasonable jury to find in Plaintiff's favor, all claims against Defendant Hersl must be dismissed.

1

I.      **PLAINTIFF CONCEDES TO THE DISMISSAL OF COUNT IV.**

In his Opposition to Defendant's Motion for Summary Judgment, Plaintiff concedes that Count IV (Violation of the Maryland Declaration of Rights) must be dismissed.  ECF 96-1 at 3 ("While Plaintiff concedes the argument that he did not substantially comply with the Local Government Tort Claim Act, based on prevailing case law, failure to do so only precludes Plaintiff from bringing Count IV."); *see also White v. Prince George's County*, 163 Md. App. 129, 144 (2005) ("Indeed, a suit under the LGTCA is fatally flawed if the condition [precedent] is not satisfied."); *Hansen v. City of Laurel*, 420 Md. 670, 683 (2011); *Mitchell v. Hous. Auth. Of Balt. City*, 200 Md. App. 176 (2011); *Ennis v. Crenca*, 322 Md. 285, 292 (1991); *Neuenschwander v. Washington Suburban Sanitary Com.*, 187 Md. 67, 78 (1946) (lack of timely notice bars the claim).

II.     **PLAINTIFF CONCEDES THERE IS NO DIRECT EVIDENCE TO SUPPORT THE REMAINING COUNTS.**

In addition to the concession relating to Count IV of his complaint, the Plaintiff concedes that he has no direct evidence that the lone remaining defendant committed any act that would establish liability under the three remaining counts.[1] ECF 96-1 at 4 ("Plaintiff is admittedly without direct evidence to prove that Defendant Hersl planted the firearm.").

III.    **THERE IS NO ADMISSIBLE CIRCUMSTANTIAL EVIDENCE THAT THE DEFENDANT PLANTED A WEAPON.**

Federal Rule of Civil Procedure 56I requires that a party asserting that a fact is genuinely disputed must support the assertion by citing to particular materials in the record. Further, it requires that the evidence "be presented in a form that would be admissible in evidence." Fed. Rule of Civ. Pro. 56I(2). The summary judgment inquiry scrutinizes the plaintiff's case to

---

[1] The remaining Counts may and should also be dismissed as they are barred by the applicable statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019); *Owens v. Balt. City State's Attorneys' Office*, 767 F.3d 379, 390 (4th Cir. 2014); *see also* ECF 25-1 and 27, which are fully incorporated herein by reference.

2

determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof in his claim at trial. *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993).

The Plaintiff has submitted five exhibits to support his position that there is a genuine dispute of material fact in this action. They are excerpts of Defendant's deposition, excerpts of Plaintiff's deposition, two Maryland Judiciary Case Search printouts, and documents from the Internal Affairs Division (also known as the Public Integrity Bureau) of the Baltimore City Police Department. ECF Nos. 96-2 through 96-6. Plaintiff's Reply contains a single paragraph as to the alleged circumstantial evidence. ECF 96-1 at 5. This paragraph contains numerous hearsay statements of Ms. Diana Brown, an alleged former girlfriend of the Plaintiff. *Id*. The hearsay statements were made over sixteen years ago to the internal investigation division. *See* ECF 96-1 at 5. These statements include that the Defendant "would plant marijuana on Plaintiff if Ms. Brown did not provide Defendant with a gun." *Id*. They also include the "numerous complaints" that Ms. Brown made. *Id*. However, as noted by Plaintiff, Ms. Brown refused to assist in this matter. ECF 96-1 at 5, n. 2 ("Counsel for Plaintiff attempted to obtain a written affidavit from Diana Brown in further support of Plaintiff's arguments, but she refused to assist with this matter.") These statements are inadmissible to support the Plaintiff's position and cannot be considered in the text of ruling on Defendant's Motion for Summary Judgment. *See Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993) (finding that the district court properly declined to consider hearsay statements as part of the summary judgment record).

IV. **PLAINTIFF HAS PRESENTED ZERO EVIDENCE OF ANY KIND THAT THE DEFENDANT PLANTED A WEAPON.**

The Plaintiff has proffered no evidence to support the conclusion that the Defendant, Daniel Hersl planted a gun on the Plaintiff prior to his arrest. The Plaintiff questions the credibility

of Officer Calvin Moss, the Plaintiff questions the credibility of the Defendant, and even if the

hearsay evidence of Diana Brown is considered, the Plaintiff has alleged that the Defendant

threatened to plant marijuana on the Plaintiff. At no point, did the Plaintiff present any evidence

that Daniel Hersl threatened to plant a gun on the Plaintiff.  In fact, when asked in his deposition,

whether Plaintiff saw Det. Hersl plant a firearm, he admitted that he did not.

| Question: | Okay.  Do you know who turned the gun in that you were allegedly found in possession of on October the 2nd? |
|---|---|
| Answer: | I was locked up.  I would not know who turned the gun in.  I didn't know Hersl put it on me. |

Exhibit 1, Pg. 57, lines 4-8 (Excerpt of Plaintiff's Deposition).  Plaintiff has not presented any

actual evidence, or provided any admissible witness statements, that anyone saw Defendant Hersl

plant a firearm on him or even threaten to plant a firearm on him.

Further, the supporting evidence that Plaintiff submitted in an attempt to rebut Defendants'

Motion for Summary Judgment, alleges that if a gun was planted, it was done by Officer Moss and

not Defendant Hersl.  ECF 96-1 at 4.  ("Plaintiff alleged that during his arrest, Detective Moss stated,

'Every time I see you, I am going to put something on you.'"). However, for whatever reason, the

Plaintiff dismissed Officer Moss as a Defendant in this action.

Further, in the evidence submitted by the Plaintiff, there are additional, albeit also hearsay,

statements refuting his claims. Namely, the statement of Margaret Crawls. ECF 96-5 p. 3307-3308.

Plaintiff purportedly identified Ms. Crawls to Internal Affairs detectives "as a witness to

overhearing an officer state that he would plant a gun on Eric Rich." *Id*.  However, when

interviewed, "Ms. Crawls reported at no time did she see the officers with a gun or hear them state

that they would plant a gun on Eric Rich." *Id.*

In short, the only "evidence" supporting the Plaintiff's position that the Defendant "planted" the firearm are (1) the sixteen year old alleged hearsay statements of Plaintiff's former girlfriend -  who refused to assist Plaintiff by providing an affidavit to support her alleged prior statements – that Defendant Hersl threatened to plant drugs on the Plaintiff, (2) that a different officer – who Plaintiff elected to voluntarily dismiss from this action when he amended his Complaint – threatened to plant a gun, and (3) an Internal Affairs report that state telephone records reviewed by IAD detectives reflected that Defendant Hersl called Plaintiff's girlfriend one night for a grand total of less than five minutes and does not indicate that they actually spoke.[2]

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985); *see also Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

---

[2] The phone records indicate that there were five calls between Diana Brown and the number alleged to be the Defendant's on June 29, 2007. See ECF 96-5 p. 3333. There was an incoming call at 11:49 pm that lasted two minutes, an outgoing call at 11:51 pm that lasted one minute, an incoming call at 11:51 pm that lasted two minutes, and two outgoing calls at 11:53 pm that lasted one minute each and the last call is annotated to indicate "call waiting." That means that there were five calls in at most five minutes and it does not indicate that there was any actual conversation and certainly not the depth of conversation as alleged.

Once a defendant makes a properly supported motion for summary judgment the burden shifts to the non-moving party to set forth specific facts showing the existence of a genuine issue of fact for trial. To meet this burden, the non-moving party must produce competent evidence on each element of his or her claim. *Runnebaum v. Nationsbank*, 123 F.3d 156, 163 (4th Cir. 1997) Unsupported speculation is not enough to defeat a motion for summary judgment. *Id.* at 164. Only reasonable inferences from the evidence need be considered by the court, and that it is the duty of the court to withdraw from the jury a case if a necessary inference is so tenuous that it rests on speculation or conjecture. *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 817-18 (4th Cir. 1995). Again, to be entitled to consideration on summary judgment, the facts set forth by the parties in affidavits or otherwise must be such as would be admissible in evidence. *See* Fed. R. Civ. P. 56(c).

Plaintiff has admitted that there is no admissible evidence other than speculation that the lone remaining Defendant committed any necessary action, namely planted a firearm, that would support a reasonable jury finding in Plaintiff's favor. While Plaintiff asserts that there is mounting circumstantial evidence to support his claims, the evidence that Plaintiff himself has presented points to an inference that, if a firearm was planted, the firearm was planted by Officer Moss and not the Defendant. Plaintiff has not presented any circumstantial evidence that Defendant Hersl planted a firearm on him..

## CONCLUSION

For these reasons, Defendant Hersl requests that this Honorable Court grants Defendant's Motion for Summary Judgment and enter summary judgment in favor of the Defendant and against the Plaintiff as to Counts I, II, III, and IV of Plaintiff's Amended Complaint.

Respectfully submitted,

_W. Timothy Sutton_

W. Timothy Sutton, Esquire
Bar Number 27912
The Law Offices of James E. Crawford, Jr.
and Associates, LLC
999 Corporate Blvd., Suite 100
Linthicum, MD 21090
Phone: 443-709-9999
Fax: 443-919-4207
Email: tim@jamescrawfordlaw.com
*Attorneys for Defendant, Daniel Hersl*

## CERTIFICATE OF
## SERVICE

**I HEREBY CERTIFY,** that on the 17th day of March 2023, a copy of Defendant's

Memorandum in Support for Defendant's Reply to Opposition to Motion for Summary Judgment was

filed and served via MDEC upon:


Hannah M. Ernstberger, #20513
Joshua L. Insley, #30055
Saller, Lord, Ernstberger & Insley
12 S. Calvert Street, 2nd Floor
Baltimore, MD 21202
hernstberger@sallerlaw.com
jinsley@sallerlaw.com
*Counsel for Plaintiff Eric Rich*



_W. Timothy Sutton_

W. Timothy Sutton, Esquire
Bar Number 27912

7

**JA126**

# EXHIBIT 1

Page 1

```
1            IN THE UNITED STATES DISTRICT COURT

2                 FOR THE DISTRICT OF MARYLAND

3    ERIC RICH                      *

4             Plaintiff            *

5    vs.                           *  Case No.

6    OFFICER DANIEL HERSL, et al.  *  1:20-cv-00488-ELH

7             Defendants           *

8                  *      *      *      *      *

9

10

11

12

13

14

15            The Telephonic Deposition of ERIC RICH was

16    held on Friday, October 28, 2022, at 12:05 Noon, at a

17    remote location, before Susan A. Kambouris, Notary

18    Public.

19

20

21    REPORTED BY:  Susan A. Kambouris (Via telephone)
```

Page 54

1    Q    Yes, sir.  Earlier, you said that you had
2  never been in possession of a handgun?
3    A    I ain't never say that.  I said the Llama 9
4  wasn't mine, sir.  I have been arrested for a handgun.
5  I was waiting for that question, sir.  You see, you are
6  trying to trick me, and don't put words my mouth, like,
7  Daniel Hersl, now.  Come on.  Give me the right thing
8  now.  You give it to me right.  You are acting like
9  Daniel Hersl now, sir.
10   Q    When were you in possession of a handgun --
11       MR. INSLEY:  Just wait for the question,
12  Eric.
13   A    I was arrested for a handgun in 1998.  I
14  was 16 years old.
15  BY MR. SUTTON:
16   Q    Okay.  Were you actually in possession of
17  that handgun in 1998?
18   A    I was in a car with a few people.  I got
19  locked up in a hack car.  I didn't know no better.  I
20  just took time for it because my grandmother told me
21  to.  I caught a hack.  I got caught up in a hack car.

Page 55

1  They charged everybody with it.  I was young.
2    Q    Were you ever arrested again for any
3  possession of a handgun?
4    A    No, sir.  No, sir.  I was arrested for what
5  Hersl locked me up for, that gun.
6    Q    Other than that?
7    A    No.
8    Q    Did you plead guilty to the handgun in
9  2000?
10   A    I plead guilty to the handgun, yes.
11   Q    Other than your mental health, is there
12  any -- do you know how much you are requesting in the
13  lawsuit?
14   A    Yes, sir.
15   Q    How much are you requesting?
16   A    $20 million.
17   Q    Why do you believe that you are entitled to
18  $20 million dollars?
19   A    You know, I think I am entitled to $20
20  million dollars -- it is not a number on it.  It is
21  because, you know, to this day, I am going through

Page 56

1  trauma in my dreams.  I can't even sleep in a bed with
2  kids.  I need help all of my life.  I need to get the
3  proper medication that don't have me to have bad dreams
4  all of my life, so I can take care of my family, and
5  get the right proper mental health.
6    Q    All right.  And, now, in your Answers to
7  Interrogatories, you have not named any experts.  Do
8  you have any experts that you intend to introduce to
9  discuss your mental health?
10   A    I am incarcerated, so I have been trying to
11  see the mental health down here for a minute now, you
12  know.  They ain't come to see me yet.  I am working on
13  seeing them now.  I am working on seeing them about --
14  my last jail, I was requested for it.  They put on my
15  paper I didn't request for mental health, but I did.  I
16  don't understand that.
17   Q    You also don't have any experts to project
18  what the future cost of your mental health treatment
19  is?  Do you have an idea what your future cost of your
20  mental health treatment would be?
21   A    I ain't have no idea.  I guess me and Josh,

Page 57

1  we can find that out, you know.  That is why I got a
2  lawyer.  He has to give me a better understanding of
3  things.
4    Q    Okay.  Do you know who turned the gun in
5  that you were allegedly found in possession of on
6  October the 2nd?
7    A    I was locked up.  I would not know who
8  turned the gun in.  I didn't know Hersl put it on me.
9    Q    Do you believe the gun was found on your
10  person or somewhere else?
11   A    He acted like he found the gun in a bush
12  somewhere else.  He didn't say he found nothing on my
13  person.
14       MR. SUTTON:  That's going to be all I have.
15  That is all of the questions I have.
16       THE WITNESS:  Well, I appreciate you, sir.
17  I honestly do.  I appreciate you, and I hope that -- I
18  just got frustrated.  I want you to know I thought you
19  tried to trick me on some questions, but I understand.
20       MR. SUTTON:  No worries.
21       THE WITNESS:  I understand, man.  Have a

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC RICH,                              *
                                        *
            Plaintiff,                  *
                                        *
      vs.                               *
                                        *        Civil Action No. ADC-20-488
DANIEL HERSL,                           *
            Defendant.                  *
* * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Defendant Daniel Hersl moves this Court for summary judgment on Plaintiff Eric Rich's

Amended Complaint. ECF Nos. 17, 92. After considering Defendant's Motion and the responses

thereto (ECF Nos. 92, 96, 101), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md.

2021).[1] For the reasons stated herein, Defendant Hersl's Motion is GRANTED.

## FACTUAL BACKGROUND

This case centers around the conduct of Defendant Daniel Hersl, a former member of the

Gun Trace Task Force ("GTTF") in the Baltimore Police Department ("BPD"). ECF No. 17 at ¶

2. In the evening hours of October 2, 2007, Defendant Hersl and Detective Calvin Moss positioned

themselves on the top floor of a parking garage located at 1600 E. Baltimore Street to surveille the

surrounding area for illegal firearms. ECF No. 92-2 at 1. From this vantage point, they allege that

they observed Plaintiff, who was walking in the 100 block of N. Bond Street, place a firearm near

a bush. *Id.* at 2. The two immediately began descending the parking garage and backup officers

arrested Plaintiff. *Id.* After exiting his vehicle, Defendant Hersl alleges that he walked over to the

bush and recovered an unregistered Llama 9mm handgun. *Id.* Plaintiff, however, alleges that he

---

[1] On August 13, 2021, this case was referred to United States Magistrate Judge A. David
Copperthite for all proceedings in accordance with 28 U.S.C. § 636(c) by consent of the parties.
ECF No. 50.

1

never possessed the firearm and that it was "planted in an attempt to legitimize Defendant's illegal search and seizure." ECF No. 17 at ¶¶ 111-12.

This encounter was, apparently, one of several that Plaintiff had with Defendant Hersl and Detective Moss around this time. Several months earlier, on June 29, 2007, Ms. Diana Brown (then Plaintiff's girlfriend), reported that "she received a call from [Defendant Hersl] advising that he would plant two pounds of weed (marijuana) on [Plaintiff] if she did not provide him with a handgun." ECF No. 96-5 at 3. Ms. Brown subsequently made a "street purchase of a .38 revolver" and left it in a "blue plastic bag" at a location chosen by Defendant Hersl. *Id.* at 7. Approximately twenty minutes after Ms. Brown left the firearm, Plaintiff was "release[d] . . . from . . . the Eastern District station." *Id.* Thereafter, on September 10, 2007, Detective Moss arrested Plaintiff for an "open container." *Id.* at 6. Approximately ten days later, Detective Moss told him, "Every time I see you, I am going to put something on you." *Id.*

Nearly a decade later, on February 23, 2017, a federal grand jury indicted seven members of the GTTF, including Defendant Hersl. *See United States v. Momodu Gondo et al.*, CCB-17-106, ECF Nos. 1 (Indictment); 137 (Superseding Indictment).[2] They were charged with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") and various violations of RICO. *Id.* Defendant Hersl was ultimately convicted by a jury of racketeering conspiracy, among other crimes, and was sentenced to 18 years' incarceration. ECF No. 42 at 9.

## PROCEDURAL BACKGROUND

On February 24, 2020, Plaintiff filed suit in this Court. ECF No. 1. On September 29, 2020,

---

[2] "This Court can take judicial notice of its own records in another case if 'the prior case is brought into the pleadings in the case on trial or where the two cases represent related litigation.'" *Carson v. Holder*, 815 F.Supp.2d 918, 922 n.8 (D.Md. 2011) (quoting *Thurman v. Robinson*, No. 94-6998, 1995 WL 133350, at *2 (4th Cir. Mar. 28, 1995)).

2

he filed an Amended Complaint alleging eleven counts against fifteen defendants. ECF No. 17. In

addition to Defendant Hersl, Plaintiff's Amended Complaint asserted claims against the Baltimore

Police Department, former police commissioners, and former members of BPD's Internal Affairs

Division. *Id.* ¶¶ 8-17. Plaintiff alleged the following counts: violations of his constitutional rights

in violation of 42 U.S.C. §§ 1983, 1985, and 1988 against Defendant Hersl (Counts I-III); violation

of Article 24 of the Maryland Declaration of Rights against Defendant Hersl (Count IV); Civil

Conspiracy and Aider & Abettor in violation of 42 U.S.C. §§ 1983 and 1985 against all Defendants

(Counts V-VI); Unconstitutional Custom or Practice and Inadequate Training in violation of 42

U.S.C. §§ 1983 and 1985 against BPD and the Police Commissioner Defendants (Counts VII-

VIII); Failure to Supervise in violation of 42 U.S.C. §§ 1983 and 1985 against BPD, the Police

Commissioner Defendants, and the IA Defendants (Count IX); and conspiracy to violate the RICO

Act and violation of the RICO Act in violation of 18 U.S.C. § 1962 against all Defendants (Counts

X-XI). *Id.* at ¶¶ 107-198.

On November 4, 2020 and January 26, 2021, all Defendants, except for Defendant Hersl,

moved to dismiss Plaintiff's Amended Complaint. ECF Nos. 25, 39. Rather than joining either of

these motions, Defendant Hersl answered the suit on February 2, 2021. ECF No. 41. On June 24,

2021, this Court dismissed as time barred Counts V-IX. ECF No. 42 at 26-27. The Court explained,

however, that "the unusual posture" of the case prevented dismissal of Counts I-IV—which served

as predicates to Counts V-IX—as Defendant Hersl had not joined either of the motions. *Id.* at 27.

Every Defendant except for Defendant Hersl subsequently moved for judgment on the pleadings

as to counts X and XI, which the Court granted on March 7, 2022. ECF Nos. 61; 66 at 7. As a

result of these rulings, all Defendants, except for Defendant Hersl, were dismissed from the case.

On March 14, 2022, Defendant Hersl moved for judgment on the pleadings as to all the

3

Counts remaining against him—Counts I, II, III, IV, X, XI. ECF No. 68. The Court granted in part and denied in part this Motion on May 5, 2022. ECF No. 77. It denied the Motion as to Counts I, II, and III (the 42 U.S.C. §1983 claims[3]), finding that Plaintiff had adequately alleged that Defendant Hersl "lacked legal justification for the stop" and that he was "subject to an unreasonable seizure of his person when he was arrested and subsequently detained." *Id.* at 5, 7. Judgment on the pleadings was, however, appropriate on Count IV (Maryland Declaration of Rights claim) as Plaintiff failed to comply, or substantially comply, with the notice provision of Maryland's Local Government Tort Claims Act ("LGTCA"). *Id.* at 8-11. The Court similarly granted judgment on Counts X and XI (the RICO claims), finding that Plaintiff failed "to meet the pleading standard to show Defendant Hersl violated RICO or conspired to violate RICO." *Id.* at 11-16.

As a result of the Court's May 5, 2022 Order, only Counts I, II, III remain pending. ECF No. 78. On February 6, 2023, Defendant Hersl filed a Motion for Summary Judgment. ECF No. 92. Plaintiff responded in opposition on February 27, 2023 and Defendant replied on March 17, 2023. ECF Nos. 96, 101.

## DISCUSSION

**Standard of Review**

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,

---

[3] The Amended Complaint states that Counts I and II are brought pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and Count III is brought pursuant to 42 U.S.C. §§ 1983, 1985. ECF No. 17. Section 1985 concerns conspiracy to interfere with civil rights and requires two or more persons conspiring. 42 U.S.C. § 1985. The Amended Complaint does not detail a conspiracy with respect to Counts I through III. Section 1988, in turn, concerns proceedings in vindicating civil rights. 42 U.S.C. § 1988. Accordingly, the Court construes Plaintiff's Counts I through III as asserted pursuant to § 1983.

4

show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphasis in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id. See Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party, and "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322-24. When the nonmovant bears the burden of proof at trial, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**Defendant Hersl's Motion for Summary Judgment**

*Federal Constitutional Claims and the LGTCA*

Defendant Hersl first argues that he is entitled to summary judgment on all remaining

5

counts as Plaintiff did not comply or substantially comply with the notice requirement of the LGTCA. ECF No. 92-1 at 4-6. While Plaintiff concedes that he did not comply or substantially comply with the notice provisions of the LGTCA, he argues that Counts I, II, and III (the 42 U.S.C. §1983 claims) are not subject to the notice requirement. ECF No. 96-1 at 3-4. I agree with Plaintiff.

The case law in this Court is clear that, unlike state constitutional claims, "[l]ocal governments lack immunity from tort liability for violations of federal constitutional or statutory rights." *Johnson v. City of Annapolis*, No. CCB-21-1120, 2022 WL 959149, at *7 (D.Md. Mar. 30, 2022). *But see Johnson v. Balt. Police Dep't*, 452 F.Supp.3d 283, 315 (D.Md. 2020) ("The LGTCA contains a notice provision that applies to all Maryland constitutional and common law tort claims for unliquidated damages."). In fact, this Court has specifically found that the LGTCA and its notice provision do not apply to federal constitutional claims against police officers in their individual capacity. *See Downey v. Collins*, 866 F.Supp. 887, 890 (D.Md. 1994) (notice requirement inapplicable as to federal constitutional claims against police officer in his individual capacity); *Royster v. Jasmine*, No. PJM-10-2121, 2011 WL 4005269, at *5 (D.Md. Sept. 7, 2011) (same); *Barnes v. Rawlings-Blake*, No. RDB-10-2525, 2011 WL 2600646, at *3 (D.Md. June 28, 2011) (same). Consistent with this well-established law, the Court finds that Counts I, II, and III, which all allege violations of 42 U.S.C. § 1983 against Defendant Hersl, are not subject to the notice requirement of the LGTCA. Accordingly, summary judgment is not warranted on this ground.

### *Plaintiff's 42 U.S.C. § 1983 Claims*

#### *General Framework of 42 U.S.C. § 1983 Claims*

Plaintiff's remaining claims for illegal arrest, false imprisonment, and malicious prosecution are each asserted pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source

6

of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 268 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To prevail on a § 1983 claim, a plaintiff must show that: (1) the defendant violated a right secured by the United States Constitution or federal law; and (2) the act or omission causing the violation of a right was committed by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, each of Plaintiff's § 1983 claims hinge on whether Plaintiff was seized without probable cause in violation of the Fourth Amendment. *See Harrison v. Deane*, 426 Fed.App'x 175, 181 (4th Cir. 2011) ("[T]here is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause." (quoting *Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir. 1974)); *McPhearson v. Anderson*, 874 F.Supp.2d 573, 580 (E.D.Va. 2012) ("Actions under 42 U.S.C. 1983 based upon claims of false arrest or false imprisonment are properly analyzed as unreasonable seizures under the Fourth Amendment." (internal citation omitted)); *Washington v. Balt. Police Dep't*, --F.Supp.3d--, 2023 WL 2914802, at *15 (D.Md. April 12, 2023) ("[A] federal claim for malicious prosecution is properly understood as a Fourth Amendment claim for unreasonable search and seizure which incorporates certain elements of the common law tort." (internal citation omitted)). The Court will therefore consider all three of Plaintiff's §1983 claims together.

Probable cause for an arrest "exists if the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Stutzman v. Krenik*, 350 F.Supp.3d 366, 377 (D.Md. 2018) (quoting *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998)). "Probable cause is determined from the totality of the circumstances known to the officer at the time of the arrest." *Brown v. Gilmore*, 278 F.3d 362,

367-68 (4th Cir. 2002). "For probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required." *Id.* Conversely, to "prove an absence of probable cause, [the plaintiff] must allege a set of facts which made it unjustifiable for a reasonable officer to conclude" that the plaintiff was violating the relevant law. *Id.* at 368.

Here, Defendant Hersl argues that he is entitled to summary judgment as Plaintiff has failed to demonstrate that Defendant Hersl lacked probable cause to arrest him on October 2, 2007. ECF No. 92-1 at 6. In particular, Defendant Hersl asserts that Plaintiff has failed to offer any admissible evidence suggesting that he planted the Llama 9mm handgun in the bush prior to Plaintiff's arrest. *Id.* at 6-7. While Plaintiff concedes that he is "without direct evidence to prove that Defendant Hersl planted the firearm," he argues that he has produced "mounting circumstantial evidence." ECF No. 96-1 at 4. Given the nature of these arguments, to determine whether summary judgment is appropriate, the Court must first determine whether Plaintiff has met his burden to show that there is a genuine despite of material fact as to whether Defendant Hersl lacked probable cause to arrest him.[4]

*Plaintiff's Evidence That Defendant Hersl Lacked Probable Cause*

"Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material fact." *Brother Convenience Store, Inc. v. U.S. Dep't of Agriculture*, No. GLR-20-1346, 2021 WL 3911594, at *10 (D.Md. Sept. 1, 2021). Notably, unlike the movant, "[a] party opposing a properly supported

---

[4] Here, Plaintiff does not argue that Defendant Hersl failed to meet his burden under Federal Rule of Civil Procedure 56(a). Regardless, the Court readily concludes that Defendant Hersl has met his burden as he has "shown" that Plaintiff failed to offer evidence that he planted the Llama 9mm handgun. *Celotex Corp.*, 477 U.S. at 325.

8

motion for summary judgment 'may not rest upon the mere allegations or denials of [its] pleadings'" but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)). The nonmoving party "cannot create a genuine issue of material fact *through mere speculation* or the *building of one inference upon another*." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (emphasis added) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985); *see also Local Union 7107 v. Clinchfield Coal Co.*, 124 F.3d 639, 640 (4th Cir. 1997) ("Fanciful inferences and bald speculations of the sort no rational trier of fact would draw or engage in at trial need not be drawn or engaged in at summary judgment."); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) ("Unsupported speculation is not sufficient to defeat a summary judgment motion.").

In *Shirvinski v. United States Coast Guard*, the plaintiff alleged that two Coast Guard employees conspired to get him terminated by sending a defamatory email to his supervisors. 673 F.3d 308, 320 (4th Cir. 2012). In affirming the district court's grant of summary judgment, the United States Court of Appeals for the Fourth Circuit reasoned that the plaintiff had "offere[d] nothing more than sheer speculation to support [his] claim." *Id.* The Court relied in part on the plaintiff's deposition testimony, where he admitted that "he has no direct evidence that [one of the employees]" either "'played any role in any part of the drafting of' or 'had seen'" the allegedly defamatory email. *Id.* Given the lack of evidence, the Court explained that "the only way [it] could conclude that [the employees conspired with each other] is 'through mere speculation or the building of one inference upon another,' both of which are insufficient justifications for proceeding to trial." *Id.* (quoting *Othentec Ltd.*, 526 F.3d at 140).

9

In support of his claims, here, Plaintiff has proffered only Defendant Hersl's prior statement that he would "plant marijuana on Plaintiff if Ms. Brown did not provide [him] with a gun" and Detective Moss's prior statement that he would "put something on" Plaintiff "every time" he saw him. ECF No. 96 at 4-5. *Id.* at 4-5. In his view, these statements, which were made approximately three months and one month before Plaintiff's arrest, allow a jury to make the "reasonable inference that Defendant [Hersl] planted the gun" and lacked probable cause to arrest Plaintiff on the night in question. *Id.* at 5. Plaintiff also argues that the Court should disregard Detective Moss's affidavit, which is attached to Defendant Hersl's Motion for Summary Judgment, as his prior statement indicating that he would plant evidence on Plaintiff "calls into question [his] motives and credibility[.]" *Id.* at 4.

The Court will first address the value of Detective Moss's statement. Plaintiff asks this Court to infer that Defendant Hersl planted a firearm in a bush on October 2, 2007 because Detective Moss stated on September 20, 2007, that he would "put something on [Plaintiff]" every time that he saw him. ECF No. 96-5 at 6. This conclusion, however, can only be reached through the considerable "filling of the gaps" that the Fourth Circuit has held to be impermissible. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 423 (4th Cir. 1996) (holding a claim was "ripe for an adverse summary judgment determination" when "it was based upon a theory without proof" and dependent on "speculation and the piling of inferences"). Without corroborating evidence that Detective Moss ever acted on this threat (or conspired with Defendant Hersl to act on it), this Court cannot reach Plaintiff's desired conclusion.

Plaintiff also misconstrues his burden at the summary judgment stage by arguing that Detective Moss is not credible. ECF No. 96-1 at 4. When ruling on motions for summary judgment, "the court may not make credibility determinations." *Jennings v. Frostburg State Univ.*, No. ELH-

10

**JA138**

21-656, 2023 WL 4564577, at *8 (D.Md. July 17, 2023) (citing *Jacobs v. N.C. Admin Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015)). While Plaintiff questions Detective Moss's veracity, he has not presented any evidence to rebut the substance of Detective Moss's affidavit. Accordingly, the Court finds that this argument is not sufficient to defeat summary judgment.

Plaintiff also argues that this Court should infer that Defendant Hersl lacked probable cause to arrest Plaintiff as he threatened to "plant two pounds of weed (marijuana)" on Plaintiff several months prior to Plaintiff's arrest. ECF Nos. 96-1 at 5; 96-5 at 3. Yet again, however, the Court could only reach this conclusion "through mere speculation or the building or one inference upon another." *Othentec Ltd.*, 526 F.3d at 140. While Plaintiff has proffered evidence to demonstrate that Defendant Hersl made this egregious threat, he has not provided evidence suggesting that Defendant Hersl ever acted on the threat nor has he provided evidence to rebut Defendant Hersl's evidence that he observed Plaintiff "with a gun" and watched him "walk[] across the street" and place the firearm "near a bush." ECF No. 92-2 at 2. Therefore, the Court finds that Plaintiff has failed to "establish a genuine issue of material fact for trial." *Local Union 7107*, 124 F.3d at 640; *see also Graves v. Lioli*, 930 F.3d 307, 324 (4th Cir. 2019) ("To support her view, [the plaintiff] weaves mischaracterizations of the record with pure speculation to contend that a jury could infer that her allegations actually occurred. That is not a valid means of surviving summary judgment, which requires evidence, not unsupported conjecture.").

The other evidence advanced by Plaintiff likewise fails to suggest that Defendant Hersl planted the handgun behind the bush and therefore lacked probable cause to arrest Plaintiff. For example, Plaintiff attaches a portion of Defendant Hersl's deposition transcript in which he testifies that he would "never have to put anything on anyone in [Baltimore]" because the crime is "so predominate." ECF No. 96-2 at 4. Plaintiff also submits BPD's Internal Affairs Investigation

11

Report, which reveals that the only two witnesses to Plaintiff's arrest did not "see the officers with a gun or hear them state that they would plant a gun on [Plaintiff]" nor could they "see or hear the actions or conversations of" Plaintiff or Defendant Hersl. ECF No. 96-5 at 3-4.

In sum, Plaintiff has not presented evidence that would allow a reasonable jury to conclude that Defendant Hersl planted the Llama 9mm handgun and therefore did not have probable cause to arrest him. He concedes that he does not have "direct evidence" and neither of the statements that he identifies leads to the logical conclusion or inference that Defendant Hersl planted the Llama 9mm handgun on the night Plaintiff was arrested. ECF No. 96-1 at 4-5. *See Barwick v. Celotex Corp.*, 736 F.2d 946, 962 (4th Cir. 1984) (rejecting the plaintiff's "attempt[] to build one vague inference upon another vague inference to produce a factual issue"). Accordingly, because Plaintiff has failed to produce evidence that Defendant Hersl planted the Llama 9mm handgun, the Court finds that he has failed to generate a genuine dispute of material fact as to whether Defendant Hersl had probable cause to arrest him on October 2, 2007.

*Summary Judgment is Appropriate*

Although Plaintiff has failed to meet his burden of identifying "evidence showing there is a genuine dispute of material fact," *Brother Convenience Store, Inc.*, 2021 WL 3911594, at *10, the Court must still determine whether Defendant Hersl is entitled to judgment as a matter of law, *Secure Identity Sols., Inc. v. Maxwell*, No. TJS-10-0146, 2014 WL 6065964, at *2 (D.Md. Nov. 12, 2014) ("The Court must still, however, determine whether SIS is entitled to judgement as a matter of law based on the undisputed facts in the record.").

Here, Defendant Hersl has introduced undisputed evidence that he: (1) "saw [Plaintiff] arrive" on Bond Street; (2) recognized Plaintiff "as a result of his numerous contacts with law enforcement"; and (3) observed Plaintiff "walk[] across the street" and place a handgun "near a

12

**JA140**

bush." ECF No. 92-2 at 2. He has also proffered Plaintiff's interrogatories, in which Plaintiff states that he "recalls few details" of his arrest due to the "lapse of time." ECF No. 92-3 at 5. On this evidence, the Court concludes, as a matter of law, that Defendant Hersl had probable cause to arrest Plaintiff as he reasonably believed that Plaintiff was committing the crime of possession of a firearm. ECF No. 92-1 at 1.

Because Plaintiff's arrest was supported by probable cause, and therefore did not violate the Fourth Amendment, Plaintiff has failed to show that Defendant Hersl deprived him "of rights guaranteed by the Constitution or laws of the United States" as is required to prevail on a 42 U.S.C. § 1983 claim. Accordingly, the Court finds that summary judgment on Plaintiff's § 1983 claims— Counts I, II, and III—is appropriate. *See Yuman v. Dorchester Detention Cntr.*, No. GLR-16-3666, 2016 WL 6947019, at \*1 (D.Md. Nov. 28, 2016) ("To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must demonstrate a deprivation of rights guaranteed by the Constitution or laws of the United States[.]"); *Anderson*, 477 U.S. at 252 (Summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law").

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant Hersl's Motion for Summary Judgment (ECF No. 92) is GRANTED. A separate Order will follow.

Date: _20 July 2023_

_____
A. David Copperthite
United States Magistrate Judge

13

JA141

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| ERIC RICH, | | * | |
| | | * | |
| | Plaintiff, | * | |
| | | * | |
| vs. | | * | Civil Action No. ADC-20-488 |
| | | * | |
| DANIEL HERSL, | | * | |
| | | * | |
| | Defendant. | * | |
| | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

In accordance with the accompanying Memorandum Opinion, it is this 20th day of July,

2023, by the United States District Court for the District of Maryland, **ORDERED** as follows:

1. Defendant Daniel Hersl's Motion for Summary Judgment (ECF No. 92) is **GRANTED**;
   and

2. The Clerk shall transmit copies of the foregoing Memorandum Opinion and Order to
   counsel of record and **CLOSE** the case.

A. David Copperthite
United States Magistrate Judge

JA142

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JUL 31 2023

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

ERIC RICH,

    vs.   plaintiff,      Civil Action No. ADC-20-488

DANIEL HERSL, et. al.    (1:20-CV-00488-ADC)

NOTICE OF APPEAL TO UNITED STATES COURT OF
APPEALS FOR THE FOURTH CIRCUIT

ERIC RICH, the plaintiff appeals to the United States Court of Appeals for the fourth circuit from the final Judgement of the district court for the district of Maryland, entered in this case on July 20th, 2023 The Judgement dismissed a civil action.

        Dated: July 26, 2023
        Signed: Eric Rich

              ERIC RICH PRO-SE

Declaration of Inmate Filing
I am an inmate confined in an institution, Today July 26, 2023, I am depositing the notice of appeal in this case in the institutions internal mail system. First Class postage is being prepaid either by me or by the institution on my behalf.
I declare under penalty of perjury that the foregoing is true and correct (See 28 USC §1746, 18 USC §1621(

        Dated: July 26, 2023
        Signed: Eric Rich
            ERIC RICH PRO-SE

JA143